IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DD-3483
(Inmate Number)

BRETT T. CULVER
(Name of Plaintiff)

301 MOREA ROAD, FRACKVILLE, PA. 17932
(Address of Plaintiff)

vs.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
T.E. Miknich, Correctional Officer,
Robert D. Shannon, Superintendent,
Carol M. Dotter, Grievance Coordinator,
Linda Chismar, Unit Manager,
Kevin Kane, Hearing Examiner,
John Doe, Property Office Personnel,
All former or current employees at the
State Correctional Institution at Mahanoy,
in their individual capacities,
(Names of Defendants)

1 : CV-01-0904
(Case Number)

COMPLAINT

COPY

TO BE FILED UNDER:  __X__ 42 U.S.C. § 1983-STATE OFFICIALS
                    _____ 28 U.S.C. § 1331-FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   _____

   _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      __X__ Yes _____ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      __X__ Yes _____ No

      If your answer is no, explain why not _____

      _____

   C. Is the grievance process completed?  __X__ Yes _____ No

III. Defendants

Defendant T.E. Miknich is employed as Correctional Officer at SCI Mahanoy.
Defendant Robert D. Shannon is employed as Superintendent at SCI Mahanoy.
Defendant Carol M. Dotter is employed as Grievance Coordinator at SCI Mahanoy.
Defendant Linda Chismar is employed as Unit Manager at SCI Mahanoy.
Defendant Kevin Kane is employed as Hearing Examiner at SCI Mahanoy.
Defendant John Doe is employed as Property Office personnel at SCI Mahanoy.
Defendants in there capacities of duties.

IV. Statement of Claim

1. On 4-13-00 Defendant T.E. Miknich harassed/accosted the Plaintiff with assaultive behavior, threats, and illegal seizure/theft of Plaintiff's legal materials, records, and documents.

2. On 4-13-00 Defendant T.E. Miknich accosted the Plaintiff with harassment and assault of false reports, allegations, and charges to deceptively justify the initial incidents and illegal seizure/theft of Plaintiff's property.

3. On 4-17-00 Defendant T.E. Miknich accosted/assaulted Plaintiff with assaultive behavior, threats, and false reports of allegations and charges in continued acts of aggression and retaliation against the Plaintiff pursuant to previous assaults.

4. On 4-24-00 Defendant T.E. Miknich accosted and assaulted Plaintiff with continued false reports, allegations, and charges pursuant to the retaliatory actions of 4-17-00.

5. On 6-7-00 Defendant T.E. Miknich accosted the Plaintiff with abusive language, threats, and assaultive behavior to instigate an altercation with the Plaintiff, pursuant to previous confrontations and incidents.

6. Defendant T.E. Miknich, in his capacity of duties, has used his position and power of authority to commit acts of corruption, harassment, abuse, and to file false reports/charges against Plaintiff to incur unjust punishments against Plaintiff, cause injury, and degrade, alter, and falsify Plaintiff's confinement record and status. [Authority Abuses/Cruel Unusual Punishment.]

7. Defendant T.E. Miknich has actively obstructed, hindered, and prevented Plaintiff from legal pursuits, relief and remedies.

8. From at least April of 2000 to present, Defendant Robert D. Shannon, pursuant to staff misconduct and abuses against Plaintiff, has failed to render the service and duties entrusted to his authority to the Plaintiff. Defendant Robert D. Shannon has intentionally, deliberately, and knowingly supported and collaborated with offending SCI Mahanoy staff in abuses, false reports/testimonies, acts of corruption, conspiracies against Plaintiff, including the denial of relief, remedies, protection, or fair/impartial Admistrative procedures thereof (sought for the abuses/biases/retaliations suffered). Defendant Robert D. Shannon utilizes his position and abilities to conceal staff corruption and abuses against Plaintiff.

9. Defendant Robert D. Shannon by failure/refusal/neglect of duties, has obstructed, hindered, and prevented Plaintiff from legal pursuits, relief and remedies, and has degraded, altered, and falsified records, reports, and testimonies, which have degraded Plaintiff's record and status.

10. Defendant Carol M. Dotter, from at least December of 1999 to present has and continues to deny Plaintiff the service and duties entrusted to her authority. Defendant Carol M. Dotter has consistently denied this Plaintiff procedural process services for relief, remedies, or resolutions for the abuses Plaintiff suffers by action of offending staff personnel.

11. Defendant Carol M. Dotter through refusal and neglect of duties has obstructed, hindered, and prevented Plaintiff's ability and efforts to seek or establish legal relief/remedies/pursuits thereof, and has falsified and altered records related to reports.

12. Defendant Linda Chismar, from at least April of 2000, has conspired and collaborated with offending SCI Mahanoy staff personnel in retaliatory actions and abuses against Plaintiff, including falsifying/altering records and testimonies to obscure or cover-up Administrative personnel abuses, misconduct, violations, and crimes committed against this Plaintiff.

13. Defendant Linda Chismar has used her position and power of authority to enter false reports and testimonies into record against this Plaintiff, and has unjustly altered/degraded Plaintiff's confinement records and status.

14. Defendant Linda Chismar has conveyed personal Administrative threats to the Plaintiff, and conveyed false statements, testimonies, and responses to DOC authorities and non-Administrative figures that have inquired information about incidents and abuses Plaintiff suffers.

15. Defendant Kevin Kane, since 12-20-99 to present has failed and/or refused to render fair or impartial service of duties. Defendant Kevin Kane has used his position and power of authority to deny Plaintiff any and all fair or impartial hearing, or appeals thereof.

16. Defendant Kevin Kane has subjected Plaintiff to all false reports, allegations, and charges imposed against Plaintiff by offending staff and through Administrative retaliations and false accusations, and has subjected Plaintiff to sanctions and vindictive punishments above and beyond those given other inmates for the same said offences of allegations.

17. Defendant Kevin Kane has collaborated in Administrative corruption and retaliations against Plaintiff, has altered, falsified, and degraded Plaintiff's record and status, and has accosted Plaintiff with unjust, aggrevated punishments for no violations of rules or regulations.

18. Defendant Kevin Kane, has used his position and power of authority to commit acts of abuse against Plaintiff (cruel and unusual punishments), and has propagated staff/Administrative abuses and retaliatory actions against the Plaintiff. Plaintiff has been prevented from legal pursuits, relief, and remedies by said Defendant's actions and abuses.

19. Defendant John Doe will represent any and all official personnel of the SCI Mahanoy Administration that may be alluded to as the responsible party for the property seized from Plaintiff, and/or the party responsible for it's care, storage, whereabouts, or return thereof.

20. All Defendants are cited in their capacity of duties. All Defendants cited have failed to honor and/or preform the service and duty entrusted and charged to them by the Commonwealth of Pennsylvania. All Defendants have participated in acts and abuses of corruption against the Plaintiff, including violations of Constitutional and Amendment rights to be outlined in forthcoming court proceedings.

V. Relief

1. A declaratory judgement that the acts and practices of defendants described herein violate plaintiff's rights under the United States Constitution.

2. A preliminary and permanent injunction which:

    a. Requires defendants T.E. Miknich, Robert D. Shannon, and John Doe to return the legal work/records/documents taken from plaintiff, bear responsibility for obstruction of legal pursuits for the duration of seizure, and render the compensatory/punitive damages suffered thereof.

    b. Requires defendants Robert D. Shannon and Department Of Corrections Director authorities to remove from the plaintiff's files and record any write-ups or other reports concerning the events described herein and any references thereof, and prohibit defendants Robert D Shannon, subordinates thereof, and the Department Of Corrections authorities from permitting any such reports to be placed in plaintiff's files at any future time.

    c. Requires defendants and Department Of Corrections authorities to remove from plaintiff's files and record any reference to the events described herein, reports, evaluations, and recommendations added/cited to plaintiff's file by the Administrative figures of the SCI Mahanoy Administration, and prohibits the Department Of Corrections and it's subordinate members from considering any such references in any way when they fix plaintiff's terms or decide whether plaintiff should be released on parole.

    d. Prohibits defendants, their successors in office, their agents, and all other persons in active concert and participation/affiliation with them, from harassing, threatening, punishing or retaliating in any way against plaintiff because he filed this action or reported abuses thereof.

    e. Requires plaintiff be given immediate and permanent immunity from treatment/authority of the SCI Mahanoy Administration defendants cited.

3. Compensatory damages in the amount of $100,000 to plaintiff Brett T. Culver from the defendants; Department of Corrections, T.E. Miknich, Robert D. Shannon, Kevin Kane, Carol M. Dotter, Linda Chismar, and each of them.

4. Punitive damages of $10,000 to plaintiff Brett T. Culver from defendants T.E. Miknich, Robert D. Shannon, Kevin Kane, Carol M. Dotter, Linda Chismar.

5. Trial by jury on all issues triable by jury.

6. Plaintiff's cost of this suit

7. Such other and further relief as this court may deem just, proper and equitable.

Signed this 15 day of May, 2001.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

5/15/2001
(Date)

_____
(Signature of Plaintiff)