IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER
      Plaintiff,

vs.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
CORRECTIONAL OFFICER T.E. MIKNICH,
Current Employee of the State
Correctional Institution Mahanoy,
      Defendant.

COPY

1 : CV-01-0904

APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brett T. Culver, Plaintiff, and files for this Plaintiff's Application for Temporary Restraining Order complaining of T.E. Miknich, Defendant (with affiliate hostile/retaliatory environment by association), and for cause of action would respectfully show this Court as follows:

I. PARTIES

Plaintif is Brett T. Culver, an individual who resides at the State Correctional Institution at Mahanoy, Schuylkill County, Pennsylvania. Defendant, T.E. Miknich is an individual who is employed at the State Correctional Institution at Mahanoy in Schuylkill County, Pennsylvania, and may be served with Citation at the State Correctional Institution at Mahanoy address (SCI Mahanoy. 301 Morea Road., Frackville, PA. 17932).

II.

On April 13, 2000, Correctional Officer T.E. Miknich harassed and accosted this Plaintiff with abusive language, verbal threats, and the illegal seizure/theft of the Plaintiff's personal legal work/records/documents. The incidents occurred as Plaintiff was in movement from the Institutional Library to the D-B housing unit (about 2:30 PM.). The Defendant was stationed at the Progressive Services Building front desk (second shift), and accosted Plaintiff as he approached the Progressive Services Building front desk for his movement pass.

On the same date of August 13, 2000, after the initial incident, Plaintiff was again accosted and/or assaulted by the Defendant with fraudulent allegations/charges of DC-ADM 801 misconducts. Correctional Officer T.E. Miknich deliberately and intentionally filed malicious false allegations with charges against the Plaintiff by action of abuse of authority and corruption. Defendants actions were deliberate and intentional as to inflict further malicious assaults of harassment, unjust punishments, and to enter on record fraudulent rational (false justifications) for the illegal seizure and theft of the Plaintiff's legal work/records/documents, subsequent to the initial incidents.

On April 17, 2000, Correctional Officer T.E. Miknich again accosted and/or assaulted the Plaintiff with abusive language, threats, assaultive behavior, and more fraudulent accusations and charges of DC-ADM 801 misconducts to further assault, harass, punish, and perpetrate unjust abuses of authority and corruption against this Plaintiff. These were deliberate and intentional acts of malicious retaliation pursuant to the initial incidents of April 13, 2000. Incident (April 17, 2000; about 7:45 PM) took place the very next instance Plaintiff encountered T.E. Miknich pursuant to the initial incident confrontation 4-13-00. Incident occurred as Plaintiff was in movement from D-B housing unit to the Institution Library, where Plaintiff again encountered T.E. Miknich at the Progressive Services Building front desk. Defendant T.E. Miknich intentionally and deliberately utilized false allegations/charges, and his position of authority, to have the Plaintiff placed directly in Disciplinary Confinement without a hearing on said false allegations/charges (4-17-00 to 4-24-00).

On April 24, 2000, Defendant T.E. Miknich again accosted this Plaintiff with fraudulent charges of DC-ADM 801 misconducts by action of authoritative abuses and corruption, to inflict further and continued assaults, unjust punishments, and false misconduct charges. The deliberate and intentional actions of Defendant committed on April 24, 2000, were continued retaliatory actions pursuant to incidents 4-17-00 and the initial incident 4-13-00.

On June 7, 2000, the third consecutive time Plaintiff encountered the Defendant T.E. Miknich (the third consecutive encounter since the initial 4-13-00 incident), Plaintiff was again accosted with abusive language, threats, and humiliating jeering from the Defendant T.E. Miknich, by action of harassment and assaultive behavior to instigate a response or altercation with this Plaintiff. The incident occurred at the Progressive Services Building front desk (about 2:10), as Plaintiff was in movement from the D-B housing unit to the Institution Library.

III.

Plaintiff has made numerous attempts to resolve and or find relief from the situations, circumstances, and incidents suffered by the actions of the Defendant. Plaintiff cannot approach or discuss anything with the Defendant due to his uncontrolled hostile and aggressive/assaultive demeanor and behavior towards this Plaintiff, which is subject matter towards the cause of action in this suit. Plaintiff has actively pursued grievances and reports of incidents, misconduct, violations, abuses and crimes committed against his person to the SCI Mahanoy Administrative Offices and the DOC Administrative Authorities since 4-13-00 to present without result or resolution.

IV.

Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by Defendant herein because Plaintiff continues to suffer unjust abuses, threats, and stalking by Defendant, and other collaborating Administrative Officials within the SCI Mahanoy facility. Department of Corrections procedural grievances or process has been obstructed, denied, and/or responded to with Administrative threats and retaliation against the Plaintiff by the Official authorities of the SCI Mahanoy Administration. Any reports sent by plaintiff to DOC Officials and Agencies at the Administrative Headquarters at Camp Hill, PA. are not accepted or addressed, but instead remanded back to the authority of the offending Officials at SCI Mahanoy for attention (which results in continued Administrative retaliations).

V.

As a result of Defendant's continuing actions, Plaintiff will suffer irreparable damage, harm, injury, and unjust abuses unless the conduct of Defendant is enjoined because there is no Administrative fair/impartial relief, remedy, or procedures thereof attainable for this Plaintiff at the SCI Mahanoy facility. The SCI Mahanoy Administrative Officials have obstructed or denied this Plaintiff any and all protection from exposure to abuses, or any relief, remedies, and process of fair/impartial procedures thereof, pursuant to the incidents reported and suffered.

This is evidenced by the continued retaliatory abuses the Plaintiff suffers by the Defendant and other Administrative Officials within the SCI Mahanoy facility. Also the Plaintiff's documented/recorded efforts to report official misconduct, violations, and crimes (committed against Plaintiff) to SCI Mahanoy Administrative authority, the DOC Administrative Headquarters authorities, and the Frackville State Police (4-13-00 to present). Evidence of four consecutive false Misconduct reports filled against Plaintiff by Defendant T.E. Miknich, the unjust punishments and confinements to Disciplinary Confinement for no violations of rules or regulations by Plaintiff. The Administrative retaliatory acts of documented seizures (and non-return) of Plaintiff's legal materials and personal property. Evidences include documented/recorded Administrative denials of fair/impartial hearing of Appeals to the SCI Mahanoy authority. Documented evidences of SCI Mahanoy Administrative non-compliance with DOC Directives/Policies/Procedures. Administrative direct verbal threats of Administrative retaliation should Plaintiff pursues issues against misconduct/abuses committed by SCI Mahanoy staff.

Extenuating pending Threat to the Plaintiff's safety involves "safe location placement" for the Plaintiff. Information made known to the Plaintiff is that, "should the Plaintiff submit for transfer to another Institution placement, the SCI Mahanoy Administrators (through Camp Hill Administrators) will ensure that the Plaintiff is transferred to the local SCI Frackville facility, where affiliates, friends, and associates of the SCI Mahanoy staff (offenders) will continue such retaliatory abuses and biased treatment against the Plaintiff at the local area transfer placement where the Plaintiff is received.

**Due to the severity and reality of such threats and foreknowledged imminent danger probabilities, Plaintiff must petition this Court to mandate safe transfer placement (relocation) for this Plaintiff, to a location separate and distant from local facility influences/associations/affiliations/contacts between the employees/staff members throughout the local Eastern Pa. area SCI facilities. Plaintiff can only secure safe, fair, and impartial treatment by safe precautionary placement transfer to a Western Pa. Regional Facility location.**

VI.

It is essential that Defendant be restrained from the aforementioned conduct immediately and without notice here of a hearing hereon, because of the severity of the abuses suffered, the irreparable damages suffered, and the critically severe nature of suffered and pending threats (with exposure to additional continued threats) of attacks/abuses by the Defendant and associates within the SCI Mahanoy Administration. Because of the abusive and corrupt actions of the Defendant T.E. Miknich and other collaborating/contributing staff officials, Plaintiff has suffered verbal abuses, threats, assaults, unjust punishments, and degradation of Institutional record. The Plaintiff has suffered extensive undue stress and psychological suffering.

Plaintiff has suffered the seizure/theft/loss of case work, additional legal work/records/documents, has been obstructed from legal pursuits and remedies, and been obstructed from access to Law Library Services and/or movements within the Institution via the threat of abuses by Defendant and other biased staff personnel. Plaintiff has suffered Administrative retaliation by sanctions, suspensions, and the seizures of personal properties pursuant to Plaintiff's reporting staff misconduct/violations/crimes committed against the Plaintiff by T.E. Miknich and other collaborating officials.

To date, Defendant T.E. Miknich continues stalking this Plaintiff, while inciting/influencing other staff officials within the facility to collaborate/participate in retaliatory actions against this Plaintiff. Defendant T.E. Miknich is a danger and threat to the safety and health of this Plaintiff. The Defendant T.E. Miknich is a individual threat to this Plaintiff, and a threat by and through association capacities with SCI Mahanoy Administrative staff personnel.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

(1) That a Temporary Restraining Order be issued restraining Defendant from the aforementioned behavior;

(2) That the Court mandate that the Department of Corrections relocate Plaintiff Brett T. Culver DD-3483, to a West Side of PA. Regional Facility location for safe protective placement (relocation) from further threat and danger thereof concerning retaliations/bias abuses by and through Eastern PA. SCI Administrative personnel/staff affiliations;

(3) That Plaintiff recover all costs and expenses incurred herein;

(4) That Plaintiff have such other and further relief to which he may be entitled, including court costs expended in his behalf.

Dated this 15 day of May, 2001.

Respectfully Submitted,

Brett Culver