IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



BRETT T. CULVER
                    Plaintiff,

vs.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
Vincent Mooney, Security Captain,
Current Employee of the State
Correctional Institution Mahanoy,
                    Defendant.

FILED
SCRANTON
MAY 23 2001
PER _____
      DEPUTY CLERK

1 : CV-01-0904

APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brett T. Culver, Plaintiff, and files this Plaintiff's Application For Temporary Restraining Order complaining of Vincent Mooney, Defendant, and for cause of action would respectfully show this Court as follows:

I. PARTIES

Plaintiff is Brett T. Culver, an individual who resides at the State Correctional Institution at Mahanoy, Schuylkill County, Pennsylvania.   Defendant, Vincent Mooney is an individual who is employed at the State Correctional Institution at Mahanoy in Schuylkill County, Pennsylvania, and may be served with Citation at the State Correctional Institution at Mahanoy address (SCI Mahanoy, 301 Morea Road, Frackville, PA. 17932).

II.

On 9-14-00, Defendant Vincent Mooney (Security Captain), used his position and power of authority to assault and/or accost this Plaintiff with fraudulent claims, charges, and abuses, as retaliatory action against Plaintiff pursuant to retaliatory abuses and threats procured from T.E. Miknich and Robert D. Shannon (Defendants 1 & 2 in this action).

On 9-18-00 Defendant Vincent Mooney again enacted retaliatory actions against this Plaintiff with continued false allegations, claims, false testimonies, and collaborated efforts to accost Plaintiff with unjust aggravated abusive punishments for no violation of rules or regulations.

On 10-13-00 Defendant Vincent Mooney, a <u>Security Official</u> employed by the SCI at Mahanoy, intentionally and deliberately committed <u>security infractions</u> against this Plaintiff to endanger his safety within inmate population at SCI Mahanoy. On said date Defendant committed actions of assault against Plaintiff, and threatened Plaintiff with bodily harm. Defendant committed actions to incite and inflame inmate aggression and violence against this Plaintiff within general inmate population at the SCI Mahanoy facility.

On 12-19-00, at the incident time of retaliatory seizure of Plaintiff's personal property, offending staff personnel who actively seized Plaintiff's property stated that the seizures were: "pay-backs for Vincent Mooney," and "because Plaintiff was suing Captain Mooney."

III.

Plaintiff has made numerous attempts to discuss matters with the appropriate officials and the Defendant. Defendant is considered to be a present threat and danger to the safety of this Plaintiff, which active threat and danger is subject cause of action in this suit.

IV.

Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by the Defendant herein because Plaintiff continues to suffer retaliatory abuses, adverse treatments, the repercussions of Defendant's actions, and the Administrative denial of protective relief/remedies while subjugated and exposed to the authority and treatment of the Defendant and/or offending staff personnel of the SCI Mahanoy Administration.

V.

As a result of Defendant's continuing actions and threat thereof, Plaintiff will suffer irreparable damage, harm and injury unless the conduct of Defendant is enjoined because of the security infractions previously committed against Plaintiff by the Defendant which continue to endanger and compromise the safety of the Plaintiff within the scope of inmate population, and by exposure to the hostile staff of the SCI Mahanoy Administration. The demonstrated malicious conduct, assaultive behavior, and vindictive actions by Defendant Vincent Mooney associated with retaliatory collaborations among and between staff personnel, pursuant to the corrupt misuse of authoritative positions throughout the SCI Mahanoy Administration, and the documented reported evidences thereof constitute a suffered and present critical danger and threat to this Plaintiff (Evidences include Defendant's vast history of related incidents/violations of reports).

Extenuating pending Threat to the Plaintiff's safety involves "safe location placement" for the Plaintiff. Information made known to the Plaintiff is that, "should the Plaintiff submit for transfer to another Institution placement, the SCI Mahanoy Administrators (through Camp Hill Administrators) will ensure that the Plaintiff is transferred to the local SCI Frackville facility, where affiliates, friends, and associates of the SCI Mahanoy staff (offenders) will continue such retaliatory abuses and biased treatment against the Plaintiff at the local area transfer placement where the Plaintiff is received.

**Due to the severity and reality of such threats and foreknowledged imminent danger probabilities, Plaintiff must petition this Court to mandate safe transfer placement (relocation) for this Plaintiff, to a location separate and distant from local facility influences/associations/affiliations/contacts between the employee/staff members throughout the local Eastern Pa. area SCI facilities.   Plaintiff can only secure safe, fair, and impartial treatment by safe precautionary placement transfer to a Western Pa. Regional Facility location.**

VI.

It is essential that Defendant be restrained from the aforementioned conduct immediately and without notice hereof or hearing hereon, because of the severity and nature of the abuses suffered, the irreparable damages suffered, and the continued active threat of the Defendant's actions past/present/future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

(1) That a Temporary Restraining Order be issued restraining Defendant from the aforementioned behavior;

(2) That the Court mandate that the Department Of Corrections relocate Plaintiff Brett T. Culver DD-3483, to a West Side of Pa. Regional Facility location for safe protective placement (relocation) from further threat and danger thereof concerning retaliations/bias abuses by and through Eastern Pa. SCI Administrative personnel/staff affiliations;

(3) That Plaintiff recover all costs and expenses incurred herein;

(4) That Plaintiff have such other and further relief to which he may be entitled, including court costs expended in his behalf.

Respectfully Submitted,

Dated this 15 day of May, 2001

Brett Culver