IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER
                    Plaintiff,

vs.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
Robert D. Shannon, Superintendent,
Current Employee of the State
Correctional Institution Mahanoy,
                    Defendant.

COPY

1:CV-01-0904

FILED
SCRANTON

MAY 2 3 2001

PER _____
   DEPUTY CLERK

APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brett T. Culver, Plaintiff, and files for this Plaintiff's Application for Temporary Restraining Order complaining of Robert D. Shannon, Defendant, and for cause of action would respectfully show this Court as follows:

I. PARTIES

Plaintif is Brett T. Culver, an individual who resides at the State Correctional Institution at Mahanoy, Schuylkill County, Pennsylvania. Defendant, Robert D. Shannon is an individual who is employed at the State Correctional Institution at Mahanoy in Schuylkill County, Pennsylvania, and may be served with Citation at the State Correctional Institution at Mahanoy address (SCI Mahanoy. 301 Morea Road., Frackville, PA. 17932).



## II.

Since April of 2000 to present, Defendant Robert D. Shannon has supported, facilitated, and committed acts of retaliatory abuses/corruption/discriminatory treatment of Plaintiff subjugated under his authority. Defendant Robert D. Shannon has subjected Plaintiff to bias treatment and retaliatory abuses pursuant to this Plaintiff's efforts to report SCI Mahanoy staff misconduct, violations, and crimes through DOC procedures of process. Defendant Robert D. Shannon has used his position of authority to obscure and deny Plaintiff fair or impartial treatment, protection from official abuses, and or relief/resolutions for the issues and abuses suffered by the actions of the SCI Mahanoy offending staff under Defendant's authority.

## III.

Plaintiff and Plaintiff's family have made numerous attempts to discuss these matters with Defendant Robert D. Shannon, and Defendant has, each time, refused to cease and desist said behavior which is the subject of this cause of action in this suit.

## IV.

Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by Defendant herein because Plaintiff continues to suffer retaliatory abuses, adverse treatments, and denial of and/or protective relief/remedies while subjugated to the authority of the Defendant. Defendant continues to suppress, sabotage, and prevent Plaintiff's efforts for relief and or protective remedies from retaliatory abuses by the Defendant and staff under his Administrative authority.

## V.

As a result of Defendant's continuing action, Plaintiff will suffer irreparable damage, harm and injury unless the conduct of Defendant is enjoined because said Defendant has been given all authority over this Plaintiff, and refuses to administer fair and/or impartial treatment to this Plaintiff. Defendant uses this absolute authority to permit, commit, and cover-up the abuses against this Plaintiff by the SCI Mahanoy Administrative officials, and to deny responsibilities thereof for said actions/abuses while preventing fair/impartial procedures for relief and or remedies.

Extenuating pending Threat to the Plaintiff's safety involves "safe location placement" for the Plaintiff. Information made known to the Plaintiff is that, "should the Plaintiff submit for transfer to another Institution placement, the SCI Mahanoy Administrators (through Camp Hill Administrators) will ensure that the Plaintiff is transferred to the <u>local</u> SCI Frackville facility, where affiliates, friends, and associates of the SCI Mahanoy staff (offenders) will continue such retaliatory abuses and biased treatment against the Plaintiff at the <u>local area</u> transfer placement where the Plaintiff is received.

Due to the severity and reality of such threats and foreknowledged imminent danger probabilities, Plaintiff must petition this Court to mandate safe transfer placement (relocation) for this Plaintiff, to a location separate and distant from local facility influences/associations/affiliations/contacts between the employees/staff members throughout the local Eastern Pa. area SCI facilities. Plaintiff can only secure safe, fair, and impartial treatment by safe precautionary placement transfer to a Western Pa. Regional Facility location.

VI.

It is essential that Defendant be restrained from the aforementioned conduct immediately and without notice hereof or hearing hereon, because of the severity of the abuses suffered, the irreparable damages suffered, the Defendants continued toleration (allowance) and action of abuses against this Plaintiff's person, and personal property. This includes the critically severe nature of suffered and pending threats, with the present and continued exposure to additional threats, abuses, and bias treatment. This Plaintiff has suffered extensive undue stress, psychological harm and suffering, abuses, assaults, loss of legal materials and personal property by and through the authority and action of the Defendant, and collaborating staff personnel under the Defendants authority. Defendant continues with non-compliance with DOC Directives/Policies/Procedures. And Plaintiff is presently subject to verbal threats by the Defendant, while being denied and prevented from fair or impartial Administrative procedural remedies for relief and or protection from abusive treatment thereof. Defendant has intentionally and deliberately entered into record fraudulent testimonies, rational, and evidences to obscure abuses against Plaintiff by SCI Mahanoy staff officials, and to degrade Plaintiff's confinement records in form of retaliatory Administrative action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

(1)   That a Temporary Restraining Order be issued restraining Defendant from the aforementioned behavior;

(2)   That the Court mandate that the Department of Corrections relocate Plaintiff Brett T. Culver DD-3483, to a West Side of PA. Regional Facility location for safe protective placement (relocation) from further threat and danger thereof concerning retaliations/bias abuses by and through Eastern PA. SCI Administrative personnel/staff affiliations;

(3)   That Plaintiff recover all costs and expenses incurred herein;

(4)   That Plaintiff have such other and further relief to which he may be entitled, including court costs expended in his behalf.

Dated this 15 day of May, 2001.

Respectfully Submitted,

Brett Culver