IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER
                    Plaintiff,    **ORIGINAL**                    AFFIDAVIT

            v.                                     Case No.  1:01-cv-00904

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
T.E. Miknich, Correctional Officer,               **FILED**
Robert D. Shannon, Superintendent,                **HARRISBURG**
Carol M. Dotter, Grievance Coordinator,
Linda Chismar, Unit Manager,                      JUN 13 2001
Kevin Kane, Hearing Examiner,
John Doe, Property Office Personnel,              MARY E. D'ANDREA, CLERK
All former or current employees at the           Per _____
State Correctional Institution at Mahanoy              DEPUTY CLERK
in their individual capacities,
                    Defendants.

On June 4, 2001 continued action of retaliation and adverse treatment by SCI Mahanoy officials was imposed against plaintiff to aggravate his suffered condition and situation.   Plaintiff Brett T. Culver was removed from D-B unit **medical** single cell status, placed in a hostile situation on a high security unit I-B, and double celled with a smoking inmate.

SCI Mahanoy Administrators are fully aware that plaintiff has suffered psychological conditions for the past 10 years, that plaintiff was sentenced to the present prison term because of psychological conditions, and that this inmate was received at SCI Mahanoy suffering traumatic psychological complications from an inmate stabbing assault.   The SCI Mahanoy officials "have and "continue to administer adverse treatment and abuses to aggravate the conditions this plaintiff suffers, and have refused adequate attention, therapy, and medical treatment for the conditions plaintiff suffers.   Also, the Administrative officials at SCI Mahanoy are fully informed and aware that the plaintiff **is not a smoker** (documented in record file), and not a high security inmate.

The actions taken by the Administrative officials on 6-4-01 are entirely retaliatory in form to aggravate and induce stress to this plaintiff (pursuant to the continuous ongoing retaliatory abuses).   "Unless of course it can be proven that such procedures are effective and productive means of treatment for inmates who suffer psychological conditions and stress related complications.

The SCI Mahanoy staff have been entrusted with the duties of providing this plaintiff adequate treatment, and are **supposedly** aware of this plaintiff's conditions, as they are **supposedly** qualified to provide professional treatment and care for this plaintiff's suffered conditions.   It is therefore obvious that the adverse abusive actions this plaintiff has been continuously subjected to is beyond incompetence, but rather continued intentional and deliberate retaliatory mistreatment and abuse perpetrated against this plaintiff by the SCI Mahanoy officials "via plaintiff's efforts to seek relief from prior staff abuses ie. reports.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this   7   day of   June   , 2001.

                                        Signature,  _Brett Culver_

cc: U.S. District Court, Harrisburg.
    D.O.C. Office Of Professional Responsibility.

BRETT CULVER DD-3483
301 MOREA ROAD
FRACKVILLE, PA.17932


June 8, 2001


Dear Clerk of Courts.

Please submit this Affidavit to the record for Case No. 1:01-cv-00904.

Also, I would like to know <u>when</u> the defendants were served with the complaint, and <u>what the time limitations are</u> for the defendants to respond.   To my knowledge, I think I'm supposed to submit a BRIEF with case law citation and argument once the defendants submit their response to the Complaint.   "Is that correct?"


*Affidavit:*
*SCI Mahanoy Retaliation*
*incident 6-4-01, Filed*
*on or executed 6-7-01.*


Sincerely,

Brett Culver