ORIGINAL

*new parties added*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(13)
7/3/01

| | | |
|---|---|---|
| BRETT T. CULVER | : | |
|                  Plaintiff, | : | AMENDED COMPLAINT |
| | : | |
| v. | : | Case No. 1:01-cv-00904 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF CORRECTIONS; | : | |
| Martin F. Horn, Secretary, | : | |
| Jeffrey A. Beard, Secretary, | : | |
| T.E. Miknich, Correctional Officer, | : | |
| Robert D. Shannon, Superintendent, | : | |
| Carol M. Dotter, Grievance Coordinator, | : | |
| Linda Chismar, Unit Manager, | : | |
| Vincent Mooney, Captain of Security, | : | |
| Kevin Kane, Hearing Examiner, | : | |
| John Doe, Property Office Personnel, | : | |
| All former or current employees of the | : | |
| Department of Corrections, and/or the | : | |
| State Correctional Institution at Mahanoy | : | |
| in their individual capacities, | : | |
| (Names of Defendants) | : | |

FILED
HARRISBURG, PA
JUL 2 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

I. JURISDICTION

1. This is a Amendment to Complaint (Case No. 1:01-cv-00904) for the civil action authorized by 42 U.S.C. sec. 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has the jurisdiction under the laws of the United States.

II. PLAINTIFF

2. Plaintiff Brett T. Culver is and was at all times mentioned herein a prisoner of the state of Pennsylvania in the custody of the Pennsylvania Department of Corrections. Plaintiff is currently confined in the State Correctional Institution at Mahanoy, Frackville, Pennsylvania.

## III. DEFENDANTS

Defendant T.E. Miknich is employed as Correctional Officer at SCI Mahanoy.

Defendant Robert D. Shannon is employed as Superintendent at SCI Mahanoy.

Defendant Carol M. Dotter is employed as Grievance Coordinator at SCI Mahanoy

Defendant Linda Chismar is employed as Unit Manager at SCI Mahanoy.

Defendant Kevin Kane is employed as Hearing Examiner at SCI Mahanoy.

Defendant Vincent Mooney is employed as Captain os Security at SCI Mahanoy.

Defendant John Doe is employed as Property Office personnel at SCI Mahanoy.

Defendant Martin F. Horn was employed as former Secretary of the Pennsylvania Department of Corrections.

Defendant Jeffrey A. Beard is employed as current Secretary of the Pennsylvania Department of Corrections.

All defendants' in their individual capacities, acting under color of state law.

## IV. STATEMENT OF CLAIM

1. On 4-13-00 Defendant T.E. Miknich harassed/accosted the plaintiff with assaultive behavior, threats, and the illegal seizure/theft of plaintiffs' legal materials/documents/records. [See Exhibit A]

2. On 4-13-00 Defendant T.E. Miknich accosted plaintiff with harassment and assault of false allegations and false misconduct reports/charges, and conspired to falsely justify the initial incidents and illegal seizure/theft of plaintiffs' legal materials/documents/records property with said false allegations, reports, and charges against plaintiff (documented).

3. On 4-17-00 Defendant T.E. Miknich accosted/assaulted plaintiff with assaultive behavior, threats, and false allegations of misconduct reports and charges in continued attacks of retaliatory actions against the plaintiff pursuant to previous assaults.

4. On 4-24-00 Defendant T.E. Miknich accosted and assaulted plaintiff with continued attacks of false allegations of misconduct reports and charges pursuant to the retaliatory actions of 4-17-00.

5. On 6-7-00 Defendant T.E. Miknich accosted the plaintiff with abusive language, threats, and assaultive behavior to instigate an altercation with the plaintiff, pursuant to previous attacks, confrontations, and incidents.

6. Defendant T.E. Miknich, in his capacity of duties, and acting under color of state, has used his position and power of authority to commit acts of corruption, harassment, abuse, and to intentionally/deliberately file false reports/charges/testimonies against plaintiff, to cause injury, incur unjust punishments, and to alter/degrade/falsify plaintiffs' confinement record and status. [See Exhibit B] Defendant T.E. Miknich illegally seized plaintiffs' legal materials/documents/records, and has actively therein obstructed, hindered, and prevented plaintiff from legal pursuits, reliefs, and remedies.

7. Defendant T.E. Miknich has violated the 14th. Amendments "Due Process Clause and Equal Protection Clause," and has violated the plaintiffs' 1st., 4th., and 8 th. Amendment rights through unjust abuses and seizures committed against plaintiff Brett T. Culver.

8. From at least April of 2000 (to present) defendant Robert D. Shannon, pursuant to incidents of staff misconduct and abuses against plaintiff, has failed and refused to render/preform services and duties entrusted to his authority, fairly, impartially, and justly towards the plaintiff. Defendant Robert D. Shannon has intentionally, deliberately, and knowingly supported and collaborated with offending SCI Mahanoy staff in abuses, false reports/testimonies, acts of corruption, conspiracies, and retaliatory actions against plaintiff. Defendant Robert D. Shannon utilizes his position and authority to conceal staff corruption and abuses committed against plaintiff, and has collaborated in the obstruction, hindering, and prevention of legal pursuits, relief, and remedies. [See Exhibit C]

9. Defendant Robert D. Shannon has committed violations of the plaintiffs' 1st., 4th., 8th., and 14th. Amendment rights, and as the overall director of "operations and inmate treatment" at SCI Mahanoy, defendant Shannon has failed to administer/provide adequate care and treatment for plaintiff Culver's health complications/conditions suffered and aggravated while subjugated to the defendants' Administrative care, which also violates plaintiffs' 8th. Amendment rights.

10. Defendant Carol M. Dotter, from at least December of 1999 (to present) has and continues to deny plaintiff the services and duties entrusted to her authority. Defendant Carol M. Dotter has consistently denied this plaintiff procedural process services for relief, remedies, and resolutions to the abuses plaintiff suffers by actions/adverse treatment of offending staff personnel (documented). Defendant Carol M. Dotter through refusal and neglect of duties has obstructed, hindered, and prevented plaintiffs' ability and efforts to seek or establish legal relief/remedies/pursuits thereof.

11. Defendant Carol M. Dotter has collaborated in the illegal seizure and non-return of plaintiffs' legal materials/documents/records including the non-return of other personal property seized by Administrative retaliatory actions. [See Exhibit D] (D,1 + D,2) Plaintiffs' legal pursuits/reliefs/remedies have been lost due to the illegal seizure and with-holding of case documents/records the plaintiffs' legal pursuits relied upon.

12. Defendant Carol M. Dotter has utilized her position and authority to protect and shield SCI Mahanoy staff from bearing responsibility for their actions and abuses committed against the plaintiff.

13. Defendant Carol M. Dotter has committed violations of the plaintiffs' 1st., 4th., 8th., and 14th. Amendment rights.

14. Defendant Linda Chismar, from at least April of 2000, has conspired/collaborated with offending staff of the SCI Mahanoy Administration, in retaliatory actions/abuses against plaintiff, including falsifying and altering records, and giving false testimonies to obscure/cover-up Administrative staff offences against plaintiff. Defendant Linda Chismar has used her position and authority to falsify reports and testimonies (documented), convey Administrative threats to plaintiff, and to intentionally/deliberately alter and degraded plaintiffs' confinement record and status to incur injury to plaintiff.

15. Defendant Linda Chismar has committed violations of the plaintiffs' 14th. and 8th. Amendment rights.

16. Defendant Kevin Kane, from 12-20-99 (to present) has failed and refused to render services and duties entrusted to his authority, fairly, impartially, and justly towards plaintiff. Defendant Kevin Kane has used his position and authority to deny any and all fair/impartial hearing, or appeals thereof, and has collaborated/facilitated/propagated staff misconduct, abuses, false charges, and unjust punishments against plaintiff. Defendant Kevin Kane has subjected plaintiff to punishments above and beyond those given other inmates for the same said offences of allegation (documented), and has intentionally and deliberately collaborated in Administrative retaliatory actions and corruption against plaintiff, has altered/falsified/degraded plaintiffs' record and status, has accosted plaintiff with abusive behavior/degrading verbal abuse, and has accosted plaintiff with aggravated punishments for no violations of rules or regulations.

17. For the time duration plaintiff has been subjugated to the defendants' authority of services and duties, defendant Kevin Kane has violated the plaintiffs' 1st., 8th., and 14th. Amendment rights.

18. On 9-11-00 defendant Vincent Mooney used his position and authority to intentionally and deliberately accost plaintiff with retaliatory assaults of false claims/allegations/charges to inflict unjust abuses and punishments against plaintiff directly related and pursuant to retaliatory abuses procured from defendants' T.E. Miknich, and Robert D. Shannon (documented).

19. On 9-18-00 defendant Vincent Mooney accosted plaintiff with retaliatory abuses and punishments by false allegations and charges, and collaborated efforts with defendants' Robert D. Shannon and Kevin Kane to accost plaintiff with unjust aggravated punishments for no violation of rules or regulations by plaintiff, and made false testimonies (of record and documented) to procure unjust punishments on false allegations and charges against plaintiff (90 day Disciplinary Confinement RHU).

20. On 10-13-00 defendant Vincent Mooney, a <u>Security Official</u> at SCI Mahanoy, intentionally and deliberately committed <u>security infractions</u> against plaintiff by endangering plaintiffs' safety within inmate population at the SCI Mahanoy facility. On said date defendant assaulted plaintiff by threatening plaintiff with bodily harm. Defendant Vincent Mooney utilized inmate population as a weapon against plaintiff by yelling slanderous inflamatory statements to a general inmate population audience, to intentionally incite inmate aggression and violence against plaintiff within inmate population at the SCI Mahanoy facility. [See Exhibits E and F]

21. Defendant Vincent Mooney has committed violations of the plaintiffs' 8th. and 14th. Amendment rights.

22. Defendant John Doe will represent any and all official personnel of the SCI Mahanoy Administration that may be alluded to as the responsible party for the property seized from plaintiff, and/or the party responsible for it's care, storage, whereabouts, or return thereof. Defendant Robert D. Shannon, being the SCI Mahanoy Administrative director over defendant Doe, will procure the responsibility subsequent of defendant John Doe in this suit.

23. Defendant Martin F. Horn is former Secretary of the Department of Corrections of the state of Pennsylvania. He is legally responsible for the overall operations of the Department and each Institution under it's jurisdiction, including the State Correctional Institution at Mahanoy, during the time period plaintiff suffered the incidents outlined in this complaint.

24. Defendant Martin F. Horn has neglected/failed to preform duties or direct officials under his authority to preform the official services and duties entrusted to their responsibility.

25. Defendant Martin F. Horn is responsible for the incidents and situations plaintiff suffered/suffers via actions and adverse treatment by Administrative figures at the State Correctional Institutions at Rockview and Mahanoy (1999 till replacement by Secretary J. A. Beard), and is responsible for violations of the 1st., 4th., 8th., and 14th. Amendment rights of plaintiff Brett T. Culver.

26. Defendant Martin F. Horn neglected/failed to take appropriate action pursuant to notification of reports, and neglected/failed to render/preform services and duties due his position, and that of officials under his direction and command. Defendants failure/neglect of duties/services has resulted and allowed actions/incidents/abuses to be perpetrated against this plaintiff by the Administrative officials under the defendants overall authority/responsibility/direction. Defendant Martin F. Horn is therefore responsible for violations of the plaintiffs' 1st., 4th., 8th., and 14th. Amendment rights.

V. RELIEF

1. A declaratory judgement that the acts and practices of defendants' described herein violate plaintiffs' rights under the United States Constitution.

2. A preliminary and permanent injunction which:

   a. Requires defendants' T.E. Miknich, Robert D. Shannon, and John Doe to return the legal materials/records/documents seized from plaintiff, and be held accountable for the obstruction of legal pursuits lost and hindered pursuant to the seizure of the necessary documents/records legal pursuits depended on, and render the compensatory/punitive damages suffered thereof.

   b. Requires defendants' Robert D. Shannon and Department of Corrections authorities to remove from the plaintiff's files and record any write-ups, supplements, or other reports concerning the events described herein and any references thereof, and prohibit defendants' Robert D. Shannon, subordinates thereof, and the Department of Corrections authorities from permitting any such reports to be placed in plaintiff's files at any future time.

   c. Requires defendants' and Department of Corrections authorities to remove from plaintiff's files and record any references to the events described herein, reports, evaluations, recommendations added/cited to plaintiff's file by the Administrative figures of the SCI Mahanoy Administration, and prohibits the Department of Corrections and it's subordinate members from considering any such references in any way when they fix plaintiff's terms or decide whether plaintiff should be released on parole.

   d. Prohibits defendants, their successors in office, their agents, and all other persons in active concert and participation/affiliation with them, from harassing, threatening, punishing or retaliating in any way against plaintiff because he filed this action or reported abuses thereof.

   e. Requires plaintiff be given immediate and permanent immunity from the treatment/authority of the SCI Mahanoy defendants' cited.

3. Compensatory damages in the amount of $164,000. to plaintiff Brett T. Culver from the defendants'; Martin F. Horn, Jeffrey A. Beard, T.E. Miknich, Robert D. Shannon, Kevin Kane, Carol M. Dotter, Linda Chismar, Vincent Mooney, and each of them.

4. Punitive damages of $10,000. to plaintiff Brett T. Culver from defendants'; T.E. Miknich, Robert D. Shannon, Kevin Kane, Carol M. Dotter, Vincent Mooney, Linda Chismar.

5. Trial by jury on all issues triable by jury.

6. Plaintiff's cost of this suit.

7. Such other and future relief as this court may deem just, proper and equitable.

Signed this 28 day of June, 2001

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

6-28-01
(Date)

_____
(Signature of Plaintiff)