*See Attachment*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,                    :
                                    :
            Plaintiff               :     CIVIL NO. 1:CV-01-0904
                                    :
      v.                            :     (Judge Kane)
                                    :
COMMONWEALTH OF PENNSYLVANIA,       :
et al.,                             :
                                    :
            Defendants              :

                            ORDER

**FILED**
**HARRISBURG**

JUL 2 4 2001

MARY E. D'ANDREA, CLERK
Per_____
            DEPUTY CLERK

## Background

Brett T. Culver, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, ("SCI-Mahanoy"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. Named as defendants are the following SCI-Mahanoy employees: T.E. Miknich, Correctional Officer; Robert D. Shannon, Superintendent; Carol M. Dotter, Grievance Coordinator; Linda Chismar, Unit Manager; Kevin Kane, Hearing Examiner; John Doe, Property Office personnel and the Commonwealth of Pennsylvania, Department of Corrections.

Plaintiff sets forth six (6) separate allegations against defendant Miknich; two (2) allegations against defendant Shannon; two (2) allegations against defendant Dotter; three (3) allegations

against defendant Chismar; four (4) allegations against defendant Kane; and one (1) against defendant John Doe.  For relief, Plaintiff seeks injunctive relief as well as compensatory and punitive damages. (Doc. No. 1, complaint).

**Discussion**

Prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law, prisoners are required to exhaust available administrative remedies.

In regard to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System.  DC-ADM 804 (effective January 1, 2001). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in

2

writing to the Facility Manager; and a final written appeal may be presented to the Secretary's Office of Inmate Grievances and Appeals.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998.) Further, the amendment requires that the [g]rievances must be submitted for initial review to the Facility/Regional grievance Coordinator within fifteen (15) days after the events upon which the claims are based," but allows for extensions of time for good cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

The instant suit concerns prison conditions. On the question of administrative exhaustion, Plaintiff states that there is a grievance procedure available at his institution and that he filed a grievance concerning the facts relating to this complaint. However, Plaintiff fails to indicate whether the grievance process is complete with respect to all the separate allegations contained within his complaint. (Doc. No. 1). Based on this response, the Court is unable to conclude that Culver has exhausted his administrative remedies with respect to all claims raised. Accordingly, within ten (10) days of the date of this order, Culver must demonstrate to the Court that he

3

has exhausted his administrative remedies with respect to all the separate allegations set forth in his complaint.  In so doing, he should specify exactly what administrative steps he has taken and on what date, as well as specifically state the result reached and the date of that result.  Culver is forewarned that his failure to timely comply with this order or his failure to demonstrate exhaustion will result in this case being dismissed without prejudice for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  <u>See</u> <u>Pew v. Imschweiler, et al.</u>, Civil Action No. 96-0760 (M.D. Pa. September 12, 1996) (Kosik, J.);  <u>Johnson v. Gillis</u>, <u>et al.</u>, Civil Action No. 96-1569 (M.D. Pa. August 29, 1996) (Conaboy, J.); <u>Lubawski</u> <u>v. Horn, et al.</u>, Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.); <u>Smith v. Giza</u>, Civil Action No. 96-1167 (M.D. Pa. July 2, 1996) (Rambo, C.J.); <u>Brooks v. Superintendent Lunk of Div. 10, et</u> <u>al.</u>, No. 96C3221, 1996 WL 308268 (N.D. Ill. June 5, 1996).

NOW, THEREFORE, THIS  *24th* DAY OF *July,* 2001, IT IS HEREBY ORDERED THAT:

1.  Within ten (10) days of the date of this order, Culver must demonstrate to the court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint.  He should specify exactly what administrative steps he has taken and on what date, as well as specifically state the result reached and the date of the result.

4

2.   Culver's failure to timely comply with this order or his failure to demonstrate exhaustion will result in the dismissal of this case pursuant to 42 U.S.C. § 1997e(a).

YVETTE KANE
United States District Judge

7/24/01

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 24, 2001

Re:  1:01-cv-00904    Culver v. Commonwealth of Penn

True and correct copies of the attached were mailed by the clerk
to the following:

        Brett T. Culver
        SCI-MAHANOY
        DD-3483
        Mahanoy State Correctional Inst.
        301 Morea Rd.
        Frackville, PA  17931

```
cc:
Judge                      (✓ )        (✓ ) Pro Se Law Clerk
Magistrate Judge           (  )        (  ) INS
U.S. Marshal               (  )        (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                               U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                               to: US Atty Gen   (  )  PA Atty Gen (  )
                                   DA of County  (  )  Respondents (  )

Bankruptcy Court           (  )
Other_____      (  )
```

                                        MARY E. D'ANDREA, Clerk

DATE: _____ 7/24/01 _____          BY: _____ ASM _____
                                        Deputy Clerk