IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDGE'S COPY

BRETT T. CULVER,

          Plaintiff

      v.

COMMONWEALTH OF PENNSYLVANIA,
et al.,

          Defendants

CIVIL NO.  1:-cv-01-00904

(Judge Kane)

FILED
HARRISBURG

AUG 0 3 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

RESPONSE TO COURT ORDER DATED 07-24-01

Plaintiff refers to the Complaint (Amended Complaint) Case No. 1:01-cv-00904 which in substantial part verifies by testimony and record that plaintiff sought relief/resolution to all issues, but in whole was obstructed/hindered/denied relief, resolutions and procedural process by the defendants who have utilized their authority of office to obstruct/hinder/deny all such procedural process through their chain of command. Plaintiff has consistently pursued procedural process of all issues (all inter-relating) through DOC Procedures "while suffering retaliatory and staff abuses (pursuant to reporting incidents and issues), ultimately to the point of being placed in RHU on numerous occasions pursuant to procedure efforts, and while detained in RHU plaintiff was not permitted materials/records needed to pursue relief procedures. At this stage plaintiff tried to file reports/grievances on the suffered/suffering abuses, and was denied any and all procedural process by Superintendent R. Shannon who interjected for the record that plaintiff abused the DC-ADM-804 procedures, which the record documentation will overwhelmingly show consisted of plaintiffs genuine efforts to report incidents/issues of Administrative responsibility/accountability.

These issues are a substantial part of the claims in this Action. Plaintiff has out-lined these claims in the Complaint, and finds it unorthodox that he should be petitioned to litigate a major part of the Complaint prior to any Court proceedings in this Case.

Case 1:01-cv-00904-TFK-KH   Document 17   Filed 08/03/2001   Page 2 of 22

I.

12-01-99 Plaintiff was transferred to SCI Mahanoy. During that month the SCI Mahanoy Administrative officials gave confidential sensitive information and security reports into general inmate population, which has endangered plaintiffs' safety within the facility since that time, and caused numerous confrontations relative to incidents and assailants of the SCI Rockview inmate stabbing assault on this plaintiff (On or about 12-9-99 plaintiff was confronted by another inmate at SCI Mahanoy who was receiving security documents on this plaintiff through the Administrators). On or about 12-13-99 upon finding out such information and security reports were being released into inmate population by the Administrative officials, Plaintiff contacted the D-B Counselor (Mr. Kulp) about the issue, and also informed the Unit Manager Linda Chismar. Plaintiff immediately asked the Block officer Mr. Heffron to contact the appropriate officials to cease releasing the security documents and personal letters into population.

12-13-99 Plaintiff submitted documentation of Security Breaches to a Sally Gennareni, who responded on about 12-15-99 denying any infraction had occured.

12-20-99 Plaintiff submitted grievance to Grievance Coordinator Carol Dotter on issues of Security Breaches. Grievance Coordinator never responded to Grievance.

1-4-00 Plaintiff submitted re-write grievance to Grievance Coordinator Carol Dotter on Security Breaches, and adverse treatment issues.

1-6-00 Grievance Coordinator returned grievance without acknowledgement.

2-10-00 Plaintiff submitted grievance re-write to Grievance Coordinator Carol Dotter on Security Breaches, inadequate medical treatments (inter-related).

3-9-00 Grievance Coordinator Carol Dotter returned grievance on the pretense of improperly filed.

3-10-00 Plaintiff's family contacted the SCI Mahanoy Superintendent direct by letter concerning the Security Breaches and desperate efforts to establish relief.

3-20-00 SCI Mahanoy responds to Plaintiff's family (by letter) explaining that all is fine and dandy.

ON OR ABOUT THIS TIME FRAME, FAMILY MEMBERS ACKNOWLEDGING THAT OFFICIAL RESPONSES TO THEM DO NOT RING TRUE, MAKE PHONE CALLS TO THE ADMINISTRATIVE FIGURES AT SCI MAHANOY. LETTERS ARE ALSO SENT TO DOC AUTHORITIES MARTIN HORN, AND THE OFFICE OF PROFESSIONAL RESPONSIBILITY, EXPLAINING THE SECURITY INFRACTION ISSUES, ADVERSE TREATMENTS, AND THIS PLAINTIFFS'' EFFORTS TO ESTABLISH RELIEF.

4-13-00 Plaintiff renews efforts to file grievance on Security Breaches/adverse treatment/confrontations to Grievance Coordinator Carol Dotter.

On or about 4-17-00 Grievance Coordinator returned the grievance stating that it was filed incorrectly.

5-4-00 The same exact grievance returned as incorrectly filed (4-17-00) was re-submitted and entered as MAH-0218-00.

5-24-00 Grievance Officer Sally Gennareni responded to MAH-0218-00 saying that she doesn't understand, she doesn't remember being contacted by this plaintiff on prior occasions, and that she cannot answer the grievance properly at that time. The Grievance Officer refused to comply with procedural process of entering a INITIAL DECISION, and thus intentionally committed MAH-0218-00 to a procedural void with no resolution or decision to appeal. "PROCESS WAS DENIED!" [Consistent obstruction of process against this plaintiff on all issues of report/grievance 12-13-99 to this point of 5-24-00.]

6-10-00 ALL efforts to process issues through SCI Mahanoy officials being denied, obstructed, sabotaged, and prevented, this plaintiff submitted the issues of Grievance to DOC Camp Hill officials (as to SCI Mahanoy Grievance Officers' complete failure to comply with DOC process procedures).

DURING THIS TIME PLAINTIFF WAS SUBJECTED TO RELATIVE ADMINISTRATIVE RETALIATORY ACTIONS AND SUBJECTED TO RHU PUNISHMENTS ON NO VIOLATION OF RULES OR REGULATIONS. RECORD DOCUMENTS/LEGAL WORK WERE WITH-HELD AND ACCESS WAS DENIED THIS PLAINTIFF BY SCI MAHANOY ADMINISTRATORS.

6-27-00 Camp Hill official Robert Bitner responds that MAH-0218-00 never received a Superintendent level response, but Robert Bitner also failed to acknowledge in his response that MAH-0218-00 had never received any decision of process at any level to enable this plaintiff to appeal a decision, as SCI Mahanoy officials refuse to comply with or render process of ALL issues for over six months subsequent to plaintiffs' efforts to process through the DC-ADM-804 procedures. When this plaintiff received Robert Bitner's response, plaintiff was suffering Administrative retaliation abuses by unjust confinements to RHU relative to the issues of report and other reported staff abuses. This plaintiff had absolutely no access to personal records so as to identify what issues MAH-0218-00 related too, all efforts to access personal records were denied by the SCI Mahanoy officials (for that very purpose), and plaintiff was prevented from being able to make any response on MAH-0218-00 until records could be accessed.

7-12-00 This plaintiff filed a response to the Superintendent level, that this plaintiff did not know the issues of MAH-0218-00 of reference to the response by Robert Bitner, and informed the Superintendent R. Shannon that plaintiff could not know or respond to MAH-0218-00 until personal records could be accessed.

7-14-00 Superintendent R. Shannon responds to Grievance MAH-0218-00 referred to his office by Robert Bitner, saying that it was the plaintiff that refuses to follow procedure. Superintendent R. Shannon also stated in the response that he included a copy of the original grievance for this plaintiffs' review, when in fact, there was no grievance included with that response (which this plaintiff firmly believes was intentional for the record when time limitations expired with plaintiffs' inability to respond). The fact remains on record that it is the SCI Mahanoy officials that refuse to comply with proces procedures on the issues for over <u>six months</u>.

7-20-00 Plaintiff reconfirms to Superintendent R. Shannon of not having knowledge or documentation on the issues of MAH-0218-00 due to denial of personal records, and confirms the SCI Mahanoy denial of process on all issues, and the record cover-up responses of the Administrators accusations stating that <u>the plaintiff</u> refuses to comply with procedures.

<u>7-24-00</u> Superintendent R. Shannon responds accusing plaintiff of being vague with issues, and being non-compliant with procedures. Superintendent R. Shannon then implies that "he has no knowledge of the issues, and therefore <u>SUPERINTENDENT DENIES MAH-0218-00</u> (which still remained without any investigation decision by the SCI Mahanoy officials).

8-2-00 Plaintiff submits verification documentation to all authorities (SCI Mahanoy, Camp Hill, Legal Agency) that SCI Mahanoy officials have consistently denied/obstructed all efforts of process to issues of grievance MAH-0218-00, and have falsified record responses to cover-up/obscure the obstruction and denial of DC-ADM-804 process by the SCI Mahanoy officials. [See EXHIBIT I-A]

8-7-00 Plaintiff submits documentation to all authorities (SCI Mahanoy/Camp Hill/Legal Agency) verifying SCI Mahanoy officials obstruction and prevention of DC-ADM-804 (or any) process by manipulation and falsification of official record responses by SCI Mahanoy officials. [See EXHIBIT I-B]

8-31-00 Chief Hearing Examiner Robert Bitner collaborates efforts with the SCI Mahanoy officials and the fraudulent record responses/claims, and <u>dismissed</u> MAH-0218-00 (Grievance MAH-0218-00 never received any initial decision, nor received any fair/impartial/competent <u>investigation of issues</u>).

<u>SCI MAHANOY ADMINISTRATIVE DENIAL OF PROCEDURES FOR SUCCESSFUL PROCESS OF MAH-0218-00.</u>

Plaintiff has copy documentation on all attempted Grievances of issues, and has <u>overwhelming</u> evidence/documentation that plaintiff filed <u>properly</u> on foregoing issues. The evidence and record documentation will <u>overwhelmingly</u> show that this plaintiff was denied and obstructed any and all fair or impartial process of DC-ADM-804 procedure by the SCI Mahanoy officials, and Chief Hearing Examiner Robert Bitner.

ILLEGAL SEIZURE OF LEGAL WORK/RECORDS/DOCUMENTS.

II.

4-13-00 **Plaintiff submits grievance** to defendant Carol Dotter on illegally seized personal legal work/records/documents by defendant T.E. Miknich.

4-14-00 Grievance Coordinator Carol Dotter returns grievance without acceptance contending issues will not be addressed.

4-14-00 Plaintiff submits notification of legal violations for the illegal seizure of personal legal work/records/documents to the Superintendents authority, and defendant Robert Shannon responds telling plaintiff to contact the Property Room (superintendents' response dated 4-17-00). No response received on request to Property Office.

4-15-00 **Plaintiff submits re-write of grievance** to defendant Carol Dotter on illegal seizure of personal legal work/records/documents.

4-16-00 Grievance Coordinator Carol Dotter enters grievance MAH-0217-00, but returns grievance on grounds that plaintiff needs to contact a Zone Lieutenant about issues.

4-17-00 Plaintiff responds to Grievance Coordinator that contacting a Zone Officer does not negate the illegal seizure or violations of Constitutional Rights.

4-17-00 Plaintiff submits a request to Zone Officer of said incident time and date. Request was never returned or responded to.

4-18-00 Grievance Coordinator returns grievance MAH-0217-00 again stating that plaintiff must contact the Zone Officer, and that this must be done within 15 days.

4-21-00 **Plaintiff re-submits grievance MAH-0217-00**, and re-confirms that the Zone Officer inquiry sent out never returned or was responded to, and that the violations already committed are the subject issue of the grievance which a Zone Officer has no authority to address.

5-10-00 Plaintiff is directed to see a Officer William Banta about the issues of MAH-0217-00, in which Officer Banta tried to negate actions/violations committed by defendant T.E. Miknich, and told plaintiff that this officer would try to talk to other staff to locate the seized personal legal work/records/documents.

5.

5-10-00 Plaintiff receives a record response from William Banta of false claims as to issues he implies on record that he made to plaintiff during the one on one discussion. "HOWEVER, in William Bantas' record response, this Grievance Officer also committed grievance MAH-0217-00 to a procedural void by refusing to render a final decision on the issues. This Grievance Officer never finalized a decision and stated "quote; "This issue will be further discussed with appropriate staff as I explained to you," un-quote. Plaintiff was committed to a indecision on issues, and committed to waiting on further response as directed by William Banta.

5-11-00 Plaintiff submits correction to the DC-804 II record response by William Banta on MAH-0217-00. [See EXHIBIT II-A] No further response or decision was ever made by SCI Mahanoy officials on MAH-0217-00, as they refuse to address any mention of the illegally seized personal legal work/records/documents.

Plaintiff suffers rash of Administrative retaliations with five months of unjust confinements to RHU (collectively), pursuant to plaintiffs' attempts to report and establish relief for staff abuses. Plaintiff consistently lobbies for the return of illegally seized legal documents to various officials of the SCI Mahanoy Administration without result or responses.

The grievance MAH-0217-00 never received any final initial decision (process prevention ploy of practice by SCI Mahanoy officials), and plaintiff was directed by Grievance Officer William Banta (verbally and by documentation) to await final investigation decision response to issues of MAH-0217-00 "which issues were the illegal seizure and non-return of said legal work/records/documents. No response was ever submitted or entered on final initial decision for MAH-0217-00.

DISPOSITION: NON-COMMITTAL, SCI MAHANOY ADMINISTRATIVE REFUSAL TO COMPLY WITH PROCEDURAL PROCESS FOR ALLOWANCE OF PLAINTIFF TO PROCEED IN PROCESS OF DC-ADM-804 PROCEDURES. SCI MAHANOY ADMINISTRATIVE DENIAL OF DC-ADM-804 PROCEDURAL PROCESS ON MAH-0217-00 (Last official response on MAH-0217-00 5-10-00 William Banta).

8-4-00 Plaintiff, denied all process of issues on MAH-0217-00 by SCI Mahanoy Administrators, plaintiff proceeds to file grievance on seized legal work/record/documents, obstruction of legal pursuits, AND SCI MAHANOY ADMINISTRATIVE OBSTRUCTION AND DENIAL OF PROCEDURAL PROCESS OF ALL GRIEVANCES. [See EXHIBIT II-B]

8-4-00 Grievance Coordinator Carol Dotter returns submitted grievance (this document I cannot locate, and cannot cite reasons for rejection).

8-4-00 Plaintiff re-writes and submits grievance. [See EXHIBIT II-C]

8-9-00 Grievance Coordinator Carol Dotter returns grievance on the grounds the issues were addressed in grievance MAH-0217-00.

8-11-00 Plaintiff re-submits both grievances dated 8-4-00 with clarification documentation verifying the limbo status void MAH-0217-00 was committed to, and the inability to proceed with process on any issues because of procedural obstruction/denial by SCI Mahanoy Administrators. [See EXHIBIT II-D]

8-16-00 Grievance Coordinator returns grievances on the grounds that plaintiff has not complied with proper procedures, and that issues were addressed in MAH-0217-00.

8-18-00 Plaintiff re-submits both grievances with conformation of Administrative non-compliance and denial of procedural process. [See EXHIBIT II-E]

8-18-00 Grievance Coordinator Carol Dotter returns grievances with notation on conformation documentation 8-18-00 by plaintiff (noted on EXHIBIT E).

12-18-00 Plaintiff enters final appeal for the return of seized legal documents. [See EXHIBIT II-F]   No response by SCI Mahanoy Administrative officials.


DISPOSITION: NON-COMMITTAL, SCI MAHANOY ADMINISTRATORS FAILED/REFUSED TO ENTER DECISION ON MAH-0217-00 AND REFUSE TO PROCESS ANY AND ALL GRIEVANCE ATTEMPTS AFTER 5-10-00 (William Banta in-decision).   DC-ADM-804 PROCEDURAL PROCESS DENIED.

RETALIATORY UNJUST ABUSES/DEGRADATION (T.E. Miknich)

## III.

4-13-00 Defendant T.E. Miknich enters fraudulent misconduct charges against plaintiff (#A159045).

4-17-00 Plaintiff pleads NOT GUILTY, Examiner enters GUILTY verdict.   Plaintiff violated   no  rules  or  regulations  of  DOC  or  Institutional  directives/policy.    Documentation v. falsely alleged allegations overwhelmingly show no rules or regulations were violated by plaintiff having a newspaper partial and legal work in his possession.

ALL  APPEALS  OF  #A159045 SUSTAINED,  PLAINTIFF  IS  DENIED  ANY  AND  ALL  FAIR/IMPARTIAL  HEARING,   DC-ADM-801 "EXHAUSTED."

4-17-00 Defendant accosts plaintiff with false misconduct charges #A159048, plaintiff is immediately placed in RHU (no hearing).

4-24-00 #A159048 found without merit by examiner is dismissed (documents evidence Hearing Examiner altered record   dates   to   dismiss   without  prejudice  so  misconduct  could  be  re-written  within  time  limitations. Documents were BACK-DATED to 4-21-00).  SCI Mahanoy officials (namely Superintendent) refused to address the falsification of record documents by Hearing Examiner Kevin Kane.

4-24-00 Defendant T.E. Miknich again enters false misconduct charges against  plaintiff with  collaborated efforts of defendant Kevin Kane.   Plaintiff remains detained in RHU on false allegations by defendant T.E. Miknich.

4-28-00 Plaintiff pleads NOT GUILTY to fraudulent charges, defendant Kevin Kane again enters GUILTY verdict on no violations of rules or regulations.  DC-ADM-801 Appeals are sustained and exhausted.

RETALIATORY UNJUST ABUSES/DEGRADATION (Vincent Mooney).

## IV.

9-11-00  Defendant Vincent Mooney collaborates with retaliatory actions of T.E. Miknich and enters false misconduct charges against plaintiff (#A212769).   Plaintiff is placed directly in RHU on false allegations pursuant to grievances on seized legal materials, official obstruction of procedures, and staff abuses.

9-14-00  Hearing Examiner Kevin Kane dismisses #A212769 because of  inappropriate filing procedure discrepancies.

9-17-00   Plaintiff files on expiration of time limitation on re-write of #A212769 being dismissed without prejudice on 9-14-00.  Defendant enters false testimony that "he (Vincent Mooney) was not at the Institution so as to enter re-write of #A212769 within time limitations (9-11-00 through 9-18-00).  This testimony by Vincent Mooney is untrue, plaintiff contested defendants testimony, but contest was denied by SCI Mahanoy officials Kevin Kane and Robert Shannon.

9-18-00  Defendant Vincent Mooney enters re-write of false charges against plaintiff (#A212770), and enters false testimony to abridge improper filing discrepancies on time limitations by stating that the charges were filed  six days after the so called incident date because "he (Vincent Mooney) was "again" not at the Institution during this other time period (9-5-00 through 9-11-00).  Defendant Vincent Mooney enters false testimony on record to abridge improper procedure, plaintiff contests false testimony, but is denied contest of Vincent Mooneys testimony.

9-22-00  Hearing Examiner Kevin Kane denies plaintiff record documents and testimony imperative for hearing on false charges #A212770.  Fair/impartial hearing is denied, defendant Kevin Kane sanctions three month disciplinary confinement on false charges after denial of evidence documentation and testimony, thus collaborating in unjust retaliatory abuses with defendant Vincent Mooney.  DC-ADM-801 Appeals sustained, exhausted.  Hearing Examiner Kevin Kane and Superintendent fully collaborated with defendant Vincent Mooneys' false misconduct charges "and" false testimony on both retaliatory misconduct reports #A212769/#A212770.

EVIDENCE AND RECORD WILL OVERWHELMINGLY SHOW THAT PLAINTIFF VIOLATED  NO RULES OR REGULATIONS, AND THAT VINCENT MOONEY HAS TESTIFIED FALSELY ON NUMEROUS OCCASIONS TO INCUR UNJUST PUNISHMENTS AGAINST PLAINTIFF BY AND THROUGH COLLABORATED EFFORTS WITH DEFENDANT KEVIN KANE AND ROBERT SHANNON, BOTH IN THEIR INDIVIDUAL CAPACITY, UNDER COLOR OF STATE.  OF VIOLATION IS ALSO DEFENDANT ROBERT SHANNON, BEING DIRECTLY INVOLVED IN THE FALSE CHARGES OF #A212769  AND  #A212770 REFUSED TO ENTER ANY SUPERINTENDENT LEVEL RESPONSE ON #A212770 DC-ADM-801 APPEAL TO HIS AUTHORITY.  SOMEHOW #A212770 WAS DENIED AT FINAL REVIEW AT CAMP HILL, BUT #A212770 WAS NEVER SUBMITTED ON APPEAL TO CAMP HILL, AS PLAINTIFF ONLY APPEALED TO THE SUPERINTENDENT LEVEL FOR THAT DIRECT CONSPIRATORS RESPONSE, WHICH WAS NEVER GIVEN ON APPEAL. [See EXHIBIT V-A / V-B]  THE RECORD WILL SHOW THAT DEFENDANT ROBERT SHANNON, BEING ACCOUNTABLE TO THE FALSE CLAIMS AS IMPLICATED BY VINCENT MOONEY IN REPORT OF MISCONDUCT, REFUSED TO ENTER ANY RESPONSE TO THE CLAIMS WHICH WOULD AUTOMATICALLY ACQUIT PLAINTIFF FROM FALSE CHARGES.  THEREFORE, THE RECORD WILL OVERWHELMINGLY EVIDENCE DENIAL OF DUE PROCESS BY SCI MAHANOY OFFICIALS,  OBSTRUCTION OF JUSTICE, DENIAL OF FAIR/IMPARTIAL HEARING, PERJURY BY DEFENDANTS FALSE TESTIMONIES, AND ABUSES OF AUTHORITY OF RETALIATORY NATURE AGAINST THIS PLAINTIFF.

RETALIATIONS/FALSE TESTIMONIES TO DEFRAUD MONIES/DEGRADE RECORD

V.

9-11-00    Retaliatory misconduct #A216576 was enter against plaintiff to defraud account of monies.    All record documents to resolve claims were denied plaintiff for hearing by defendants Linda Chismar, Kevin Kane, and Robert Shannon.    Linda Chismar entered false testimonies alleging record documents that do not exist, and who's false testimonies of non-existent documentations were utilized "by hear-say testimony only" to deny this plaintiff fair/impartial hearing;

At the initial hearing 9-14-00,

At the PRC hearing 9-22-00,

At the Superintendent level 9-28-00,

At Final Review level which remanded back to SCI Mahanoy authority 11-13-00,

Again denied fair/impartial hearing by defendant Kevin Kane 12-1-00,

And again denied due process by PRC 12-15-00.

"BUT!", at the PRC level, on the sixth hearing of denied due process, the (or "a") member of that board inadvertently exposed evidence (supposed document dates of fraudulent here-say testimonies to indict plaintiff) which exposed official corruption and false testimonies.    Superintendent Robert Shannon "then, and only after having staff corruption and false testimonies exposed on record decided to dismiss the false charges against plaintiff 12-20-00 (Disclosure of the testified evidence documents was requested and denied this plaintiff "continuously" from 9-13-00 till dismissed 12-20-00, namely because documents were non-existent as all defendants knew, as they had all previously stated on record that they had reviewed said here-say non-existent documents of so called evidence of plaintiffs' guilt.

DEFENDANTS LINDA CHISMAR, KEVIN KANE, ROBERT SHANNON, BEING FULLY INFORMED OF THE NON-EXISTENCE  OF THE FABRICATED HEAR-SAY EVIDENCE TESTIMONIES, AND HAVING THE TRUE AND ACCURATE RECORD CONFIRMED TO THEM FOR REVIEW  BY PLAINTIFF ON ALL ACCOUNTS, DEFENDANTS WILLFULLY COLLABORATED  ON  THE  NON-EXISTENT  HEAR-SAY TESTIMONIES OF NON-EXISTENT DOCUMENTS (that they contended they reviewed), AND WILLFULLY COLLABORATED TO DENY PLAINTIFF FAIR/IMPARTIAL HEARING (on six separate  hearings  on  the same #A216576), AS THE RECORD WILL OVERWHELMINGLY  SHOW BY RECORD EVIDENCE.  IF A MEMBER OF THE OFFENDING ADMINISTRATION WOULD  NOT  HAVE INADVERTENTLY EXPOSED THE CORRUPTION OF NON-EXISTENT DOCUMENTS USED TO INDICT PLAINTIFF, THEN NO JUSTICE WOULD HAVE BEEN SERVED BY THE OFFENDING OFFICIALS OF THE SCI MAHANOY ADMINISTRATION.

HARASSMENT/ASSAULT/THREATENING/ENDANGERMENT (Vincent Mooney)

VI.

10=13-00 While plaintiff is suffering unjust disciplinary punishments in RHU by and through collaborated retaliatory abuses administered through false testimonies by defendant Vincent Mooney, plaintiff is accosted, threatened, and assaulted in RHU on D-Pod cell #22 on or about 5:00 P.M. by defendant Vincent Mooney.

10-14-00  Plaintiff files EMERGENCY REPORT to Superintendent Robert Shannon.   On 10-19-00 defendant Robert Shannon responds saying; "Follow the proper chain of command." [See EXHIBIT VI-A]

10-16-00 Plaintiff submits grievance to Grievance Coordinator Carol Dotter.  No response or acknowledgement was returned from that office. [See EXHIBIT VI-B]

10-19-00  Plaintiff writes Frackvill PA. State  Police to press charges on defendant Vincent Mooney for numerous crimes committed against this plaintiff.  No response from State Police.

10-22-00  Plaintiff submits for separation orders against defendants' T.E. Miknich and Vincent Mooney to the SCI Mahanoy officials.  Plea denied by SCI Mahanoy officials.

10-28-00  Plaintiff writes Frackvill PA. State  Police "again" for protection from suffered abuses and crimes from the defendants.  No response from State Police.

11-5-00  Plaintiff submits confomation of official neglegence and denial of DOC Procedures to Superintendent Robert Shannon.

11-7-00    Defendant Robert Shannon responds to 11-5-00 Negligence/Process Denial conformation report by saying; "Follow the proper chain of command (which plaintiff submitted to 10-16-00 without any response or return).

11-8-00  Plaintiff submits Incident Report Documentation (Vincent Mooney Assault/Harassment/Threatening) to the Office of Professional Responsibility.  No response or return from that agency.

11-12-00  Plaintiff submits grievance to Grievance Coordinator Carol Dotter on issues of procedural non-compliance and denial by that office on MAH-0510-00 (never responded to), grievance submitted 10-16-00 (no response or return), and grievance submitted 10-13-00 (never responded to).

11-16-00  Grievance Coordinator Carol Dotter responds stating that this plaintiff is restricted from filing grievances.

11-20-00  Plaintiff submits request asking conformation on restrictions from DOC Procedures, and by who's authority is plaintiff restricted.

11-20=00  Defendant Carol Dotter returns request stating plaintiff is restricted for reason of abuse of grievance system (which has been consistently denied this plaintiff), and by authority of defendant Robert Shannon (who returned all reports submitted to him because of denial of process, referring all reports be sent to the proper chain of command, that refused to respond to reports/grievances, and now defendant restricts plaintiff from said chain of process). [See EXHIBIT VI-C]

11-23-00  Plaintiff submits clarification to Carol Dotter Response 11-20-00. [See EXHIBIT VI-D]

DISPOSITION: ALL ATTEMPTS TO ACCESS OR PROCESS ISSUES INCIDENTS THROUGH DC-ADM-804 PROCEDURES OBSTRUCTED AND "DENIED" BY SCI MAHANOY ADMINISTRATORS.   THE   RECORD   OVERWHELMINGLY EVIDENCES AND PROVES ADMINISTRATIVE NON-COMPLIANCE WITH DOC DIRECTIVES/PROCEDURES/POLICY, AND THAT DEFENDANTS' CAROL DOTTER, ROBERT SHANNON, AND VINCENT MOONEY VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS, AND COMMITTED CRIMES AGAINST THIS PLAINTIFF.

Plaintiff has endlessly endeavored to process all issues through DC-ADM-804 Procedures, but was denied access to process by defendant Carol Dotter.  When alternative efforts were directed to Superintendent Robert Shannon, plaintiff was directed back to chain of command (Carol Dotter), only to be again denied access by defendant Carol Dotter, on the grounds that defendant Robert Shannon had restricted plaintiff from said chain of process that said defendant directed plaintiff to process through. [EXHIBITS' VI-A, B, C, D.]

ADMINISTRATIVE RETALIATORY SEIZURES OF PLAINTIFFS' PERSONAL PROPERTY

VII.

12-7-00   Plaintiff was released from RHU (after serving three months unjust punishments by collaborated retaliation by defendant Kevin Kane, pursuant to retaliatory actions of lying allegations by defendant Vincent Mooney, pursuant to retaliatory collaborations by defendant Robert Shannon, pursuant to collaborated retaliatory actions defendant Linda Chismar, pursuant to retaliatory actions defendant T.E. Miknich), plaintiffs' personal property was then seized in retaliatory action by Property Office officials.

12-7-00   Plaintiff submits grievance to defendant Carol Dotter.

12-8-00   Plaintiff, well aware SCI Mahanoy officials will not process grievance submitted, files incident report to Office of Professional Responsibility on property seizure of continuing retaliatory actions by the offending staff at SCI Mahanoy. [See EXHIBIT VII-A]

12-13-00   Defendant Carol Dotter (Grievance Coordinator) as expected returns grievance without acceptance.

12-14-00   Plaintiff sends report response to defendant Carol Dotter. [See EXHIBIT VII-B]

12-18-00   Plaintiff re-submits grievance of 12-7-00 back to defendant Carol Dotter.

12-18-00   Plaintiff submits document to Security Lt. Datchko who had promised plaintiff no more harassment (during investigation of Vincent Mooney violations) on the continued retaliatory actions being committed against plaintiff. [See EXHIBIT VII-C]

12-19-00   Plaintiffs' personal property (what little plaintiff had left from the retaliatory seizure of 12-7-00) is again accosted in retaliatory actions by security officers (who verbally stated the seizure was "Get backs for Captain Mooney."), and a Sgt. directing the seizure threatened plaintiff with bodily harm, stating that he (Sgt.) should put his foot up-side plaintiffs' mouth.

12-19-00   Plaintiff submits report and compensation estimate to Superintendent Robert Shannon.

12-19-00   Plaintiff, knowing all responsibility or accountability would be denied and/or covered-up by SCI Mahanoy officials, sends incident report to Office of Professional Responsibility. [See EXHIBIT VII-D 1 & 2]

12-20-00  Plaintiff submits documentation to Security Lt. Datchko on retaliatory seizures 12-19-00 under his command. [See EXHIBIT VII-E]

12-20-00  Defendant Carol Dotter returns grievance re-submitted 12-18-00 without acceptance.

12-21-00  Plaintiff re-submits grievance on seized personal property for the third time.

12-22-00  Grievance Coordinator accepts grievance MAH-0625-00 despite the restriction against plaintiff (reason seems to be Administrative efforts to cover-up incidents/accountability already submitted to agencies outside the SCI Mahanoy Administrative authority).

12-26-00  Plaintiff submits estimate listing to defendant Carol Dotter.

12-29-00  Lt. Brennan makes response to seized property with formulated record response, citing fabricated reasons items were seized (The entire record on these issues and statements from officials will expose the facts, and falsifications of official record responses to obscure accountability).

1-2-01  Grievance Officer Lt Brennan formulates fraudulent record response for MAH-0625-00, denying any violations were committed in the 12-7-00 Property Office seizures, but stated he awaits plaintiff to receive back seized appliances (TV, Typewriter, Tape Player).

1-7-00  Plaintiff Appeals the fraudulent record response to MAH-0625-00 by Lt. Brennan to the Superintendent level "with record history of property, seizures, and cited DOC Policy on property and limitations. [See EXHIBIT VII-F 1 & 2]

1-11-00  Defendant Robert Shannon responds to MAH-0625-00 Appeal stating that plaintiff had too much quantity of property, and that plaintiff only filed the grievance to make disparaging remarks at staff. Grievance was denied.  [All personal property of the plaintiffs' was purchased from or through Institutional policies, and in compliance with limitations.  All property was in full compliance with policy and limitations when plaintiffs' property was accepted by the receiving Institution, and was never a issue until staff retaliatory actions ensued.] Also of note is that after the retaliatory seizures, plaintiff could fit what property left in a shoe box, as can be testified to by the Unit Counselor (Mr. Barsh) who plaintiff had inspect his cell and belongings left after the seizure of 12-19-00.

1-16-00  Plaintiff Appeals MAH-0625-00 to the Central Office Review Committee, with a concise listing of actual events, documentation of all property, cited DOC policy on property and limitations. [See EXHIBIT VII-G 1 & 2]

14.

2-16-00    Plaintiff submits copy documentation to Central Office Review Committee on SCI Mahanoy Administrative signed clearance approval for the educational books confiscated, which were purchased by the plaintiff, along with listing of books seized without return or compensated for, and a complete listing of seized property items (12-7-00 / 12-19-00) with estimates of value. [See EXHIBIT VII-H 1 & 2]

5-18-00    The Secretary's Office of Inmate Grievances And Appeals responds to both MAH-0510-00 / MAH-0625-00 stating that both grievances are being denied.  No rational, "as none could possibly be offered."  Unfortunately, this plaintiff submitted most of his original record documents with the Appeal to Central Office, and those records need to be recovered to pursue justice on these issues.

5-23-00    Plaintiff submits conformation of the blatant record of events, violations involved, cited policies, and request that plaintiffs' record documents of evidence be returned by the corrupt authority of that office. [See EXHIBIT VII-I]

DISPOSITION: RELIEF/JUSTICE/COMPENSATION "DENIED."  No response or record evidence was returned to plaintiff on the issues denied.  DOC OFFICIALS COLLABORATE TO PERVERT JUSTICE AND NEGATE RESPONSIBILITY FOR VIOLATIONS BY ADMINISTRATIVE FIGURES OF THE DOC AGAINST THE PLAINTIFF IN THIS ACTION.

EFFORTS TO REPORT VIOLATIONS/ABUSES/CRIMES TO DOC AND OTHER AGENCIES

## VIII.

1-25-00   Plaintiffs' family sends letters of  incidents/issues/concerns to DOC Secretary Martin F. Horn.

3-6-00   Plaintiffs' family receives response to Martin Horn letter (1-24-00) from a Eugene Brannigan saying that the SCI Mahanoy Unit Manager (Linda Chismar) had informed his authority that this plaintiffs' needs are being addressed and plaintiffs' treatment is appropriate, and that  plaintiffs' families letter will be forwarded to Superintendent Shannon for follow up.

3-7-00   Plaintiffs' family receives letter response from defendant Robert Shannon, stating;   "Brett has readily available means to avoid problems.  He has yet to voice any concerns of a serious nature to any staff at this facility."

3-10-00  Plaintiffs' family responds to defendant Shannons' response of 3-7-00, re-stating concerns, due to the passive response from officials to serious/critical issues and concerns that plaintiffs' family "knew" were repeatedly reported to numerous officials of the SCI Mahanoy Administration.

3-20-00  Defendant Robert Shannon responds to plaintiffs' families letter 3-10-00, stating plaintiffs' file has been reviewed by unit team, Unit Manager and Counselor has met with him, plaintiff has not made staff aware of anything as plaintiffs' family alleges, plaintiffs' housing is appropriate, plaintiff is not in danger from anyone.  DEFENDANT ROBERT SHANNON DENIES ALL ISSUES OF REPORT TO HIS AUTHORITY.

9-3-00   Plaintiffs' family sends letters of issues and reports to the Office of Professional Responsibility (Camp Hill, PA.) with concerns and disdainment over contradictory responses from SCI Mahanoy officials.

DURING THE MONTH OF SEPTEMBER PLAINTIFF IS SUBJECTED TO EXTREME RETALIATORY ABUSES BY SCI MAHANOY STAFF IN RETALIATION OF EFFORTS TO REPORT STAFF ABUSES.  PLAINTIFFS' FAMILY SUBMITS LETTER TO DEFENDANT ROBERT SHANNON OVER THE CRITICAL SITUATIONS PLAINTIFF IS SUFFERING BY RETALIATION OF ISSUES/INCIDENTS PLAINTIFF HAS SOUGHT RELIEF ON WHILE SUBJUGATED TO THE ADVERSE TREATMENT OF SCI MAHANOY OFFICIALS.  DEFENDANT ROBERT SHANNON RESPONDS WITH LETTER REPLY DENYING ACKNOWLEDGEMENT OF, OR ANY PROBLEMS ISSUES/INCIDENTS.

10-17-00   Office of Professional Responsibility (H.C. O'Hara) responds to plaintiffs' families letter of 9-3-00, stating that up to that date (October of 2000) the plaintiff has not informed the SCI Mahanoy Administrators of any problems.

SINCE  JULY  OF  2001 PLAINTIFF AND HIS FAMILY HAVE BEEN LOBBYING STATE REPRESENTATIVE THOMAS SCRIMENTI (District 4) FOR RELIEF ASSISTANCE (Relative to hostile/corrupt DOC authorities), AND CONTACTS ARE BEING PURSUED WITH STATE REPRESENTATIVE HAROLD JAMES (District 186).

16.

During the months from December 2000 to present, plaintiff has reported violations/abuses/crimes to various agencies (DOC Directors, U.S. Department of Justice/Civil Rights Division, U.S. Commission on Civil Rights, PA. Institutional Law Project, News Media, and State Representatives.

CONFORMATION DOCUMENTATION VERIFICATION TO DOC AGENCIES OF VIOLATIONS/ABUSES/PROCESS DENIAL.

IX

2-3-01  Plaintiff continues to notify DOC Directors of SCI Mahanoy abuses/violations/crimes/obstruction of DOC process procedures. [See EXHIBIT VII-A]

2-7-01  Office of Professional Responsibility (H.C. O'Hara) responds stating that plaintiffs' correspondence dated 2-3-01 has been referred to Robert Shannon.

2-8-01  Plaintiff submits notification and explanation of "why reports are being sent direct to DOC Directors for relief (Denial of procedures/Administrative retaliations/corruption) along with complaint. [See EXHIBIT VIII-B 1 & 2]

2-8-01  Plaintiff submits  report to Office of Professional Responsibility on Administrative violations, abuses and denial of inmate provisions against plaintiff.

3-8-01  Plaintiff submits report to Office of Professional Responsibility on ongoing retaliatory harassments committed by defendant T.E. Miknich. [See EXHIBIT VIII-C]

3-9-01   Plaintiff submits to the Office of Professional Responsibility plea for relief on SCI Mahanoy Administrative abuses/corruption/obstruction. [See EXHIBIT VIII-D]

3-11-01  Plaintiff submits to Office of Professional Responsibility notification reasons of direct appeal to DOC Directors for relief, with report of staff retaliations of harassment. [See EXHIBIT VIII-E 1 & 2]

3-14-01  DOC Secretary's Office of Inmate Grievances And Appeals responds saying that if plaintiff wishes to resolve the various issues, plaintiff must initiate a grievance at the local level.  [This would be in reference to the SCI Mahanoy level which plaintiff is denied, restricted from, and abused for trying to access or pursue, and being the issue of all reports to DOC Directors who ignore the violations and crimes being committed in this regard by the offending SCI Mahanoy officials under the DOC authority.]

4-1-01  Plaintiff submits; "Acknowledgement to Official Refusal to Address Or Preform Duties On Reports And Appeals On SCI Mahanoy Official Corruption/Abuses/Harassment." [See EXHIBIT VIII-F]

4-16-01  Secretary's Office of Inmate Grievances And Appeals (Tshanna Kyler) responds:   "I have been advised to forward your correspondence to the Office of Professional Responsibility."

DISPOSITION:   "Plaintiff  is  actively restricted from DC-ADM-804 procedural process by defendant Robert Shannon, and suffers continuous adverse treatment for trying to access procedural process for relief, and for prior efforts to report SCI Mahanoy staff misconduct/crims.

Since Plaintiff has abridged SCI Mahanoy chain of command to report said incident reports directly into record at DOC headquarters (Camp Hill, PA.), SCI Mahanoy officials have refrained from the flagrant abuses and crimes against this plaintiff that said defendants' can no longer concealed or contain within the SCI Mahanoy Administration.

"HOWEVER," no response on any of these issues of abuse, obstruction/denial of process, or remedies have forth-come from the DOC authorities.  NO RELIEF OR RESOLUTION TO THE ABUSES AND OBSTRUCTIONS OF PROCEDURAL PROCESS.

CONSTITUTIONAL RIGHTS VIOLATIONS AND PLAINTIFFS' RIGHT TO PROTECTION AND JUSTICE.

X.

Plaintiff has submitted ample evidence documentation, statements, testimony, sworn witness Affidavits to the Court, and has shown that the defendants' Martin Horn, Jeffrey Beard, T.E. Miknich, Robert Shannon, Carol Dotter, Linda Chismar, Vincent Mooney, and Kevin Kane have intentionally, knowingly (and/or are accountable by responsibility), enacted, collaborated, or propagated violations and disregard of this plaintiffs' person and Constitutional Rights. The submitted information and documentation to the Court Order 7-24-00 is basic (but sufficient) due to incomplete record via Administrative seizures (reckless disregard) of plaintiffs' property and legal work/records/documents. A complete record of retaliatory abuses, and false misconduct charges/punishments perpetrated against this plaintiff by SCI Mahanoy staff cannot be cited due to missing documentation. Discovery interrogatories for production of said records will permit this plaintiff, and facts to overwhelmingly show malice and reckless disregard for justice and fair/impartial treatment to this plaintiff, of the 1st, 8th, and 14th Amendment violations by defendants' in this action. Plaintiff has consistently confronted and contested the abuses, violations, acts of corruption, obstructions of procedural remedies, and falsified fraudulent (formulated) record responses by the defendants in this action. May the Court note that Plaintiff has never been accused or charged with any D Class 1 #26 charge (which is lying to officials). [Reference EXHIBIT X-A] ''

Citation of plaintiffs' efforts/attempts to process all issues through DC-ADM-804 procedures in this "Response To Court Order" is also incomplete due to loss of record documentation by SCI Mahanoy official seizure and reckless disregard for plaintiffs' property and legal work/records/documents. Again, Discovery interrogatories will permit these issues to be overwhelmingly show malice and reckless disregard for plaintiffs' treatment, safety, and Constitutional Rights.

Plaintiff brings to the Courts attention, that this plaintiff continues to suffers adverse treatments, sanctions, punishments, and unjust degradation of Institutional file by adverse treatment of deliberate indifference by the SCI Mahanoy and DOC authorities plaintiff is subjugate too. Plaintiff has suffered/suffers unjust punishments, falsifications of prison file/record, personal property taken away, restricted from inmate compensations (inmate pay), denied equal inmate privileges (work/pay), educational studies restricted, personal hobby materials seized, all productive pursuits and means have been restricted and denied this plaintiff while subjugated to the authority and treatment of the defendants. The plaintiff has been stripped of everything and is completely ostracized by the defendants, to plaintiffs' efforts to report and establish relief from SCI Mahanoy staff abuses and violations plaintiff suffers. Defendants have actively seized plaintiffs' legal documents/evidence that plaintiffs' legal pursuits were dependent on, and have obstructed any additional pursuits through intimidations, attacks, obstruction of access, and process denial through the defendants DOC chain of command, which service defendants have compromised and corrupted.

The DOC officials, by endeavors to support fellow employees and negate official accountability to issues/incidents, have collaborated in a inadvertent Domino Effect of injustices against plaintiff by willful disregard of duties demanded of their positions and authority.  This follows with the Domino Effect of accountability from one official to the next, backing/supporting actions and record statements of foregoing officials, back to the original violation/violator.  In this action, for the most part, T.E. Miknich being the originator of abuse violations.  The chain of command simply compromised duties in exchange for loyalties to this fellow employee offender.

The LEGAL PURSUITS/REMEDIES/COMPENSATIONS defendants have obstructed  will need to be litigated in Court Proceedings (namely because all legal work documentations and evidence have been seized and with-held by defendants).  Plaintiff at this time will submit [EXHIBIT X-B 1, 2, 3 and EXHIBIT X-C 1 & 2] for the Court to review these other issues of legal pursuits and remedies the defendants have obstructed and denied by and through illegal seizure and obstruction to services.

CONCLUSION

XI.

Plaintiff is not able to present all evidence or documentation in this response to the Court Order, and time limitations do not permit this plaintiff to present all aspects of violations committed against his person by the defendants.  Plaintiff has only been able to submit evidentiary documents (in this response) that the plaintiff has copies of.  Plaintiff would like to disclose his full record of individual incidents of issue, but copies are unattainable (plaintiff is indigent), and the documentation is overwhelming in quantity.  The Court will find that this response cites sufficient evidence/documentation/testimony to the facts and claims set forth in Complaint 1:01-cv-00904.  Plaintiff has set forth claims of violations/abuses/crimes committed against his person, by the defendants, in the Complaint.  If the Prison officials (defendants') deny these facts, then their is also grounds of dispute about the facts, and right to a trial on the facts of dispute. Plaintiff has produced record documentation of statements, testimony, and sworn witness Affidavits, which evidences and supports the facts.  Plaintiff has demonstrated genuine question of fact regarding violations, crimes, obstruction of process, obstruction of legal pursuits, obstruction of justice by the defendants.

Plaintiff appeals to this honorable Court, that; "Just because State Correctional Institution officials and Department of Corrections Administrators **utilize** their positions and authority to negate responsibility for incidents  of violation of this plaintiffs' Constitutional Rights, **"doesn't mean** that  this  plaintiffs' Constitutional Rights have not been violated, and that SCI officials or DOC Administrators are free from accountability to the laws of the United States.  THOMAS V. ROACH. 165 F3d 137 (2nd Cir. 1999).  PETTA V. RIVERA. 143 F3d 895 (5th Cir. 1998).  WALTERS V. RENO. 145 F3d 1032 (9th Cir. 1998).  JOHNSON V. RODRIGUEZ. 110 F3d 299 (5th Cir. 1997).  HAFER V. MELO. 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991).  WALTON V. CITY OF SOUTHFIELD. 995 F2d 1331 (6th Cir. 1993).  McKINNEY V. DEKALB COUNTY, GA. 997 F2d 1440 (11th Cir. 1993).  HUTSELL V. SAYER. 5 F3d 996 (6th Cir. 1993).  MENDOCINO ENVIRONMENTAL CENTER V. MENDOCINO CO., 14 F3d 457 (9th Cir. 1994).  VALOT V. SOUTHEAST LOCAL SCHOOL DIST. BD. OF EDUC., 107 F3d 1220 (6th Cir. 1997).  Plaintiff appeals to this Court for justice, and for speedy preliminary relief/immunity from the defendants in this action.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRETT T. CULVER
                      Plaintiff,               :
                                               :
                                               :
                                               :
            v.                                 :        Case No.   1:01-cv-00904
                                               :
                                               :        (Judge Kane)
COMMONWEALTH OF PENNSYLVANIA,                   :
et al.,                                        :
                      Defendants.              :


APPLICATION FOR ASSIGNMENT OF COUNSEL


TO:  THE HONORABLE JUDGE OF SAID COURT:

AND NOW, to wit this __31__ day of __July__ , 2001 comes the plaintiff Brett T. Culver
acting Pro-se and petitions this Court to Appoint Counsel unto him.


1.   That plaintiff is incarcerated at the State Correctional Institution at Mahanoy
     Pennsylvania.


2.   That your plaintiff is a laymen in the study of law, and suffers psychological
     complications, which therefore presents a clear disadvantage and need for
     assistance.


3.   Plaintiff has filed with this Honorable Court a Forma Pauper Petition to allow him
     to proceed as an indigent party.


4.   Plaintiff is unable to obtain private counsel because of his being indigent.


WHEREFORE, plaintiff prays this Honorable Court to Appoint Counsel unto him so that he
may proceed in this matter.


                                        Respectfully Submitted,

                                        Brett T. Culver

## UNSWORN DECLARATION AFFIDAVIT

I, _Brett T. Culver_ do hereby verify that the facts set forth in the foregoing Response to the Court Order of 7-24-01 are true and correct to the best of my personal knowledge, or information and belief, and that any false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Truthfully Submitted,

_Brett T. Culver_

Brett T. Culver,

Plaintiff

Verified this _31_ day of _July_, 2001

## PROOF OF SERVICE

I, the undersigned, hereby aver that I have served the foregoing Response to Court Order of 7-24-01 upon the U.S. District Court in the manner indicated:

SERVED BY U.S. MAIL ADDRESSED AS FOLLOWS:

U.S. DISTRICT COURT
CLERK OF COURTS
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17108

Served this _31_ day of _July_, 2001

Signature, _Brett T. Culver_