UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER, :
:
        Plaintiff : CIVIL NO. 1:CV-01-0904
:
v. : (Judge Kane)
:
COMMONWEALTH OF PENNSYLVANIA, :
et al., :
:
        Defendants :

**ORDER**

FILED
HARRISBURG, PA
NOV 1 5 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**Background**

    Plaintiff, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the plaintiff's motion for appointment of counsel. (Doc. No. 5).

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated, however, that appointment of counsel for an indigent litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

Plaintiff's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. <u>Tabron</u>, <u>supra</u>, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action <u>pro se</u>, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that he will suffer substantial prejudice if they are forced to prosecute this case on his own.

Therefore, plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon a motion properly filed by the plaintiff.

AND NOW, THEREFORE, THIS 15th DAY OF November, 2001, IT IS HEREBY ORDERED THAT: Plaintiff's motion for appointment of counsel is denied. (Doc. No. 5).

_____
YVETTE KANE
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 15, 2001

Re:  1:01-cv-00904    Culver v. Commonwealth of Penn

True and correct copies of the attached were mailed by the clerk to the following:

Brett T. Culver
SCI-MAHANOY
DD-3483
Mahanoy State Correctional Inst.
301 Morea Rd.
Frackville, PA  17931

cc:
Judge                              (✓)        (✓) Pro Se Law Clerk
Magistrate Judge                   ( )        ( ) INS
U.S. Marshal                       ( )        ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )   PA Atty Gen ( )
                                            DA of County ( )   Respondents ( )

Bankruptcy Court                   ( )
Other_____     ( )

                                                MARY E. D'ANDREA, Clerk

DATE:  11-15-01                        BY: _____
                                            Deputy Clerk