IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER | | |
| | Plaintiff, | Plaintiff's First Set Of Interrogatories |
| v. | | Case No. 1:01-cv-00904 |
| Robert D. Shannon et al., | | (Judge Kane) |
| | Defendants. | |

ORIGINAL FILED MAR 0·4 2002 PER_____ HARRISBURG, DEPUTY CLERK

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Brett T. Culver requests that Defendant Robert D. Shannon answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them and be served on plaintiff within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators for your attorneys, and not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new, unanswered, and different information materializes.

1. What is your full name and address?
2. Have you been employed as a Department of Corrections employee during the time period of 1999 through February 2002? (If not specify the dates you have.)
3. Were you on duty and or acting as the present facility Superintendent on the dates of; September 5, 2000 through September 11, 2000 / October 13, 2000 through October 22, 2000 / January 11, 2002 through January 17, 2002?
4. If yes to # 3,

    (a) Cite each day you reported for duties at the facility;

    (b) Cite the time you went on duty each day present through the dated periods out-lined in #3;

    (c) Cite the time you went off duty each day present through the dated periods out-lined in # 3.

5. During your employ at the State Correctional Institution at Mahanoy have you ever received any reports/complaints/correspondence/petitions or requests of sequestered evidence, statements, or reports from the plaintiff relevant or related to any situations, issues, or circumstances mentioned/alluded to/out-lined in this Action 1:01-cv-00904 ?

6. If yes to # 5,
   (a) Cite dates of notices/correspondence/petitions/requests (all Documentations received) by your authority from plaintiff, including the topic issue of each submitted document submitted by the plaintiff to your authority;
   (b) Cite your response and action taken on each issue of notification to your authority, and on what dates the response or action was taken;
   (c) Cite any resolution or relief established by your authority for the plaintiff pursuant to any and all notifications/reports/appeals to your authority from plaintiff, including the dates of action(s) taken on any issue directed to your authority by plaintiff for relief.

7. During your employ at the S.C.I. at Mahanoy have you ever received or reviewed any reports/complaints/correspondence from any other persons (agencies/civilians) in behalf or in concern of the plaintiff pertaining to any of the situations, issues, or circumstances associated with regard to the plaintiff?

8. If yes to # 7,
   (a) Cite names or identities of any persons/agencies contacting your authority in relationship to the plaintiff, or any relating issue;
   (b) Cite the subject matter of any and all correspondence directed or received by your authority in relation to the plaintiff.

9. During your term of employ at the S.C.I. at Mahanoy have you ever received correspondence/orders/advice/recommendations from any affiliate official or authority concerning or pertaining to the plaintiff and/or any related issue, situation, or subject matter of the Complaint in this Civil Action during the plaintiff's detainment at the S.C.I. at Mahanoy facility, including any record information pertaining to or relevant to this plaintiff's transfer to the S.C.I. at Mahanoy facility?

10. If yes to # 9,
    (a) Cite name and title of the correspondent;
    (b) Cite date and subject matter of each report/order/recommendation/notice;
    (c) Produce any records or file documentations of any and all documents fitting this category.

11. During your term of employ at S.C.I. Mahanoy have any other employees under your administrative authority prepared and/or filed into record any reports, statements, recommendations or evaluations on the plaintiff, or related to any subject matter involving the plaintiff during his detainment at the S.C.I. at Mahanoy facility (1999 through 2002)?

12. If yes to # 11,

   (a) State name, badge or identification number, and present address of the person who prepared and/or submitted each document;

   (b) State the name, badge or identification number, and present address of the person each document/report/correspondence was sent/directed too;

   (c) The date, time, and place where each report was prepared;

   (d) The name, badge or identification number, and present address of the person or present custodian of each report/document.

13. Does the S.C.I. at Mahanoy facility have a Video Security Monitoring System in its Restricted Housing Unit (L-5 D-Pod)?

14. If yes to # 13,

   (a) Cite how long the video security taping system has been in place, in use, and operative;

   (b) Cite the S.C.I. Mahanoy Administrative policy and procedure for video security monitoring and taping during operations;

   (c) Cite S.C.I. Mahanoy Administrative policy/procedure for record and storage of video recording tapes, including recorded incidents, or notification of recorded incidents requested for documentation and record evidence;

   (d) Cite D.O.C. policy or directive pertaining to Video Security Monitoring, recording, and record keeping.

15. Was you authority notified by the plaintiff and/or any other person or official to retain recorded video security tapes of the Restricted Housing Unit (L-5 D-Pod) for the date and incident(s) of 10-13-00?

16. Disclose all documentation and record information on the video security monitoring tapes for the date and incidents of 10-13-00.

17. Was your authority notified by the plaintiff and/or any other person or official concerning the documentation and storage/record of video security monitoring tapes of the Medical Building Lobby on the date of 01-11-02 for incidents of harassment against the plaintiff by the defendant Vincent Mooney?

18. If yes to # 17,

   (a) Cite action taken by your authority upon notification of crimes and/or violations committed against the plaintiff by Vincent Mooney, and the action taken to ensure the protection/safety of plaintiff, and the record of the evidence (security monitor tapes) sequestered by plaintiff's notification to your authority;

   (b) Disclose all documentation, record, and or evidence and video recordings for the date of incidents and report of 01-11-02.

19. State the name and address or otherwise identify and locate any persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of the facts or incidents relevant to the issues or subject matter described in these interrogatories.

20. Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any notation, records, reports, or documents made in the ordinary course of business, other printed or documentary material, photographs, drawings, video, or other tangible objects that are relevant to the incidents/issues/situations/conduct/subject described in these interrogatories?

21. If yes to # 20, state:

   (a) The name and description of each item;

   (b) The name and address of each person who made, prepared, or took such item;

   (c) The name and address of the present custodian of each such item;

   (d) The date, time, and place where each item was made/formulated/prepared/taken;

   (e) The method by, and purpose for which each item was made/prepared/taken

   (f) The manner in which each such item is relevant to the issues/conduct/incident described in these interrogatories?

22. Do you, or any other employee under your authority, your agents and attorneys have any knowledge of any item mentioned there being altered, removed, destroyed, erased, or lost in any manner?

23. If yes to # 22,

   (a) Explain;

   (b) Cite instances, items, dates, times, individuals involved or knowledgeable;

   (c) Cite names and addresses of persons involved or who have knowledge relevant of or to events.

Dated and served: 03-01-02                                    by: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER
        Plaintiff,

v.

JOHN DOE (Presumably
S.C.I. Mahanoy Property Personnel),
et al.,
        Defendants.

Plaintiff's
First Set Of
Interrogatories

Case No. 1:01-cv-00904

(Judge Kane)

    In accordance with Rule 33 of the Federal Rules of Civil Procedures, Plaintiff Brett T. Culver requests that Defendant John Doe answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them, and be served on plaintiff within 45 days of service hereof.

    In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys of investigators for your attorneys, and not merely information known of your own personal knowledge.

    If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

    These interrogatories shall be deemed continuing so as to require supplemental answers as new, unanswered, and different information materializes.

1. Produce all record and documentation of any and all property inventories of plaintiff's personal property since his arrival at the S.C.I. Mahanoy facility to present.

2. Produce any and all legal documents belonging to plaintiff which have been seized by S.C.I. Mahanoy staff at any time during the plaintiff's detainment, namely the legal documents/records seized by C.O. Miknich on 04-13-00.

3. Cite name, badge or identification number of any handlers or recipients of items DC-154A No. 150818, time and dates each person handled and/or received possession and responsibility of said items, location items were exchanged/received, locations items were taken, and the present or last known location or whereabouts of items DC-154A No. A 150818.

4. Cite names and title of any persons who, of your knowledge, viewed or had access to the seized items DC-154A No. A 150818, including the date, times, location of such described conduct or contact.

5. Explain any information or insight you might have as to why the plaintiff's legal documents/records (DC-154A No. A 150818) were not returned to his possession, and by who's authority or order were the plaintiff's legal documents/records not returned to the plaintiff (04-13-00 to present).

6. Explain the present disposition of items DC-154A No. A 150818, the present location of items, and the name of person or authority presently responsible for the items DC-154A No. A 150818 and their care.

7. Produce record and documentation of other seized/confiscated property belonging to plaintiff by S.C.I. Mahanoy staff on the dates of 09-14-00, 12-07-00, and 12-19-00, including reasons each item of property was seized from plaintiff, and the whereabouts of those seized/confiscated items from the cited dates of confiscation.

8. Explain what reasons, policy, or authority prevented the return of confiscated items 09-14-00, 12-07-00, and 12-19-00 belonging to plaintiff, and why the items continue to be with-held from the plaintiff.

9. Do you, any other employee, your attorneys have any knowledge of any item mentioned herein being altered, lost, or destroyed?

10. If yes to # 9,
    (a) Explain;
    (b) Cite instances, items, locations, dates, times;
    (c) Cite names and addresses of persons involved or knowledgeable of relevant events, facts, or subject matter described herein.

Dated and served: 03-01-02    by [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

　　　　　　　　　Plaintiff,

v.

Vincent Mooney
et al.,

　　　　　　　　　Defendants.

FILED
MAR 0 4 2002
PER _____
HARRISBURG, PA DEPUTY CLERK

Plaintiff's
First Set Of
Interrogatories

Case No. 1:01-cv-00904

(Judge Kane)

In accordance with Rule 33 of the Federal Rules of Civil Procedures, Plaintiff Brett T. Culver requests that Defendant Vincent Mooney answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them, and be served on plaintiff within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys of investigators for your attorneys, and not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing so as to require supplemental answers as new, unanswered, and different information materializes.

1. What is your full name and address?
2. Have you been employed as a D.O.C. employee during the time period of December of 1999 through February 2002?
3. On the following dates of September 5, 2000 through September 22, 2000 were you on duty as an employee of the D.O.C. at the S.C.I. at Mahanoy?
4. If yes to # 3,
   (a) Cite each day you reported for duties at the facility;
   (b) Cite what time of day you started your duties each day present;
   (c) Cite what time of day you finished your duties each day present;
5. During your employ at the S.C.I. Mahanoy facility, have you ever received or reviewed any reports, complaints, or correspondence documents from the plaintiff, or from any other person on relevant or related issues or subject matter out-lined in this Complaint Action 1:01-cv-00904?

6. If yes to # 5,
   (a) Cite dates of documents, notices, correspondence, reports directed to your authority by plaintiff or other persons, including the subject matter of each document, report, correspondence, and notice to your authority;
   (b) Cite your response and/or action taken on issues of notification to your authority, and on what dates responses or actions were taken;
   (c) Cite any protection or relief established or enforced by your authority for the plaintiff, including dates of any and all action taken on any issue presented or directed to your authority for attention.

7. At any time during the time period of September 5, 200 through September 22, 2000 did you at any time (working/non-working) speak with or communicate with defendant Kevin Kane concerning the plaintiff (in any manner), conferring/advising/alluding any thought, implication, or action to defendant Kevin Kane?

8. If yes to # 7, cite dates and subject matter of any and all interactions (verbal, written, or other) made or conveyed to defendant Kevin Kane.

9. At any time during your employ by the D.O.C. have you ever been cited, reprimanded, re-assigned or re-located pursuant to reports, complaints, incidents, or allegations of misconduct and/or violations against others filed on your person (alleged or confirmed)?

10. If yes to # 9, cite dates and describe what incidents or violations you were cited or reported for.

11. During your term of employment at S.C.I. Mahanoy have you ever received communications of orders/advice/recommendations from any affiliate official personnel (staff) or any official authority of the D.O.C. pertaining to the plaintiff on any subject matter during the plaintiff's detainment at the S.C.I. Mahanoy facility?

12. If yes to # 11,
    (a) Cite name and title of correspondent;
    (b) Cite date and subject matter of each correspondence/communication;
    (c) Produce discovery of any and all record documentation of information received related to or pertaining to plaintiff.

13. During your term of employ at the S.C.I. Mahanoy facility have any other employees affiliated to your authority prepared and/or filed into record any information, report, allegation, comment, statements recommendations, or evaluations on the plaintiff incorporating assistance, input, or information from your authority 12-01-99 through February of 2002?

14. If yes to # 13,

    (a) Cite name, badge or identification number, and present address of each person involved in any said document/report prepared;

    (b) Cite name, badge or identification number, and present address of the persons for whom each document/communication/report was prepared and directed;

    (c) The date, time, and place where each document/report/communication was prepared;

    (d) Explain the subject matter contents of each document/report/communication.

15. Have you ever reviewed, had possession of, or had knowledge of any video security monitoring recordings of the day events of 10-13-00 (R.H.U. L-5 D-Pod), and 01-11-02 (Medical Building Lobby area)?

16. Have you at any time referred to or reviewed any video monitoring recordings of 10-13-00 (L-5 D-Pod), or 01-11-02 (Medical Building Lobby area), and have you had any involvement with documentation, storage, or decisions concerning the record, storage, or documentation of video security monitoring recordings, namely in relation or concern to any and all tapes/recordings of the dates 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area)?

17. If yes to # 16,

    (a) Explain any input, action, or involvement you have had concerning to or relative to the record, documentation, storage, treatment or disposition of any and all video security monitoring tapes/recordings for 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area);

    (b) Cite any persons involved or knowledgeable of any video security monitoring recordings for the days events of 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area).

18. Was your authority or department notified by any persons or official authorities to retain or discard (erase/destroy) any video security monitoring tapes or recordings for the dates of 10-13-00 and 01-11-02?

19. If yes to # 18, cite name, title, badge or identification number and present address of any persons, implicated, or associated with any knowledge or facet to care, treatment, documentation, storage, record of any and all video security monitoring tapes/recordings for the dates of 10-13-00 (L-5 D-Pod) and 01-11-02 (Medical Building Lobby area).

20. Disclose discovery of all video security monitoring tapes/recordings for the dates of 10-13-00 (L-5 D-Pod) and 01-11-02 (Medical Building Lobby area).

21. Cite name and address or otherwise identify any person who, to your knowledge or the knowledge of your agents or attorneys, purport to have knowledge or involvement of actions or facts relevant to the issues or subject matter described in these interrogatories.

22. Do you, your attorneys, or any other persons employed by the D.O.C. have possession or have knowledge of any documentation, records, reports made in the ordinary course of business, other printed or documentary material, photographs, drawings, video, information, or any tangible objects that are relevant/related to the subject matter described in these interrogatories?

23. If yes to # 22,
    (a) Cite name and description of each item;
    (b) Cite name and address of each person who made, prepared, or took such item;
    (c) Cite name and address of the present custodian of each item;
    (d) Cite date, time, and place where each item was made, prepared, or taken;
    (e) Explain method by, and purpose for which each such item was made, prepared, or taken;
    (f) Explain manner in which each item is relevant to the issues or subject matter described in these interrogatories.

24. Do you, any other employees, your attorneys have knowledge of any item mentioned or described being altered in any manner, lost, or destroyed?

25. If yes to #24,
    (a) Explain;
    (b) Cite instances, items, dates;
    (c) Cite names and addresses of each person involved or knowledgeable of relevant events, items, facts.

Dated and served: 03-01-02                                             by _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

        Plaintiff,

v.

T. E. MIKNICH
et al.,

        Defendants.

FILED
MAR 0 4 2002
PER _____
HARRISBURG    DEPUTY CLERK

Plaintiff's
First Set Of
Interrogatories

Case No. 1:01-cv-00904

(Judge Kane)

In accordance with Rule 33 of the Federal Rules of Civil Procedures, Plaintiff Brett T. Culver requests that Defendant T. E. Miknich answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them, and be served on plaintiff within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys of investigators for your attorneys, and not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing so as to require supplemental answers as new, unanswered, and different information materializes.

1. What is your full name and address?
2. Have you been employed as a D.O.C. employee during the time period of December 1999 through February 2002?
3. On the following date of April 13, 2000 did you seize and remove from plaintiff personal property, namely, legal documents?
4. If yes to # 3, what were your reasons for seizing plaintiffs legal documents?
5. Describe what violations you observed by the plaintiff which caused you to detain plaintiff, conduct two body searches on his person, and subsequently seize the plaintiffs personal property of legal documents/records.
6. On the day of 04-13-00, were you instructed by anyone to intercept, detain, or search the plaintiff as he left the Institution Library in rout to D-B Housing Unit?

7. If yes to # 6, cite name of any person who advised or instructed the action taken, and explain what instructions were given to you pertaining to the action taken, or concerning the plaintiff.

8. Did you view and inventory the legal documents seized from plaintiff?

9. Explain the reason you retained the legal documents and denied the return of the plaintiff's personal property of legal documents/records.

10. Did you in any way document the seizure or the seized items, namely the personal property of legal documents and records belonging to the plaintiff?

11. What did you do with the plaintiff's personal property, namely the legal documents and records seized by your person on the date of 04-13-00?

12. Cite names, badge or identification number of any person whom were present at the incident time of seizure or time of plaintiff's detainment during incident, and/or each person knowledgeable of the detainment/seizure/incident, including any and all persons present at any time during incident of 04-13-00 who did, or might have viewed the items seized from the plaintiff by your person.

13. Cite names, badge or identification number of any person whom you turned the plaintiff's property over to, namely the seized legal documents/records of incident 04-13-00, including the date and time the seized legal documents/records belonging to plaintiff were turned over to said persons responsibility.

14. At any time during your employment by the D.O.C. have you ever been cited, reprimanded, investigated, re-assigned or re-located pursuant to reports, complaints, incidents, altercations, or instances of allegations or violations and/or misconduct in relationship to treatment or actions reported/filed by other persons (alleged, confirmed, or dismissed)?

15. If yes to # 13, cite dates and describe subject matter or instance of violation and/or misconduct you were cited, reported for, or accused of.

16. To your knowledge, do you or any other employees have knowledge of any item mentioned or described herein being altered (including statements, reports, documents), lost, or destroyed?

17. If yes to # 15,

(a) Explain;

(b) Cite instances, items, dates;

(c) Cite names and addresses of any persons involved or who have knowledge relevant to the events or subject matter described in either Civil Action 1:01-cv-00904 or these interrogatories.

Dated and served: 03-01-02                                    by _____

## PROOF OF SERVICE

    I, the undersigned, hereby aver that I have served the foregoing INTERROGATORIES dated _03-01-02_ upon Defendant Robert D. Shannon who is the acting Administrative Superintendent of the S.C.I. Mahanoy facility which employs Defendants Vincent Moony, T.E. Miknich, and John Doe, and said Administrative Superintendent of the S.C.I. Mahanoy will distribute the following INTERROGATORIES "<u>for each defendant</u>, "<u>to each defendant</u> employed at the S.C.I. Mahanoy facility by the Superintendent Robert D. Shannon.

    A copy of each INTERROGATORIES for each defendant has been sent to the U.S. District Court (Judge Kane) for Case No. 1:01-cv-00904, and a copy of each INTERROGATORIES for each defendant to the Office of The Attorney General representing the violators and/or defendants in this Action.

Served on all parties cited on this _1_ day of _March_, 2002

Signature: _[signed] Brett T. Culver_
Brett T. Culver,
Plaintiff