Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,

    Plaintiff

    v.                                      No. 1:01-CV-0904
                                           (Judge Kane)

COMMONWEALTH OF
PENNSYLVANIA, et al.,

    Defendants

FILED
HARRISBURG, PA
MAY 06 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO ORDER DEFENDANTS TO COMPLY
WITH INTERROGATORY REQUESTS**

This is a pro se prisoner civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff, Brett T. Culver, is an inmate currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). Named as defendants are several employees at SCI-Mahanoy, and the Secretary of the Department of Corrections ("DOC")..

In his complaint, Culver alleges that while incarcerated at SCI- Mahanoy he was harassed, issued false misconducts and subjected to an illegal seizure of his property in violation of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

The Court ordered service of the complaint on December 19, 2001, and defendants waived service on January 11, 2002. Defendants filed an answer to the complaint on February 20, 2002. On April 3, 2202 defendants responded to interrogatories directed to Mooney, Shannon and Miknich and provided copies of documents relevant to the requests.[1] On April 23, 2002, plaintiff filed a Motion to order defendants to comply with interrogatories requests. In his motion, Culver states that the defendants "refuse to cooperate and submit to the legalities in this action." Aside from making bald accusations that defendants refuse to cooperate, plaintiff does not articulate what information, documents or "sequestered" information he believes is being withheld, nor does he state the relevance this information has to his case. Furthermore, to date, Culver has not filed a brief in support of his motion as required by LR. 7.4.

---

[1] In addition, defendants returned interrogatories addressed to John Doe or any presumably SCI-Mahanoy property personnel to Culver. Undersigned counsel explained to Culver that she does not represent John Doe or any presumably SCI-Mahanoy property personnel. Counsel suggested that he review the interrogatories and direct them to an individual who is a party to the lawsuit. To date, Culver has not re-submitted those interrogatories.

Culver, as the moving party, bears the burden of demonstrating he is entitled to the relief he now seeks. <u>Compagnie des Bauxites de Guinee v. Insurance Company of North America</u>, 551 F.Supp. 1239, 1243 (W.D. Pa. 1982). In this situation, this means that Culver must show that he has made permissible discovery requests and that defendants have unjustifiably declined to provide him with what he seeks. He has not done so in his motion and cannot otherwise do so.

The Court should not be mislead to believe defendants have not provided plaintiff with information responsive to his requests. To the contrary, a review of Culver's requests and defendants' answers reveal that information was provided to him regarding the April 13, 200 and September 18, 2000 misconducts, which are at issue in his complaint. Moreover, the documents concerning these misconducts have been provided to the plaintiff, as well as information and documentation concerning relevant grievances, the video recording system at SCI-Mahanoy and the defendants work schedules during the relevant time period. In addition, any relevant correspondence that has been located concerning his claim has been provided to him.

Culver's motion is nothing more than vague statements alleging that "sequestered/requested information" has been withheld. Defendants have no idea what information Culver is seeking in addition to that provided. Moreover, he has

not identified the information or documentation he is seeking or the relevance it may have to his case.

In this case, Culver received relevant information and documentation regarding his discovery requests. Wherefore, the Court should conclude that plaintiff's motion to compel as it is framed has no merit.

## CONCLUSION

For these reasons, the plaintiff's motion to compel discovery should be denied.

                              **Respectfully submitted,**

                              **D. MICHAEL FISHER**
                              Attorney General

By: _____
      **MARYANNE M. LEWIS**
      **Deputy Attorney General**
      **Attorney ID# 82813**

      **SUSAN J. FORNEY**
      **Chief Deputy Attorney General**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg PA 17120**
**(717) 787-9719**
**(717) 772-4526 FAX**
**mlewis@attorneygeneral.gov**
**DATE:   May 6, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRET T. CULVER, | : |
| Plaintiff | : |
| v. | : No. 1:01-CV-0904 |
| | : (Judge Kane) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants Response to Plaintiff's Motion to Order Defendants to Comply with Interrogatory Requests, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD 3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA 17932

_____
MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: May 6, 2002