*Law Clerk's Copy*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRET T. CULVER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:01-CV-0904 |
| | : | (Judge Kane) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
MAY 0 6 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR HEARING/COURT PROCEEDING**

This is a pro se prisoner civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff, Brett T. Culver, is an inmate currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). Named as defendants are several employees at SCI-Mahanoy, the Secretary of the Department of Corrections ("DOC")..

In his complaint, Culver alleges that while incarcerated at SCI- Mahanoy he was harassed, issued false misconducts and subjected to an illegal seizure of his property in violation of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

The Court ordered service of the complaint on December 19, 2001, and defendants waived service on January 11, 2002. Defendants filed an answer to the complaint on February 20, 2002. On April 23, 2002, plaintiff filed a Motion for Hearing/Court Proceeding. It appears from the motion that plaintiff is seeking injunctive relief as outlined in his complaint, § V (a -e). [1] Aside from mentioning that he continues to suffer adverse treatment and abuse from the defendants, plaintiff makes no mention of what this alleged treatment is, nor does he articulate how he has been harmed. Furthermore, to date, Culver has not filed a brief in support of his motion as required by LR. 7.4.

Moreover, an injunction is an "extraordinary remedy which should be granted only in limited circumstance." American Tel. & Tel. Co. V. Winback & Conserv. Program, Inc., 42 F. 3d 1421, 1426-27 (3d Cir. 1994) (citing Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3rd Cir. 1988)), cert. denied, 115 S. Ct. 1838 (1995). " [T]his proposition is particularly apt in motions for preliminary injunctions, when the motion comes before the facts are developed to a full extent through the normal course of discovery." Id. at 1427.

---

[1] This section of the complaint seeks a preliminary and permanent injunction, which includes but is not limited to, requiring defendants to return legal material/records and documents to him, to remove from his prison files any "write-ups" or other reports containing the events described in the complaint, prohibit the DOC from considering any such references to those reports when deciding on his parole status, and prohibit the defendants from harassing, punishing or retaliating against him.

It is well established that a district court considering a motion for preliminary injunction must decide, "(1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Brian B., v. Commonwealth, 2230 F. 3d 582 (3rd Cir. Pa. 2000).

An injunction should be issued only if the moving party produces evidence sufficient to convince the Court that all four factors favor preliminary relief. Merchants & Evans, Inc. v. Roosevelt Bldg. Products Co., 963 F.2d 628, 632-33 (3rd Cir. 1992). If either of the fundamental requirements --the likelihood of success on the merits and the probability of irreparable harm if relief is not granted-- is absent, a district court may not grant the requested injunctive relief. McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 523 (1994); Hoxworth v. Blinder Robinson & Co., 903 F.2d 186, 197 (3rd Cir. 1990).

When a prisoner requests injunctive relief, said request "must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Forrest v. Nedab, 1999 WL 552546 at *3 (E.D. Pa. June 29, 1999). Where a prisoner requests that an injunction that would require the

Court to intervene with the management of a state prison, "appropriate consideration must be given to the principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976); see Meacham v. Fano, 427 U.S. 215, 229, 96 S.Ct. 598, 608 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.")

Against these standards, it is clear that Culvers' motion for preliminary injunction should be denied. Culver has not shown a reasonable probability of eventual success on the merits of his claim and has not shown the probability of irreparable harm if relief is not granted. Wherefore, plaintiff's motion for hearing/court proceeding should be denied.

                  **Respectfully submitted,**

                  **D. MICHAEL FISHER**
                  **Attorney General**

          By: _[signature]_
              **MARYANNE M. LEWIS**
              **Deputy Attorney General**

              **SUSAN J. FORNEY**

**Office of Attorney General**    **Chief Deputy Attorney General**
**15th Flr., Strawberry Sq.**     **Chief, Litigation Section**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: May 6, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRET T. CULVER,** | : |
| Plaintiff | : |
| v. | : No. 1:01-CV-0904 |
| | : (Judge Kane) |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Response to Plaintiff's Motion for Hearing/Court Proceeding, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD 3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA 17932

_____
MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: May 6, 2002