**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRET T. CULVER, | : |
| Plaintiff | : |
| v. | : No. 1:01-CV-0904 |
| | : (Judge Kane) |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, et al., | : |
| Defendants | : |

Filed
Rec'd
HARRISBURG, PA
APR 2 5 2002
MARY E. D'ANDREA, CL.
Per

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS PENNSYLVANIA DEPARTMENT OF CORRECTIONS

### STATEMENT OF THE CASE

This is a civil action for damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff, is Brett T. Culver, an inmate currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). Named as defendants are several employees at SCI-Mahanoy, former Department of Corrections ("DOC") Secretary Martin Horn, current DOC Secretary Jeffrey Beard and the DOC.

In his complaint, Culver alleges that while incarcerated at SCI- Mahanoy he was harassed, issued false misconducts and subjected to an illegal seizure of his

The Court ordered service of the complaint on December 19, 2002, and defendants waived service on January 11, 2002. The DOC moves to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted.[1] This memorandum is submitted in support of the motion to dismiss.

## STATEMENT OF FACTS

Accepting plaintiff's allegations as true for purposes of this motion only, it appears from the complaint that Culver alleges that the defendants violated his constitutional rights by subjecting him to harassment, false misconducts and an illegal seizure of his personal property.

## QUESTIONS PRESENTED

I.  Whether the complaint against the Department of Corrections should be dismissed because the are immune from suit and are not persons within the meaning of 42 U.S.C. §§1983; 1985 and 1986?

---

[1] Additional defendants, Miknich, Shannon, Dotter, Chismar, Kane, Mooney, Horn and Beard do not join this motion and filed an answer to the complaint on February 20, 2002.

-2-

# ARGUMENT

I. **THE COMPLAINT AGAINST THE DEPARTMENT OF CORRECTIONS SHOULD BE DISMISSED BECAUSE THEY ARE IMMUNE FROM SUIT AND ARE NOT PERSONS WITHIN THE MEANING OF 42 U.S.C. §§ 1983, 1985 and 1986**

The United States Supreme Court consistently has interpreted the Eleventh Amendment to the Constitution to preclude suits against a state in federal court by citizens of that state or other states. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Atascadaro State Hospital v. Scanlon, 473 U.S. 234, 238 (1985); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98 (1984); Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). The Eleventh Amendment's jurisdictional bar is not dependent upon the nature of the relief sought; it is equally applicable to suits seeking money damages, Edelman v. Jordan, as it is to suits seeking equitable relief. Alabama v. Pugh, 438 U.S. 781 (1978).

While a state may consent to suit against it in federal court thereby waiving its immunity, Pennsylvania has not done so. In Laskaris v. Thornburgh, 661 F.2d 23, 25 (3rd Cir. 1981), the Court recognized that pursuant to 42 Pa. C.S. §8521(b), "Pennsylvania has specifically withheld consent." In the absence of consent, therefore, a suit against a state or one of its agencies is proscribed by the Eleventh

Amendment. Pennhurst, 465 U.S. at 98. The federal claims against the Pennsylvania Department of Corrections is barred by the Eleventh Amendment.[2]

## CONCLUSION

For the above-stated reasons, the motion to dismiss of the Department of Corrections should be granted.

                                       **Respectfully submitted,**

                                       **D. MICHAEL FISHER**
                                       **Attorney General**

By: _____
                                       **MARYANNE M. LEWIS**
                                       **Deputy Attorney General**

                                       **SUSAN J. FORNEY**
                                       **Chief Deputy Attorney General**
**Office of Attorney General**          **Chief, Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**DIRECT DIAL: (717) 787-8106**
**FAX: (717) 772-4526**
**DATE: April 25, 2000**

---

[2] Even if the Eleventh Amendment were not a bar, a civil rights claim could not be maintained against the Department of Corrections because it is not a "person" amenable to suit under the Civil Rights Act. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989), the Supreme Court held that suit for violations of one's constitutional rights may be maintained only against a "person" and a State agency of a State is not a "person" amenable to suit under the Civil Rights Act. Thus, in no event could plaintiff bring a civil rights action against the Pennsylvania Department of Corrections. Id.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER, :
:
    Plaintiff :
:
v. : No. 1:01-CV-0904
: (Judge Kane)
COMMONWEALTH OF :
PENNSYLVANIA, et al., :
:
    Defendants :

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Memorandum in Support of Motion to Dismiss the Complaint, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD-3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA  17932

                        MARYANNE M. LEWIS
                        DEPUTY ATTORNEY GENERAL

**DATE:** April 25, 2002