IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

        Plaintiff,

v.

        Case No. 1:01-cv-00904

        (Judge Kane)

COMMONWEALTH OF PENNSYLVANIA,
et al.,

        Defendants.

JUDGE'S COPY

FILED HARRISBURG
OCT 0 2 2
MARY E. D'ANDREA
Per _____ Deputy C

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO COURT ORDER OF 09-11-02

STATEMENT OF THE CASE

I. (a) This Plaintiff, Brett T. Culver, victim and complaintant in the above cited Civil Case, without knowledge of legal procedures, without ability to access any legal services, and without any legal counsel (as this victim is denied), will attempt to address the Court ORDER dated 09-11-02 (filled 09-12-02 and signed by State Court Judge Yvette Kane).

(b) The plaintiff Brett T. Culver, being a layman of law (at best), had no knowledge that a response was imperative to the defendant's motion dated 05-15-02, being that this plaintiff has no knowledge of legal procedures for Court proceedings, as plaintiff is also held without any professional or adequate legal counsel (which disadvantage the defendant's do not suffer as this victim does). Subsequent to that dilemma, this plaintiff could not discern any understanding from the defendant's motion (05-15-02), other than counsel was implying that the D.O.C. only (as an entity) should be exempt from the Complaint (list of defendant's cited).

(c) This Brief now being submitted in opposition to the motion 05-15-02 is hereby submitted without knowledge of proper legal procedures and/or necessities. This Brief will also be submitted without any citation of Case Law to support argument, because this plaintiff is barred from any access (or ability) to research or review case law or procedural information, by denied Law Library Services at the S.C.I. Mahanoy facility. To meet time limitation requirements, this plaintiff must submit this Brief under the following circumstances (and disadvantage), in his attempt to bring this Case to Court, in hopes of finding some means of justice and relief. (Plaintiff asks the Court to note that; in lieu of the bar obstructing this plaintiff from Law Library access, plaintiff cannot review the Case Law argument presented by the defendant's counsel in the defendant's motion to dismiss 05-15-02.)

## STATEMENT OF FACTS

II.    It must be brought to the Courts attention that the Defendant's Motion to Dismiss, by its own citation, <u>does</u> <u>not</u> <u>include</u> (or pertain to) the <u>individual defendant's</u> cited in Case No. 1:01-cv-00904. Defendant's; "Memorandum in Support of Motion, Statement of the Case, Questions Presented page 2, footnote 1." states: "Additional defendant's, Miknich, Shannon, Dotter, Chismar, Kane, Mooney, Horn, Beard <u>do</u> <u>not</u> <u>join</u> <u>this</u> <u>motion</u> and filed an answer to the complaint on February 20, 2002." The Motion to Dismiss (05-15-02) only offers an un-sound argument based on obscure reasoning to dismiss the D.O.C. "<u>only</u>" as a defendant, by implying that this plaintiff failed to state a claim upon which relief may be granted. However, as this Court is aware, and as Case documents will show, this plaintiff has cited and filed on an abundance of claims upon which relief may be granted, supported with citation of Amendment rights violations committed by defendant's, D.O.C. Directives/Policy/Procedure violations committed by defendant's, along with extensive documentation evidence which includes numerous affidavit statements and testimonies. Additionally, aside from the defendant's motion not presenting any adequate argument for some-sort-of immunity status for the entity of the D.O.C., the motion also fails to present any argument "what so ever" that would include (or cover) the <u>individual defendant's</u> (in this implied immunity clause), who are "supposedly" facing accountability for violations and crimes they have committed, as charged in the Complaint by plaintiff, as presented to the Court and laws of the land by plaintiff, under the equal treatment/protection/justice laws for all citizens of the United States of America, which treatment/protection/justice this plaintiff is trying to appeal to for relief and justice.

## ARGUMENT

III. (a) Counsel for the defendant's presents to the Court arguments that the D.O.C. cannot bear responsibility as an entity, because it has complete immunity from any accountability. Plaintiff questions the integrity these proceedings (and fairness to this plaintiff), being that the Court "should be knowledgeable (certainly more than "this layman of law) that the D.O.C. <u>is not</u> immune to the laws of this land. Especially when the entity "in structure" itself tolerates or supports violations and violating staff members, and/or supports or shields said employees from any accountability for violations of abuse, misconduct, or crimes they perpetrate against persons subjugated to said entity's authoritative prowess, custody, or controle.

(b) Exemplar's to this can be found in defendant Vincent Mooney, who, as known by the D.O.C. Administrators, has a horrific history of misconduct and abuse violations of persons within the custody and control of the D.O.C. entity (which knowingly allows this individual and abuses to exist), as these issues will be presented to the Court. The same can be found in defendant's T.E. Miknich and Kevin Kane (as to misconduct history's of the defendant's D.O.C. personnel records which will be sequestered for Court proceedings).

(c) Plaintiff asserts that the defendant's motion to dismiss is totally preposterous, which in effect states that the D.O.C. is un-accountable for any crimes, violations, seizures of legal property and obstructions to legal pursuits by staff action against persons held in said custody and control of the D.O.C.. Apart from recent PA. rulings on this matter of immunity (presented in lieu of this very same argument in Ronald Wheeler vs The PA D.O.C. ((Case unknown, Case Law for argument with-held by bar from Law Library access)), as with the citations and substance of plaintiff's complaint, there is no sovereign immunity for the entity of the D.O.C., also in this instance, under State and Federal "Whistle-blower laws." (Case law for this argument un-attainable via bar from Law Library services.) The citations and substance of the Plaintiff's claims of violations, crimes, involvements, and circumstances existing, permitted, un-corrected, and the continued retaliatory abuses plaintiff suffers via official retaliations with subsequent neglect within the D.O.C. entity "most certainly does implicate the D.O.C. accountable" for the treatment and care of those subjugated to the custody and control of said entity. Such cause is not barred by sovereign immunity as this Court is aware. On the merits of the Defendant's Motion to Dismiss, it is quite evident that this is just another deceptive unfounded attempt (by the defendant's and counsel) to manipulate a way for the Court to process this plaintiff's complaint by dismissal, so as to dodge any and all accountability for the violations and crimes committed by the defendant's, just as "has" been accomplished so far under the shield and prowess of the D.O.C. entity.

### CONCLUSION

IV. Wherefore, being that the citations and substance of the Complaint, "where if any combination of the facts found might qualify this plaintiff to Court action under section 1983," this Court is legally required to deny the defendant's motion to dismiss this Complaint. The citations of violations and crimes have been filed upon and reported on for Court action, "and pursuant to no action taken to secure relief to this victim by either the D.O.C. or this Court, said abusive treatment of this plaintiff continues at the S.C.I. Mahanoy facility where petitioner continues to suffer retaliatory abuses by said Administrators.

For the foregoing reasons, the defendant's motion to dismiss Complaint 1:01-cv-00904 against them should be denied.

Respectfully submitted,

[signature]

CERTIFICATE OF SERVICE

I, Brett T. Culver, the plaintiff in this Case No. 1:01-cv-00904 hereby certify that on this date I caused to be served the forgoing Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Pursuant to Court Order of 09-11-02. The documents cited herein have been sent by United States mail via S.C.I. Mahanoy inmate mail services, addressed to the following:

2 copies:   United States District Court
            Office of the Clerk
            228 Walnut Street
            P.O. Box 983
            Harrisburg, PA  17108

7 copies:   Defendant's copies in care of
            Office of Attorney General
            Maryanne Lewis
            Strawberry Square
            Harrisburg, Pa  17120

                                                    _____
                                                    Brett T. Culver
                                                                  Plaintiff.

DATE: September 26, 2002