

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,                          :
                                          :
            Plaintiff                     :    CIVIL NO. 1:CV-01-0904
                                          :
      v.                                  :    (Judge Kane)
                                          :
COMMONWEALTH OF                           :
      PENNSYLVANIA, *et al.*,             :
                                          :
            Defendants                    :

**FILED**
**HARRISBURG**

FEB 2 0 2003

MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

## MEMORANDUM AND ORDER

### Background

The Plaintiff, Brett T. Culver, an inmate at the State Correctional Institution-Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, commenced this action on May 23, 2001, with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. §§ 1983, 1985, and 1986.  In his complaint, the Plaintiff claims that the individual Defendants are responsible for acts or omissions in violation of the Plaintiff's rights.  The Plaintiff is requesting injunctive relief requiring, *inter alia*, the Pennsylvania Department of Corrections to expunge certain entries from the Plaintiff's files, and preclude consideration of such entries in parole determinations. Presently before the Court is a motion to dismiss (Doc. 62) the Pennsylvania

Department of Corrections[1] as a Defendant to the action.  The motion has been

briefed, and is ripe for determination.

## **Discussion**

In rendering a decision on a motion to dismiss, the court must accept the

veracity of the Plaintiff's allegations.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);

*White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63,

65 (3d Cir. 1996), the Third Circuit Court of Appeals added that when considering a

motion to dismiss. . .a court should "not inquire whether the plaintiffs will ultimately

prevail, only whether they are entitled to offer evidence to support their claims."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Additionally, a court must "accept as

true the factual allegations in the complaint and all reasonable inferences that can be

drawn from them."  *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.

1990); *Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165,

1168 (3d Cir. 1997).  Finally, it is also well-settled that *pro se* complaints should be

liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This court will now

discuss the Defendant's motion in the context of the standards set forth above.

In order to state a viable § 1983 claim, it is well-settled that a Plaintiff must

---

[1]    The Movant verifies, in footnote 1 of its memorandum in support of the motion, that "[a]dditional defendants, Miknich, Shannon, Dotter, Chismar, Kane, Mooney, Horn and Beard do not join this motion and filed an answer to the complaint on February 20, 2002.

2

plead two essential elements:  1) that the conduct complained of was committed by a "person" acting under color of state law, and 2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71.  "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider:  (1) whether the state would be responsible for the payment of any

3

judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the moving defendant would have to be paid out of the Pennsylvania state treasury. Furthermore, the moving defendant receives all of its funding from the state and does not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, the Commonwealth of Pennsylvania Department of Corrections is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant. An appropriate order follows.

**AND NOW, THIS** 19th **DAY OF FEBRUARY, 2003, IT IS HEREBY ORDERED THAT** the motion to dismiss (Doc. 62) Defendant, the Commonwealth of Pennsylvania, Department of Corrections, is hereby **GRANTED.**

YVETTE KANE
United States District Judge

4