## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT CULVER,                      :
                                   :
        **Plaintiff**              :
                                   :
    v.                             :      NO. 1:CV-01-0904
                                   :
COMMONWEALTH OF                    :
PENNSYLVANIA, *et al.*,            :      (JUDGE KANE)
                                   :
        **Defendants**             :

FILED

MAY 0 9 2003

PER

HARRISBURG, PA.          DEPUTY CLERK

## DEFENDANTS' STATEMENT OF MATERIAL
## FACTS AS TO WHICH THERE IS NO
## <u>GENUINE ISSUE IN DISPUTE</u>

Defendants, pursuant to Middle District Rule 7.4 and through their counsel, submit that the following facts are material to this action and genuinely in not in dispute:

1.    Plaintiff is Brett T. Culver, an inmate currently incarcerated at the State Correctional Institution at Mahanoy, Pennsylvania ("SCI-Mahanoy").

2.    Defendants are Corrections Officer Thomas Miknich, Captain Vincent Mooney, Hearing Examiner J. Kevin Kane, Grievance Coordinator Carol Dotter, Unit Manager Linda Chismar and Superintendent Robert D. Shannon, who at all times relevant to the complaint were employed at SCI-Mahanoy.[1]   Also named in the

---

[1] Carole Dotter retired in November, 2002, Linda Chismar is currently employed at SCI-Coal Township and Robert Shannon is the currently the Superintendent at SCI-Frackville.

complaint is former DOC Secretary Martin Horn and current DOC Secretary Jeffrey Beard.

3.     On April 13, 2000, inmate Brett Culver, DD-3483 came to the desk for a pass from the Recreation Library.  Officer Miknich noticed that Culver had a folder with a newspaper and papers inside of the newspaper.  The papers appeared  to be blank Grievanoy and Request Slip forms.  Pursuant to SCI-Mahanoy policy, folders and other documents are not permitted in the Recreation Library.  Officer Miknich also observed that the newspaper was that of inmate Dana Gillingham.  (*See* Exhibit "A", Unsworn Declaration of Thomas Miknich, ¶5).

4.     Miknich explained to Culver that inmates are not to posses another inmates newspaper outside of the cell block and that possession of another inmate's property is not permitted and is considered contraband.  It was further explained to Culver that while files and documents are permitted in the Law Library, they are not permitted in the Recreation Library.  Miknich  gave Culver a warning and requested that he forfeit the newspaper.  (*Id.,*¶5).

5.     Culver refused to give Officer Miknich the newspaper and pursuant DC-ADM 801, policy he was issued Misconduct No. A 159045, Possession of Contraband and Loaning or Borrowing Property and confiscated the property.  In accordance with DOC policy, Miknich issued Culver Confiscation Receipt, No A

-2-

150818 for the newspaper and 31 pages of what Miknich described as legal work. (*Id.*, ¶7).

6.    Subsequent to the issuance of the misconduct, the confiscated materials were placed in an envelope, labeled, sealed and taken to the property room, pending disposition of the misconduct.  (*Id.*, ¶8).

7.    Culver submitted a grievance on April 13, 2000, the same date he was issued Misconduct No. A 159045, alleging that he was harassed by the Education Building Block Officer, Officer Miknich.  Culver further alleged that his newspaper and legal documents were confiscated.  (*See* Exhibit "B", Unsworn Declaration of Carol Dotter, ¶5).

8.    On April 14, 2000, Culver submitted an Inmate Request to Superintendent Shannon concerning the documents confiscated regarding Misconduct No. A 159045.  Shannon informed Culver to contact the property room.  (*See* Exhibit "D", Unsworn Declaration of Robert Shannon, ¶7).

9.    On April 17, 2000, Culver's misconduct hearing was held regarding Misconduct No. A 159045.  Culver was permitted a witness, Dana Gillingham, and was permitted to present his version of the incident.  (*See* Exhibit "C", Unsworn Declaration of J. Kevin Kane, ¶4).

10.    At the misconduct hearing, Hearing Examiner Kane considered officer Miknich's report, Culver's version as well as Gillingham's statement that he gave the newspaper to Culver.  After a review of the information, documentation and evidence presented, Kane found Culver guilty of possession of contraband,  reduced the charge to a Class II misconduct and revoked the contraband.  (*Id.*, ¶¶ 5-6).

11.    The finding of guilt and sanction imposed on Misconduct A 159045 was based on the credibility evidence, testimony, and the reports presented at the hearing. (*Id.*)

12.    On April 18, 2000, Carol Dotter, the Grievance Coordinator returned Culver's grievance and explained that pursuant to DC-ADM 804, he needed to report the matter to the Zone Lieutenant in order to attempt an informal resolution of his complaint.  (*See* Exhibit "B", ¶6).

13.    Superintendent Shannon received another request slip from Culver on April 24, 2000, regarding the documents confiscated in reference to Misconduct No. A 159045.  Shannon informed Culver that the issues in his request form may be matters to consider in his misconduct appeal.  (*See* Exhibit "D", ¶8).

14.    DC-ADM 801 is the exclusive mechanism an inmate employs when appealing matters concerning misconducts, including procedures, hearings, and sanctions pertinent  to the misconduct. Inmates may not employ DC-ADM 804 (the

-4-

grievance process) concerning procedures, hearings and sanctions regarding a misconduct. (*Id.*, ¶4).

15.    Culver informed Dotter on April 28, 2000 that he did not receive a response from the Zone Lieutenant and on May 1, 2000, Dotter accepted Grievance No. MAH-0217-00.   Lt William Banta was assigned to investigate Culver's complaint. (*See* Exhibit "B", ¶7).

16.    Lt. Banta's investigation revealed that on April 13, 2000, Culver was found guilty of Misconduct No A 159045, Possession of Contraband and Loaning or Borrowing Property and that the hearing examiner order the contraband revoked. Lt. Banta forwarded a written response to Culver on May 10, 2000.   Culver did not appeal Lt. Banta's decision regarding the grievance to the Superintendent for review. (*Id.*, ¶8).

17.    On April 28, 2000, Culver appealed the hearing examiner's finding to the Program Review Committee ("PRC").   The PRC reviewed Culver's appeal and sustained the sanction of hearing examiner.    Culver was notified in writing of the PRC finding.  (*See* Exhibit "B", ¶10).

18.    Culver appealed the decision of the PRC to Shannon on May 11, 2000. In his appeal, Culver questioned whether newspapers were considered contraband.

Culver made no mention of any other documents. Shannon denied Culver's appeal on May 12, 2000. (*Id.*, ¶12).

19. On June 8, 2000, Culver submitted another grievance, Grievance No. 0286-00. In this grievance, Culver once again alleged that he was continuously harassed by Officer Miknich and that Miknich took his legal materials. This grievance was assigned to Lt. Brennan for investigation. (*See* Exhibit "B", ¶9).

20. On June 25, 2000, Culver notified Dotter that he wished to withdraw Grievance No. 0286-00, as per his conversation with Lt. Brennan. On August 4, 2000, Culver submitted another grievance concerning the same issues as Grievance Nos. 0217-00. In accordance with DC-ADM 804, Dotter returned the grievance to Culver on August 9, 2000, and informed him that this matter was addressed in a previous grievance. (*Id.*, ¶10).

21. Culver re-submitted the August 4, 2000, grievance on August 11, 2000, stating that the matter surrounding both Grievance No. 0217-00 and 0286-00 have not been resolved. On August 16, 2000, Dotter returned the grievance to Culver and informed him that Grievance No. 0217-00 had been addressed and not appealed to the Superintendent. Culver was also reminded that he withdrew the other grievance and questioned whether he wanted to re-file the grievance and have it reinvestigated. (*Id.*, ¶¶ 11-12).

22.    On August 18, 2000, Culver informed Dotter that it was acceptable to re-file Grievance No. 0286-00 and Dotter informed Culver that the grievance was filed and would be reinvestigated.  (*Id.*, ¶13).

23.    Lt. Brennan investigated Grievance No. 0286-00 and found no evidence to support Culver's claims.  Brennan further reported that Culver had, on occasion, disregarded the proper procedures for attending the Library and Education Building and brought unauthorized materials into the library.  Brennan informed Culver of his findings regarding Grievance No. 0286-00 on August 24, 2000.  (*Id.*, ¶14).

24.    Culver appealed grievance findings to Superintendent Shannon. Shannon reviewed Culver's grievance, Lt. Brennan's response and Culver's appeal.   On August 29, 2000, Superintendent Shannon denied Culver's appeal and placed Culver on grievance restriction.  (*See* Exhibit "D", ¶14).

25.    On September 5, 2000, Superintendent Shannon received a request slip from Culver  alleging  that Officer Miknich was harassing and stalking him and that he "cannot be held accountable for any actions on my part that might occur related to these situations."  (*Id.*, ¶16).

26.    Shannon responded to Culver on September 7, 2000, and informed him that he should provide the relative information to the security office so his allegations

could be formally investigated.  Shannon further informed Culver that he most certainly would be held accountable for his actions.  (*Id.*, ¶16).

27.   Captain Mooney  investigated the allegation contained in Culver's request slip.  Mooney attempted to interview Culver concerning the threatening statements but Culver refused to cooperate.  Based on his investigation and Culver's threatening statements in his September 5, 2000 request slip, Captain Mooney issued Culver Misconduct No. A 212770, Threatening an Employee or Their Family with Bodily Harm.  (*Id.*, ¶17; Exhibit "D", Unsworn Declaration of Vincent Mooney, ¶4).

28.   Culver's misconduct hearing regarding Misconduct No. A 212770 was held on September 22, 2000.  At the hearing, Kane considered Captain Mooney's report, Culver's version concerning the incident and the statement found in Culver's request slip, which he stated he wrote.   After a review of the information, documentation and evidence presented, Kane found Culver guilty of the threat charge and sanctioned him to ninety days disciplinary custody.  (*Id.*, Shannon Dec. at ¶18; Mooney Dec. at ¶5; Kane Dec. at ¶¶ 8-9).

29.   Culver submitted several appeals regrading Misconduct No. A 212770, none of which followed DC-ADM 801, including an appeal to the DOC Chief Hearing Examiner.   Culver was informed on several occasions of the proper procedures to follow regarding the appeal process, which he chose to ignore.   On November 2, 2000, Superintendent Shannon informed Culver that his appeal was

denied due to inappropriate submission under DC-ADM 801. (*Id.*, Shannon Dec. at

¶19).

<div style="margin-left: 40%;">

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

BY: _____
**MARYANNE M. LEWIS**
**Deputy Attorney General**
**I.D. No. 83812**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

</div>

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9719 - Direct**
**(717) 772-4526 - Fax**

**DATED:    May 9, 2003**

## CERTIFICATE OF SERVICE

I, **MARYANNE M. LEWIS**, Deputy Attorney General, hereby certify

that on this date I caused to be served the foregoing **Defendants' Statement of**

**Material Facts as To Which There is No Genuine Issue in Dispute**, by depositing

a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA.,

addressed to the following:

**Brett T. Culver, #DD 3483**
**SCI-Mahanoy**
**301 Morea Road**
**Frackville, PA  17932**

**MARYANNE M. LEWIS**
**Deputy Attorney General**

**DATE: May 9, 2003**