# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT CULVER,                    :
                                 :
      **Plaintiff**                :
                                 :
      v.                          :     **NO. 1:CV-01-0904**
                                 :
COMMONWEALTH OF                  :
PENNSYLVANIA, *et al.*,          :     **(JUDGE KANE)**
                                 :
      **Defendants**              :

FILED
MAY 0 9 2003
PER
HARRISBURG, PA.      DEPUTY CLERK

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF THE CASE

    This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. §1983 alleging claims under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  The allegations in the complaint stem from alleged false misconducts, confiscation of documents and grievances  that plaintiff claims affected him while incarcerated at the State Correctional Institution at Mahanoy, Pennsylvania ("SCI-Mahanoy").

    Plaintiff, Brett Culver, is a prisoner currently incarcerated at SCI-Mahanoy.  Defendants are Corrections Officer Thomas Miknich, Captain Vincent Mooney, Hearing Examiner J. Kevin Kane, Grievance Coordinator Carol Dotter, Unit

Manager Linda Chismar and Superintendent Robert D. Shannon.[1]  Also named in the

complaint is former DOC Secretary Martin Horn and current DOC Secretary Jeffrey

Beard.

In his complaint, Culver alleges that his legal documents were illegally

confiscated and as a result he was denied access to the Court.  He further claims that

the defendants issued him false misconduct reports and subjected to retaliation and

unjust punishment.  Culver seeks injunctive relief in the return of his documents,

removal of the misconducts from his prison files as well as compensatory and punitive

damages.

On December 19, 2001, this Court directed service of Culver's complaint

and the defendants answered the complaint on February 20, 2002.  The parties have

engaged in discovery and discovery in this case is closed.   Defendants filed a Motion

for Summary Judgment and Statement of Material Facts on May 9, 2003.  This brief

is filed in support of defendants' motion.

--------------------

[1]At all times relevant to the complaint, these defendants were employed at
SCI-Mahanoy. Carole Dotter retired in November, 2002, Linda Chismar is
currently employed at SCI-Coal Township and Robert Shannon is the currently the
Superintendent at SCI-Frackville.

## STATEMENT OF MATERIAL FACTS

A statement of material facts was appended to defendants' motion for summary judgment and, in the interest of brevity, will not be repeated here. Defendants respectfully call the Court's attention to that statement, and will reference facts therefrom at appropriate points in this brief.

## QUESTIONS  PRESENTED

I.      Whether Culver Has Established That His First Amendment Right to Access to The Court Was Violated?

II.     Whether Culver Has Established a Claim of Retaliation or Violations Under the Fourth, Eighth or Fourteenth Amendments?

## ARGUMENT

I.      **CULVER WAS NOT DENIED ADEQUATE ACCESS TO THE COURT BECAUSE HE HAS NO ACTUAL INJURY.**

In his complaint, Culver alleges that his legal materials, documents and records were illegally seized and he was therefore prevented from pursuing his legal reliefs and remedies. (*See* Complaint, *passim*). Although confusing, it appears that Culver is claiming that documents confiscated as a result of an institutional misconduct violated his First Amendment right of access to the courts. Although

Culver claims that his legal efforts were prevented, he fails to establish that he suffered any actual injury or prejudice because of the defendants' alleged actions.

Although inmates have a constitutionally protected right of access to the courts, *see Bound v. Smith*, 430 U.S. 817, 828 (1977), that right is not unrestricted. *Lewis v. Casey*, 518 U.S. 343, 351-352 (1996). In *Lewis*, the Supreme Court in expressly held that an inmate alleging a denial of access to the courts must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants. *Id.*, at 349-51. Noting that actual injury derives from the doctrine of standing, the Court held that the inmate must take the additional step and show that the alleged deprivation actually hindered efforts to pursue a legal claim. This showing is the touchstone from which the claim is derived. *Id.* The Court determined that an inmate alleging denial of access to the courts "must go one step further and *demonstrate* that the alleged shortcomings hindered his efforts to pursue a legal claim." *Id.* (emphasis added).

Following the Court's direction in *Lewis*, an inmate must point to evidence of actual or imminent interference with access to the court — for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement, or that he suffered arguable harm that he wished to bring before the courts, but was so stymied that he could not file a complaint. *Id.* The Third Circuit

-4-

as also followed this reasoning in a class action filed by inmates alleging denial of access to the courts. *See Reynolds v. Wagner*, 128 F.3d 166 (3d Cir. 1997). In *Reynolds,* the court held that since the inmates utterly failed to point to any evidence of direct injury to the courts, their First Amendment challenge failed. *Id.*

Finally, not every actual legal injury or prejudice suffered by a prisoner triggers constitutional concerns. The court noted in *Lewis* that the First Amendment only protects a prisoner's access to the courts as it relates to cases which attack his convictions and sentences and to cases which challenge the conditions of his confinement. *Id.* at 355. Furthermore, inmates do not have a constitutional protected right to a grievance system and the policies and regulations associated with that process do not create a protected liberty interest in access to that procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 443 U.S. 119, 137-138 (1997); *Wilson v. Horn*, 971 F.Supp. 943, 946 (E.D. Pa. 1997), *aff'd,* 142 F.3d 430 (3d Cir. 1998). Thus, not every infringement or inconvenience suffered by a prisoner implicates this constitutional right and there is no generalized "right to litigate" which is protected by the First Amendment. *See Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999).

Against this backdrop, Culver has failed to establish a First Amendment claim of access to the courts. Culver alleges that his legal pursuits have been hindered

because his documents were confiscated pursuant to a misconduct. His complaint fails to identify what specific documents were confiscated and merely makes the bald statement that defendants "prevented plaintiff from legal pursuits, relief and remedies... ". (*See* Complaint, ¶¶ 6, 8, 10). Nowhere in his complaint does he specify *actual* or *imminent* interference with access to the courts. His complaint is void of any specific allegations that a matter was dismissed because he failed to file documents, or that he missed a filing deadline and was precluded from filing a claim.

Likewise, Culver's deposition testimony falls short of establishing *actual* or *imminent* interference with access to the courts. In his deposition, Culver was not able to specifically identify what documents were allegedly illegally confiscated. The best Culver could muster was that the documents confiscated were administrative papers that concerned a stabbing incident that occurred at SCI-Rockview in August of 1999. Culver stated that the documents were related to the relief he was trying to get at Rockview and documents he needed in preparing a habeas corpus action. (*See* Exhibit "F", pp. 30-33). When given the opportunity, Culver could not cite to any incident where he was in fact harmed by not having the documents. He did not mention any filing deadline being missed or that his efforts to pursue a specific, bona fide legal claim were hindered; rather, could only repeat the vague and general

statement that was not able to seek legal remedies he could have obtained through the legal efforts he was pursuing. *Id.*

In addition, Culver was informed on several occasions the mechanism to employ to seek return of his papers. Culver elected not to follow those directions nor did he address the confiscation of his documents in his misconduct appeal. (*See* SMF, ¶¶ 8, 12, 13, 18). In short, Culver, has simply failed to provided any evidence that the alleged missing documents caused him any actual litigation related injury or legal prejudice. Accordingly, Culver has failed to establish that the defendants denied him access to the courts and summary judgment should be entered in their favor.

## II. CULVER CANNOT ESTABLISH A CLAIM OF RETALIATION OR VIOLATIONS OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS.

In his complaint, Culver alleges that he had been issued misconduct reports and subjected to punishment at SCI-Mahanoy pursuant to retaliatory actions and assaults. (Complaint, ¶¶ 3, 4, 10, 16, 18). He further claims that the defendants continue to subject him to retaliatory actions and corruption and have altered, falsified and degraded his record. (Complaint, ¶¶ 16, 18). Although Culver claims retaliation, he fails to establish that the defendants were in fact retaliatory. Moreover, as established by the material facts, the actions and the decisions of the defendants' actions were reasonably related to legitimate prison administration.

In *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001), the Third Circuit set forth the elements of a prisoner's cause of action and the burden of proof he must carry in order to sustain a claim of retaliation. As a threshold matter, a prisoner-plaintiff must show that the conduct which lead to the alleged retaliation was constitutionally protected. *Rauser, supra,* at 332. The prisoner must then show he suffered some "adverse action" at the hands of prison officials. The prisoner must also prove a causal link between the exercise of the constitutional right and the adverse action taken against him. Prison officials may still prevail, however, by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological goal. *Rauser, supra,* at 333. Applying these standards to the facts of this case, Culver has failed to assert a proper claim of retaliation against the defendants regarding his misconducts, grievances, alleged missing property or his remaining claims.

In his complaint, Culver alleges that defendants Miknich and Mooney issued him false misconducts. (Complaint, ¶¶ 2-7, 18-21). Culver further alleges that defendant Chismar provided false information in another misconduct, that defendant Dotter failed to process his grievance and that defendants Kane and Shannon retaliated against him by subjecting him to unjust punishment. (*Id.*, ¶¶ 9, 10-11, 14-16).

-8-

According to Culver, the defendants collaborated in administrative retaliatory actions and refuse to resolve anything. (*See* Exhibit "F", pp. 79-80).

The material facts establish that on April 13, 2000, Officer Miknich issued Culver a misconduct for Possession of Contraband and Loaning or Borrowing Property because he violated SCI-Mahanoy regulations concerning newspapers and materials that are permitted in the Recreation Library. Pursuant to DC-ADM 801 the newspaper and his folder were considered contraband and were confiscated. (*See* SMF, ¶¶ 3-6).

Culver received a hearing regarding the misconduct report and after a review of the information, documentation and evidence presented, hearing examiner Kane found Culver guilty of possession of contraband, reduced the charge to a Class II misconduct and revoked the contraband. (*Id.,* ¶¶ 9-11). Culver appealed the hearing examiner's finding to the Program Review Committee ("PRC") and to the Superintendent's office. In his appeal to the PRC and the Superintendent, Culver questioned whether newspapers were considered contraband. Culver made no mention of any other documents. Culver's appeal was reviewed, and based on the information provided, the appeal was denied by both the PRC and the Superintendent. (*Id.,* ¶¶ 17-18).

In September, 2000, Captain Mooney issued Culver a misconduct for Threatening an Employee or Their Family with Bodily Harm, based on his investigation into a threatening request slip Culver sent to the Superintendent concerning Officer Miknich. (*Id.*, ¶¶ 24-25). Culver received a hearing regarding the misconduct report and after a review of the information, documentation and evidence presented, Culver was found guilty of the threat charge and sanctioned to ninety days disciplinary custody. (*Id.*, ¶28). Culver submitted several appeals regrading Misconduct No. A 212770, none of which followed DC-ADM 801. On November 2, 2000, Superintendent Shannon informed Culver that his appeal was denied due to inappropriate submission under DC-ADM 801. (*Id.*, ¶27).

In addition to his claim that he was issued and found guilty of misconducts for retaliatory reasons, Culver claims that his inmate grievances were denied for the same retaliatory reasons. To the extent Culver is alleging his missing papers were not returned to him for retaliatory purposes, he once again fails to present any proof of retaliation.

Culver submitted a grievance on April 13, 2000, the same date he was issued Misconduct No. A 159045, alleging that he was harassed by Officer Miknich. Culver further alleged that his newspaper and legal documents were confiscated. The following day, Culver submitted a request slip to the Superintendent concerning the

-10-

confiscated documents and Shannon informed Culver to contact the property room. (*See* SMF, ¶¶ 7-8). Shannon received another request slip from Culver on April 24, 2000, regarding the documents informed Culver that the issues in his request form may be matters to be consider in his misconduct appeal. Lt. Banta nevertheless conducted an investigation into the grievance and informed Culver that the hearing examiner order the contraband revoked. Culver did not appeal Lt. Banta's decision regarding the grievance. (*Id.*, ¶16). Culver also submitted additional grievances regarding alleged harassment by Officer Miknich, which were investigated by Lt. Brennan. Brennan found no evidence to support the claims and reported that Culver had, on occasion, disregarded the proper procedures for attending the Library and Education Building and brought unauthorized materials into the library. Brennan informed Culver of his findings. (*Id.*, ¶23). Culver appealed the grievance findings to the Superintendent who reviewed the appeal and subsequently denied it. (*Id.*, ¶24).

Here, the material facts and supporting documents reveal that Culver's grievances concerning his allegedly missing property and accusations concerning the defendants were investigated and responded to. Culver was given direction concerning resolution of the alleged legal materials, which he elected not to pursue. In addition, Culver is unable to present any proof of retaliation other than general statements that the defendants issued him misconduct reports and found him guilty of

those misconducts based retaliation.  In his deposition, Culver could offer no proof

that the defendants' actions were grounded in retaliation.  Rather, he could only repeat

the conclusory statements that defendants Miknich, Mooney, Chismar, Dotter, Kane

and  Shannon collaborated in administrative retaliatory actions by manipulating their

positions and authority to retaliate against him.  (*See* Exhibit "F", pp. 78-80).  The

accusations and speculations offered by Culver  are simply not enough to establish a

causal link between a constitutional right and an adverse action.  *See Rauser, supra.*

To the extent that Culver is alleging that his Fourteenth Amendment due

process rights have been violated during the misconduct proceedings, he cannot

establish a claim.  Culver was afforded the process that was due to him under the

applicable DOC administrative remedies.  *See Wolff v. McDonnell*, 418 U.S. 539

(1974).  The record demonstrates that here was at least "some evidence" supporting

the findings against him.  *See Superintendent v. Hill*, 472 U.S. 445 (1985).  Culver

received administrative hearings and an appeal process pursuant to DC-ADM 801. The

facts establish that Culver was issued and found guilty of the misconducts based upon

the information presented and that he violated prison regulations.  Culver has not and

cannot prove that these defendants acted for any other reason.  Therefore, any

Fourteenth Amendment Due Process claims regarding these misconducts cannot be

established.

Finally, a defendant may not be held liable under §1983 on the principle of *respondeat superior*. *Hetzel, supra*. A complaint must instead evince the personal involvement of each named defendant in the conduct which forms the basis of the action. *See generally Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Vicarious liability also is not actionable under §1983 — only those who actions personally caused the plaintiff's injuries may be held liable. *Shaw by Strain v. Stackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

In his complaint, Culver fails to allege any specific conduct regarding defendants Chismar, Horn and Beard  In his complaint and deposition, Culver merely states that Horn had "failed to perform his official duties," "failed to take appropriate action," and  is  responsible for "administrative officials under his overall authority, responsibility and direction." (*See* Complaint, ¶¶ 23-24).  His complaint and deposition are void of any specific allegations concerning Horn's knowledge or involvement in the claims found in his complaint.  According to Culver, Horn retaliated against him because as administrators of the DOC and should be in control of his underlying administrators. (*See* Exhibit "F", pp. 78-79).  While Culver identifies Secretary Beard in the caption of his complaint, he makes no allegation concerning Beard in the complaint, other than he is the successor to defendant Horn.

*Id.* Culver's complaint and deposition merely make vague and unsupported statements that defendant Chismar collaborated with offending staff in retaliatory actions, including falsifying and altering records and providing false information used in a unidentified misconduct. *Id.* Although Culver alleges the defendants violated his constitutional rights and presents a myriad of general claims, he simply fails to present specific allegations against them. Absent specific allegations against the individual defendants, §1983 liability is unavailable. Moreover, accusations and speculations are simply not enough to establish a causal link between a constitutional right and an adverse action. *See Rauser, supra.* Therefore, judgment should be entered as a matter of law for the defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion for summary judgment.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**MARYANNE M. LEWIS**
**Deputy Attorney General**
**I.D. No. 83812**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9719 - Direct**
**(717) 772-4526 - Fax**

**DATED:    May 9, 2003**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT CULVER,                          :
                                       :
         Plaintiff                     :
                                       :
         v.                            :        NO. 1:CV-01-0904
                                       :
COMMONWEALTH OF                        :
PENNSYLVANIA, *et al.*,                :        (JUDGE KANE)
                                       :
         Defendants                    :

## CERTIFICATE OF SERVICE

I, **Maryanne M. Lewis**, Deputy Attorney General, hereby certify that on

May 9, 2003, I caused to be served a copy of the foregoing **Brief in Support of**

**Defendants' Motion for Summary Judgment**, by depositing same in the United

States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

**Brett T. Culver, #DD 3483**
**SCI-Mahanoy**
**301 Morea Road**
**Frackville, PA  17932**


                                       _____
                                       MARYANNE M. LEWIS
                                       Deputy Attorney General
                                       I.D. No. 83812