*Court*

O RIG

1 to cd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

            Plaintiff,

        v.

COMMONWEALTH OF PENNSYLVANIA,
**et al.**,

            Defendants.

BRIEF FOR JUDGEMENT MOTION

Case No.   1:cv-01-0904

(Judge Kane)



FILED

MAY 1 2 2003

PER _____
HARRISBURG, PA.    DEPUTY CLERK

## BRIEF FOR JUDGEMENT MOTION

1. (a) Plaintiff Motions this Court for justice and Judgement towards the violators and violations committed against the U.S. Constitution and Amendment Rights of this citizen thereof, notwithstanding situations suffered relative to the cited abuses this victim has been subjected to during and pursuant to violations and actions committed against his person by the defendants cited in Case No. 1:01-cv-00904.

  (b) Plaintiff refers this Court to the fact that this plaintiff is detained at S.C.I. Mahanoy, which is a Administrative part of the PA. Department of Corrections, and that this plaintiff is in the direct care, custody, treatment, and control of said facility staff, which said authority and staff **are subject to** the laws and statures of the U.S. Government which establishes and enforces the protection and rights of it's citizens which this plaintiff is a member. Wherefore, being that the defendant's in this complaint are cited as violators of the laws and statures of the U.S. Constitution, and have violated this plaintiff's Amendment Rights as governed by the U.S. Government, justice and judgement are wanting in this Case No. 1:01-cv-00904.

2. (a)   On 4-13-00, defendant T.E. Miknich, who is a staff member of the S.C.I. Mahanoy Administrative staff (operating in that capacity) did in fact seize this plaintiff's personal property (Plaintiff's legal materials, records, documents, testimonies necessary for legal pursuits and efforts then active). This FACT is proven by documentation of the actual siezure (DC-154A Confiscated Items Receipt No. A 150818 signed by defendant), by defendant's further admissions, and this plaintiff's efforts to reclaim property through Administrative procedures. Review of record and documentations will reveal that this plaintiff's efforts to process these issues were thwarted by official manipulations (compromising) of process which prevented and hindered successful processing through DC-ADM 804 procedures. The staff who participated in said manipulations to compromise the process efforts of this plaintiff have committed direct violations against the Pa. D.O.C. Policy/Directives/Procedure and the Forth Amendment of the United States Constitution. THOMAS V. ROACH, 165 F3d 137 (2d Cir. 1999) "liability for damages under § 1983 for the unconstitutional acts of employees." FERRILL V. PARKER GROUP. INC., 168 F.3d 468 (11th Cir. 1999). (See Plaintiff's; "RESPONSE TO COURT ORDER" dated 4-31-01.) THOMAS V. EVANS, 880 F.2d 1235, 1241-42 (11th Cir. 1989), "confiscation of legal materials." WRIGHT V. NEWSOME, 795 F.2d 964, 968 (11th Cir. 1986), "seizure of property." HALL V. SUTTON, 790 F.2d 786, 787 (11th Cir. 1885), "confiscation of property." BROWNLEE V. CONINE, 957 F.2d 353, 354 (7th Cir 1992); ROMAN V. JEFFES, 904 F.2d 192, 198 (3d Cir. 1990); MORELLO V. JAMES, 810 F.2d 344, 347 (2d Cir. 1987); SIMMONS V. DICKHAUT, 804 F.2d 182, 183-85 (1st Cir. 1986); CARTER V. HUTTO, 781 F.2d 1028, 1032 (4th Cir. 1986); PATTERSON V. MINTZES, 717 F.2d 284, 288 (6th Cir. 1983); TYLER V. WOODSON, 597 F.2d 643, 644 (8th Cir 1979); WILLIAMS V. ICC COMMITTEE, 812 F.Supp. 1029, 1032-33 (N.D.Cal. 1992); GALLIPEAU V. BERARD, 734 F.Supp. 48,53 (D.R.I. 1990); BALABIN V. SCULLY, 606 F.Supp. 176, 183-84 (S.D.N.Y. 1985(; STRINGER V. THOMPSON, 537 F.Supp. 133, 137 (N.D.III. 1982); SLIE V. BORDENKIRCHER, 526 F.Supp. 1264, 1265 (N.D.W.Va. 1981).

(b)   There is no exception for the seizure, or actions thereof pursuant to this seizure, either by the initial violator, nor the S.C.I. Mahanoy official chain of command (including collaborative D.O.C. officials) who participated in actions (or decisions) to support said action of seizure. This constitutes a direct violation of this plaintiff's Constitutional Rights.

(c) This ultimately encompasses any and all actions or decisions by Administrative staff, who, independently or in concert participated to hindered the return, or failed to make the order to return, or supported decisions "not to return the unlawfully seized and with-held property of this victim, which authority had the opportunity and ability to preform return, but has (and continues) to utilize it's prowess to with-hold and deny return of said property, as it with-holds justice in these matters. (HINDES. V. F.D.I.C. 138 F3d 148 (3rd Cir. 1998)) WALTERS V. RENO. 145 F.3d 1032 (9th Cir. 1998) "Relief is appropriate in cases involving challenges to government policies that result in a pattern of Constitutional violations.

(d) Aside from the relative factors of injustices suffered by this plaintiff pursuant to the incident of property seizure, "this property seizure violation alone" warrants the complete relief and compensations outlined in this Civil Action.

3. (a) There is no justification nor immunity for the defendant's responsible for these actions/treatment/situations suffered. Every defendant cited in this case has demonstrated conduct to compromise their positions and authority to collaborate with or give support thereof to staff violations and acts of corruption, committing unjust abuse of authority, for which this Court must address and command justice. The defendant's who place themselves above this law must be held accountable for the abuses of authority they perpetrate against others, namely this plaintiff in this case. HAFER V. MELO. 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991) State officials held subject to personal liability for damages under 42 USCS § 1983 based on official acts (in their individual capacities)., PETTA V. RIVARA. 133 F3d 330 (5th Cir 1998); Officer who, acting under color of state law, subjects U.S. citizen to deprivation of his constitutional rights is liable for damages to injured party."

(b) Court proceedings are necessary for this plaintiff to present the overwhelming amount of document evidence revealing the magnatude of retaliations this plaintiff has suffered and endured from the S.C.I. Mahanoy staff, as supported by the Pa. D.O.C. for the past four years, and pursuant to this plaintiff efforts to reclaim his property and establish relief from staff retaliations incurred during his detainment at the S.C.I. Mahanoy facility.

(c)  Abuses to this plaintiff's person by; "Consecutive repetitious (documented) property seizures, harasment attacks, verbal threats & abusive language, unjust manipulation and altering of plaintiff's record, denial of fair impartial equal treatment, and false charges made against his person by the defendant's, hass resulted in 1st, 4th, 8th, and 14th Amendment Rights violations. MCKINNEY V. DEKALB COUNTY, GA., 997 F.2d 1440 (11th Cir. 1993); WINSTON V. COUGHLIN, 789 F.Supp. 118, 120-21 (W.D.N.Y. 1992) "allegation that officers filed fabricated reports to conceal their Eighth Amendment violations stated a claim."; MILHOUSE V. CARLSON, 652 F.2d 371, 373 (3d Cir. 1981) "conspiratorially planned disciplinary actions." MARTIN V. EZEAGU, 816 F.Supp. 20, 24 (D.D.C. 1993) "ongoing pattern of harassment." Of record, it must be noted that during the initial time period of Administrative retaliations against this plaintiff prior to this Complaint being filed, this plaintiff was accosted with 12 fraudulent misconduct reports during that time.  Since this Complaint was filed for Court attention, for the past 2 years this plaintiff "has not been served with any misconduct charge!" (Having been reported and in the eyes of the Court, the S.C.I. Mahanoy staff have been on their best behavior, choosing not to commit further fraudulent misconduct reports.)  Being that this plaintiff has not changed nor behaved any differently during his detention at this facility, this 180 turn of events "AFTER" said Civil Action being filed, evidences guilt, and that the preceding misconduct reports were retaliatory in nature to suppress and punish this plaintiff. This includes five months of disciplinary confinement on false allegations, and denied general inmate privileges, wages, work placements, pay raises, job advancements, transfer.  Administrative manipulations to this plaintiff's record have been asserted to reflect negatively on this plaintiff for Administrative denials of owing privileges and honor status.  Evidence relative to these incidents, and surrounding Administrative actions will reveal that this plaintiff follows rules and regulations he is subject to, and has suffered unjust biased adversity from staff at this S.C.I. Mahanoy facility placement. MILHOUSE V. CARLSON, 652 F.2d 371, 373 (3d Cir. 1981); MARTIN V. EZEAGU, 816 F.Supp. 20, 24 (D.D.C. 1993); JOHNSON V. RODRIGUEZ, 110 F.3d 299 (5th Cir. 1997); THOMAS V. ROACH, 165 F.3d 137 (2d Cir. 1999); FERRILL V. PARKER GROUP. INC.. 168 F.3d 468 (11th Cir 1999).

4.

4. (a) This plaintiff has appealed to this Court for the past two years for protection and relief from the violators and violations cited in this Case, including compensations for damages owing. Citations and ample evidences have been submitted to warrant action to establish protection and justice in this matter now before the Court. As far as the defendant's efforts to respond, the defendant's and counsel have resisted complying honestly with procedure to this point, have refused to comply with Discovery requirements, have denied disclosure of any and all documentations identified and requested in Discovery, which, if the defendant's in any way were innocent, said identified documentations and video recordings would <u>unquestionably reveal</u> innocence (if defendant's innocence existed), and the defendant's would undoubtedly <u>rush</u> to present these cited documentations to this Court and plaintiff. But the fact is that the defendant's have <u>refused to disclose</u> the information documents and video record requested in Discovery efforts, which documentation evidence "is the direct documentation of the events/issues cited in this Complaint, and which defendant's are required by law to disclose, but which has been consistently denied by defendant's, which conclusively exposes guilt, as those documentation would show "if disclosed," being the ultimate reason the defendant's refuse to disclose said information/documentation. (See Plaintiff's; "MOTION TO ORDER DEFENDANT'S TO COMPLY WITH INTERROGATORIES REQUESTED.)

(b) Plaintiff notified and requested S.C.I.Mahanoy officials to hold <u>all</u> these documentations referred to for record evidence, as charges were being filed, and the incidents were being reported. These notifications were made the day of incidents. "However, being that identified/sequestered documentations reveal staff violations, these documentations have been denied, and no doubt have been destroyed by the corrupt officials at S.C.I. Mahanoy.

5. Being that this plaintiff has fulfilled his responsibilities to the Court to bring this matter to the Law of this land, as best possible considering his limitation as a layman at law, and the constant denial of legal compliance by the defendant's and counsel, including their refusal to comply with process responsibilities of disclosing official documentations which are in the possession and charge of said defendant's, this plaintiff prays this Court renders justice owing, and establishes relief for the situations/violations suffered. <u>MOORE V. MCDONALD</u>, 30 F.3d 616 (5th Cir. 1994); <u>BUCKLEY V. COUNTY OF LOS ANGELES</u>, 957 F.2d 652 (9th Cir. 1992); <u>GATES V. DEUKMEJIAN</u>, 977 F.2d 1300 (9th Cir. 1992); <u>VALOT V. SOUTHEAST LOCAL SCHOOL DIST. BD. OF EDUC.</u>, 107 F3d 1220 (6th Cir. 1997).

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing BRIEF was sent, this date, by First Class United States Mail to:

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

Defendants in care of
Office of Attorney General
Maryanne Lewis
Strawberry Square
Harrisburg, Pa. 17120

Date: May 5, 2003

Brett T. Culver



PITTSVILLE
MAY 08 '03
PA

INMATE MAIL
PA DEPT. OF
CORRECTIONS

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

17108+0383 99

NAME   Brett Culver
NUMBER   DD3483
301 MOREA ROAD
FRACKVILLE, PA 17932



FILED

MAY 1 2 2003

PER
HARRISBURG, PA.        DEPUTY CLERK