*Clerk's Copy*

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER | : | |
| **Plaintiff,** | : | **BRIEF** |
| | : | |
| v. | : | Case No. 1:cv-01-0904 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | (Judge Kane) |
| et al., | : | |
| **Defendants.** | : | |

**FILED**
HARRISBURG, PA

MAY 2 7 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### BRIEF IN OPPOSITION OF DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

Petitioner, Brett T. Culver, proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 cites violations to this plaintiff's First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. The violations are cited from incidents of property seizures, retaliations, and false charges.

1.(a) In "Defendants' Statement Of Material Facts As To Which There Is No Genuine Issue In Dispute" (signed; Maryanne M. Lewis, dated 5-9-03), defendant Miknich is cited as entering <u>new testimony</u>, which in itself constitutes perjury to former testimony and documentations. In Defendants' Statements (page -2- entry 3), defendant Miknich testifies that the papers he seized, were, according to his evaluation, BLANK GRIEVANCES AND REQUEST SLIP FORMS. Miknich goes on to testify that; "Pursuant to SCI-Mahanoy policy, folders and other documents are not permitted in the Recreation Library." Officer Miknich's <u>new</u> testimony is that the documents taken were BLANK GRIEVANCES AND REQUEST SLIP FORMS. However, it must be noted that "blank Grievance and Request Slip Forms" <u>in no possible way</u> can be construed as legal work, nor is there any kind of restriction on blank institution forms in the Library. Defendant Miknich formerly testifies and recorded on 4-13-00 that he identified the contents of folder as "legal work belonging to plaintiff, and counted the papers as 31 documents of <u>"LEGAL WORK."</u> (Nor would there be any reason to seize BLANK FORMS.) According to defendant Miknich's initial report, 31 pages of legal work belonging to plaintiff were confiscated 4-13-00, sealed in an envelope, and sent to the Property Office.

Secondly, Miknich alleges that, pursuant to SCI-Mahanoy policy, folders and documents are not permitted in the Recreational Library, which statement by Miknich is a fabricated falsehood. "THERE IS NO EXISTING SCI-MAHANOY POLICY stating or citing what defendant Miknich attests. Miknich alleges fictitious policy which does not exist. Also, this newly submitted testimony of fictitious policy was never cited prior to this Defendants' Statement dated 5-9-03, and has been fraudulently entered in the defendants' Motion as evidence to support the defendants alleged justifications for violations committed. Plaintiff asks the Court to order the defendants' to produce the policy they allege this plaintiff violated, which the Court will find does not exist.

(b) Miknich states (page -2- entry 4) he explained to Culver that; "inmates are not to posses another inmates newspaper outside of the cell block and that possession of another inmates property is not permitted and is considered contraband." This too is a fabricated falsehood, being that the only D.O.C. Policy referring to newspapers cites that newspapers can be given to other inmates and is not to be considered contraband in the possession of another inmate (DOC Handbook pg 4 C.B.R. 5). Therefore Misconduct No. A 159045 cited on page -5- entry 16 is unsubstantiated, unsupported, and unjustly enforced. Plaintiff again asks the Court to order the defendants to produce the alleged policy as they cite to support the alleged violations of Misconduct No. A 159045.

(Newspapers are routinely taken to Law and Recreation Library by inmates, as inmates read, research, and photo-copy newspapers daily in the Library. Their is no existing rule or policy "as the defendants' allege" stating or citing that newspapers cannot be taken to the Recreation Libray as testified in the defendants' false statements of evidence now submitted to the Court as evidence of justifications for the violations committed.

Defendant Miknich has NEVER made any of these alleged statements to this plaintiff as he claims he did, and has concocted these false statements pursuant to the incidents of violations in an attempt to dodge accountability for his actions, "after the fact."

(c) Miknich cites (page -2- entry 5) that plaintiff REFUSED TO GIVE OFFICER MIKNICH THE NEWSPAPER. According to DC-ADM 801, any refusal to comply with an order is a Class 1 misconduct, "Refusing To Obey A Direct Order." However, Miknich did not report this newly alleged violation in his Misconduct report. This is another example of defendant Miknich's habitual lying. Defendant Miknich's version of events is completely fabricated. Defendant Miknich continues to enter on record false testimony, contradictive statements, and continues to change testimony concerning events and the legal work confiscated.

2.

(d) Plaintiff points out that the copy of Defendants' Statement received jumps from page -2- entry 5, to page -5- entry 15, omitting pages 3 & 4 entries 6 through 14.

(e) Counsel cites (page -5- entry 16) that plaintiff did not appeal Lt. Banta's decision (MAH-0217-00 response dated 5-10-00, Banta). However, the record will show that Lt. Banta verifies in his response that he personally spoke with this plaintiff on these issues (Grievance citing the seizure of legal documents), but in his response Banta meticulously does not make any mention of "legal documents" that were confiscated, and applies the unspecified confiscated items to CONTRABAND, which is the fraudulent application "band wagon" ALL Administrative officials are now hanging on to justify the violations committed. Also, the Court should note that Lt. Banta fails to disclose the context of his talk with this plaintiff, in which Lt. Banta told this plaintiff that he would personally locate the legal documents confiscated and have them returned. This is what Lt. Banta is referring to in the final sentence of his 5-10-00 MAH-0217-00 response. (See Exhibit 32-B, then see Exhibit 32-C & 32-D, followed by Exhibit X. 36&37) Pending Banta's ongoing investigation owing according to his own statement, MAH-0217-00 was committed to a lull pending finalization by Banta after contacting the appropriate staff as said. See FELIZ V. TEYLOR, No. 99-cv-76354-DT 2000 wh 111019 at #2 (N.D. Ill Feb. 2, 2001) (unpublished) (holding that a plaintiff who was told his Grievance was being investigated, then when he tried to appeal later was told it was untimely, had exhausted, since he had no reason to believe he had to appeal initially), also, FELICIANO V. GOORD, No. 97 civ 263 (D/C) 1998 wh 436358 at #2 (S.D.N.Y. July 27, 1998) (unpublished) (inmate allegations that prison officials, (1) told inmate that their investigation was prerequisite to pursuing a Grievance, and (2) then provided no information about the investigation's results, were held sufficient to excuse failure to exhaust at the pleading stage). Lt. Banta failed to address and finalize findings concerning the confiscated legal work and never returned, as he also fails to mention or refer to in his response 5-10-00.

(f) Defendants' and counsel cite (page -6- entry 18) that plaintiff made no mention of legal documents in further appeals. However, the record will show that in every response (aside from Request Slip Response, Shannon, dated 4-17-00) concerning this plaintiff's appeals/Grievances/petitions to reclaim the confiscated legal documents, not one official would acknowledge or make reference to "LEGAL WORK OR DOCUMENTS" in any record response. Assertions under the premise of CONTRABAND, or CONFISCATED ITEMS were entered as officials meticulously (astutely) avoided any reference or citation of the seized legal documents.

Therefore, since the legal documents were being asserted under the premise of contraband (the fraudulently concocted lie to justify the violation of seizure), this plaintiff had to proceed in efforts to establish the truth that none of the items were contraband (as officials falsely assert), and establish a separation between the falsely alleged contraband of newspaper, and the actual legal documents which officials refuse to acknowledge and/or cite in their responses. Those efforts were and continue to be thwarted by the Administrative officials who have collaborated in acts of corruption to justify the violations committed by fellow staff. Plaintiff has over 100 record documents to evidence these facts but cannot access Photo-copy services timely, nor afford the cost at present to submit all these documentations. However, plaintiff prays this Court to bring this case to Trial where the entire record can be presented in totality, and where justice may prevail.

(g) Defendant Dotter with counsel allege (page -6- entry 20) that this plaintiff had notified Dotter with his wishes to withdraw Grievance No. 0286-00. This however is another direct falsehood which is being presented to this Court as evidence to justify the violations committed by the defendants'. Plaintiff will request that the Court order the defendants' to produce this cited evidence of alleged record request received from this plaintiff (as related/presented in this Defendants' Statement).

(h) The fraudulent assertions and statements in this Defendants' Statement is to extensive to cover at this time in completeness. This plaintiff has pointed out some of the many stark contradictions and false testimonies (including statements of perjury) submitted by the defendants' and counsel to this Court, which false testimonies are deliberate and intentional to evade truth, and rob justice in this case. According to DC-ADM 804 procedure, and upon review of all this plaintiff's efforts to process issues through DC-ADM 804 procedures, the Court will find that this plaintiff filed correctly in all his efforts, but was thwarted by official corruption and compromising of process by the defendants' in this case.

(i) Defendants' and counsel enter fabricated testimony statements (page -7- entry 23) which this plaintiff requests that this Court to order defendants to produce the record or documentation that Brennan allegedly bases his statement on.

(j) Defendants' allege that plaintiff did not follow DC-ADM 801 procedure in appeal of Misconduct No. A 212770, which in fact review of the record will show, that, defendant Shannon, at the Superintendent level refused to answer any and all appeals to his office which prevented process. The record will show that Shannon refused to respond to the appeals to his office, and that the plaintiff never appealed to DOC Chief Hearing Examiner.

2.    In defendants' MOTION BRIEF for summary judgment defendants' with counsel continue to submit fraudulent testimonies and citations, which are too extensive and numerous for this plaintiff to address in completeness. Defendants' did not comply with discovery requests as stated, as evidenced in the defendants' reply to Interrogatories. Plaintiff has established that his constitutional rights have been violated by the unlawful seizure of legal documents alone, which the defendants' cannot deny, as said seizure is documented fact. It must be accepted, at face value, that such seizure of identified legal documents has to have some effect upon whatever issues the legal documents pertained to, and that any interference must be accepted as interference with legal pursuits. Especially when the direct evidence (the documents themselves) were seized unlawfully, with-held, and never returned by the defendants' who more probable than not know the contents of those documents, their value to this plaintiff, and have been deliberately with-held or even destroyed by the defendants' as this plaintiff believes to be the facts. In the absence of these documents, and the fact that this plaintiff can prove that he was actively trying to process the issues of stabbing incident from SCI-Rockview with an outside lawyer, the Court must accept the overwhelming probability that this plaintiffs pursuits were dependent upon these documents seized during this time frame. It has also been cited that pursuant to the seizure of legal documents defendants' have accosted this plaintiff with fraudulent claims, allegations, and misconducts which constitutes retaliation. Defendants' responsible for the seizure and non-return of plaintiff's legal documents are liable for injury and damages incurred by seizure of documentations necessary for the ability to successfully pursue remedies for a stabbing incident at SCI-Rockview where staff were responsible for said incident (as the legal documents evidenced/documented. Without said documentations, this plaintiff could not competently present the issues of incident and negligence by SCI-Rockview staff. Plaintiff has established a First Amendment claim of access to the courts by the defendants' actions of unlawful seizure, and the non-return of legal property. Plaintiff tried to employ all procedure and mechanism to reclaim legal documents seized, but was thwarted by SCI-Mahanoy and D.O.C. officials. Retaliations are evidenced in the 200 + record documentations plaintiff is ready to present at Court proceedings. Plaintiff requests this Court to order the defendants' to produce the alleged policies defendants' imply to support misconducts cited in the forgoing response. Plaintiff pursued every possible avenue to justify and resolve the issues of complaint, and all defendants' cited in this case either were actively involved in the violations, the cover-up thereof, or were knowledgeable that duties of staff are not preformed with professionalism, and suffer through compromising acts of corruption. For this all D.O.C. officials must share responsibility, as these acts of corruption are evident to the facts upon investigation, as this Court will find should the defendants' testimonies and alleged policies supporting fraudulent misconducts cited are challenged.

3.     Defendants' Motion for summary judgment with the rest of defendants' Brief is a repetitious rendition of fraudulent claims and false testimonies designed to obscure any and all truth in these matters, and to steal justice in this case.  Plaintiff asks the Court to simply focus on the inconsistencies and contradictions presented by defendants' and counsel, apply reason with logic towards the falsely alleged policies defendants' imply to support misconducts utilized to justify the seizure and non-return of legal documents unlawfully taken from this plaintiff by the offending violators.  This plaintiff has submitted these evidences and testimonies to this Court for justice to prevail over the injustices.  Petitioner prays this Court to challenge the testimonies submitted by the defendants in this case by bringing this action to trial, so as to prevent a mockery of justice.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy  of the forgoing OPPOSITION RESPONSE BRIEF dated 5-22-03 was sent, this date, by First Class United States Mail to:

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

Defendants in care of
Office of Attorney General
Maryanne Lewis
Strawberry Square
Harrisburg, Pa. 17120

Date:  May 22, 2003

Brett T. Culver

6.

NAME _Brett Culver_

NUMBER _DD3483_

301 MOREA ROAD
FRACKVILLE, PA 17932

**FILED**
HARRISBURG, PA

MAY 2 7 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

17108+0383 99

INMATE MAIL
PA DEPT. OF
CORRECTIONS

U.S. POSTAGE
0037
METER 498078

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108