*ORIGINAL*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRET T. CULVER,                          :
                                         :
       Plaintiff                  :
                                         :
       v.                         :     No. 1:01-CV-0904
                                         :     (Judge Kane)
COMMONWEALTH OF                          :
PENNSYLVANIA, et al.,                    :
                                         :
       Defendants                  :

FILED
JUN 0 6 2003
MARY E. D'ANDREA, CLERK
HBG, PA DEPUTY CLERK

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C.§ 1983 alleging

claims under the First, Fourth and Fourteenth Amendments to the United States

Constitution.  Plaintiff, Brett Culver, is a prisoner currently incarcerated at SCI-

Mahanoy.  Defendants are several current or former SCI-Mahanoy and

Department of Corrections ("DOC") employees.

In his complaint, Culver alleges that his legal documents were illegally confiscated and as a result he was denied access to the Court. He further claims that the defendants issued him false misconduct reports and subjected to retaliation and unjust punishment. Culver seeks injunctive relief in the return of his documents, removal of the misconducts from his prison files as well as compensatory and punitive damages.

Following the close of discovery, defendants filed a motion for summary judgment on May 9, 2003. In support of their motion, defendants filed unsworn declarations with exhibits, a statement of material facts and a supporting brief. On May 13, 2003, undersigned counsel received Culver's motion for judgment and supporting brief. Defendants filed a response to that motion on May 28, 2003. On May 22, 2003, Culver opposed defendants' motion for summary judgment by filing a response to the motion and brief.[1] This brief is filed in response to Culver's brief in opposition.

---

[1]In his brief Culver states that he did not receive pages 3 and 4 of defendants' statement of material facts. Undersigned counsel will serve Culver with another copy of the defendants' statement of material facts this date. A review of the docket via PACER reveals that defendants' statement of material facts, filed with the Court is complete and contains pages one through nine.

# ARGUMENT

## A.    Summary Judgment Standards

Summary judgment is proper where the record shows there is "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In Celotex v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that this rule mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the part's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In this case, Culver must submit evidence on each essential element of his claim in order to avoid summary judgment. Williams v. Borough of West Chester, 891 F.2d 458, 459-460 (3rd Cir. 1989). To meet this burden, he must come forward not with allegations, speculations, or conclusory statements, but with specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 322-23.

If Culver's evidence is merely colorable or not significantly probative, summary judgment must be granted in favor of defendants. Hankins v. Temple University, 829 F.2d 437, 440 (3rd Cir. 1989). Moreover, the existence of any dispute of fact is not enough to defeat a defendant's motion. Rather, the disputed fact must be "material;" that is, it must affect the outcome of the suit as determined

by substantive law.  Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3rd Cir. 1992).

Applying these standards to this case, Culver has failed to submit evidence sufficient to establish the essential elements of his claim and he has failed to demonstrate genuine disputes of material facts requiring a trial.

**B.    Defendants Did Not Violate Culver's
First Amendment Rights Because He Has
Failed to Demonstrate An Actual Injury**

In his brief in opposition, Culver attempts to demonstrate that his First Amendment rights were violated when his alleged legal materials and documents were confiscated as a result of an institutional misconduct.  He states his legal documents and records were illegally seized and he was therefore prevented from pursuing his legal reliefs and remedies.  Although Culver claims that his legal efforts were prevented, he fails to present any evidence that he suffered any actual injury or prejudice because of the defendants' alleged actions.

Admittedly, prisoners do not shed all constitutional rights at the prison gate, and although inmates have a constitutionally protected right of access to the courts, *see* Bound v. Smith, 430 U.S. 817, 828 (1977), that right is not unrestricted.  Lewis v. Casey, 518 U.S. 343, 351-352  (1996).  As noted in

4

defendants' brief in support of summary judgment, an inmate alleging a denial of
access to the courts must show that he suffered an actual litigation related injury or
legal prejudice because of the actions of the defendants.  <u>Lewis</u>, at 349-51.
Inmates alleging denial of access to the courts "must go one step further and
*demonstrate* that the alleged shortcomings hindered his efforts to pursue a legal
claim." (emphasis added).  The court noted in <u>Lewis</u> that the First Amendment
only protects a prisoner's access to the courts as it relates to cases which attack his
convictions and sentences and to cases which challenge the conditions of his
confinement.  <u>Id</u>. at 355.  Thus, not every infringement or inconvenience suffered
by a prisoner implicates this constitutional right and there is no generalized "right
to litigate" which is protected by the First Amendment. *See* <u>Thaddeus-X v.
Blatter</u>, 175 F. 3d 378, 391 (6th Cir. 1999).

In this case, Culver has failed meet his burden to preclude summary
judgment.  Culver's brief in opposition presents allegations, rhetorical arguments
and conclusory statements concerning the First Amendment's guarantee of access
to the court.  The best evidence Culver musters concerning his alleged legal
pursuits is that he was "actively trying to process the issues of a stabbing incident
from SCI-Rockview with an outside lawyer [and] the Court must accept the
overwhelming probability that this plaintiff's pursuits were dependent upon these

5

documents seized during this time frame." (*See* Pl. Br. Op. pg. 5). Culver also argues that "without this documentation, [he] could not competently present the issues of incident and negligence by SCI- Rockview staff." (*Id*.)

Culver did not mention in his brief in opposition or in his deposition any filing deadline being missed or that his efforts to pursue a specific, bona fide legal claim were hindered. He could only repeat the vague and general statement that was not able to seek legal remedies he could have obtained through the legal efforts he was pursuing. Culver has failed to demonstrate or provided any evidence that the alleged missing documents caused him any actual litigation related injury or legal prejudice. Culver's allegations, probabilities, or conclusory statements concerning his "process of the issue," simply falls short of establishing a First Amendment access to the courts claim.

Summary judgment should therefore be granted in favor of defendants.

**C.    Culver's Remaining Claims Failure to
State Violations of His Constitutional Rights**

For the reasons set forth in defendant's principal brief, Culver fails to state a claim of retaliation or violations under the Fourth, Eighth or Fourteenth Amendments. Defendants will not re-brief those issues, rather highlight portions

of their brief that respond to Culver's brief in opposition.

In his brief in opposition complaint, Culver alleges that officer Miknick issued him a false misconduct report because he did not violate any SCI- Mahanoy policy.  Culver was issued Misconduct Report No. A 1559045 for Possession of Contraband and Loaning or Borrowing Property because he violated SCI-Mahanoy regulations concerning newspapers and materials that are permitted in the Recreation Library.  Pursuant to DC-ADM 801 the newspaper and his folder were considered contraband and were confiscated.  (*See* SMF, ¶¶ 3-6).

Culver received a hearing regarding the misconduct report and after a review of the information, documentation and evidence presented, including Culver's version, hearing examiner Kane found Culver guilty of possession of contraband, reduced the charge to a Class II misconduct and revoked the contraband.  (*Id.*, ¶¶ 9-11).  Culver appealed the hearing examiner's finding to the Program Review Committee ("PRC") and to the Superintendent's office.  In his appeal to the PRC and the Superintendent, Culver questioned whether newspapers were considered contraband.  Culver made no mention of any other documents.  Culver's appeal was reviewed, and based on the information provided, the appeal was denied by both the PRC and the Superintendent.  (*Id.*, ¶¶ 17-18)

In his brief in opposition, Culver attempts argue that pursuant to the DOC

7

handbook, newspapers can be given to other inmates and therefore Misconduct
No. A 159045 is unsubstantiated, unsupported and unjustly enforced.  (*See* Pl. Br.
Op. Pg. 2)  In his appeal to the PRC, it was explained to Culver that while the
inmate handbook forbids passing of items other than newspapers or magazines
between cells, passing of newspapers or magazines in an area other than the cell
block is not permitted.  (*See* "D", attachment "C", Documents in Support of Mot.
Sum. Jud.)

Irrespective of Culver's contentions that he did not violate any policies, the
hearing examiner found him guilty of the misconduct based on the evidence and
information presented and sanctioned him accordingly.  The PRC and the
Superintendent reviewed Culver's appeals and sustained the hearing examiners
findings and sanction.

Finally, Culver accuses the defendants and undersigned counsel of
"fabricated falsehood," "direct falsehoods," and "fabricated testimony" concerning
the statements concerning both the misconducts and grievances.  Defendants
submitted numerous documents in support of their motion for summary judgment,
which include Culver's misconducts, grievances and the responses provided to
him.  To the extent that Culver is questioning the veracity of the defendants,
undersigned counsel respectfully calls the Court's attention to those documents.
Accordingly, because Culver has failed to state a claim of retaliation or violations

8

under the Fourth, Eighth or Fourteenth Amendments, summary judgment should be granted in favor of defendants.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' principal brief, the Court should enter judgment in favor of defendants and against Culver.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____

**MARYANNE M. LEWIS**
**Deputy Attorney General**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**DIRECT DIAL:  (717) 787-9719**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**DATE: June 6, 2003**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRET T. CULVER,**                     :
                                        :
    **Plaintiff**                       :
                                        :
    **v.**                              :   **No. 1:01-CV-0904**
                                        :   **(Judge Kane)**
**COMMONWEALTH OF**                     :
**PENNSYLVANIA, et al.,**               :
                                        :
    **Defendants**                      :

## CERTIFICATE OF SERVICE

I, **Maryanne M. Lewis,** Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on **June 6, 2003,** I

caused to be served a true and correct copy of the foregoing document

**Defendants' Reply Brief in Support of their Motion for Summary Judgment,**

by depositing it in the United States mail, first-class postage prepaid to the

following:

Brett T. Culver, #DD 3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA  17932

**MARYANNE M. LEWIS**