Orig to ct.
~~Matter~~

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

               Plaintiff,

           v.

COMMONWEALTH OF PENNSYLVANIA,
et al.,

               Defendants.

BRIEF

Case No.  1:cv-01-0904

(Judge Kane)

FILED
HARRISBURG, PA
JUN 2 4 2003
MARY E. D'ANDREA, CLERK
Per ___
Deputy Clerk

### PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' REPLY BRIEF OF MOTION FOR SUMMARY JUDGMENT

      This is a civil rights action brought by this plaintiff pursuant to 42 U.S.C.§ 1983 charging defendants' of violations they committed against this plaintiff and his Constitutional Rights. Defendants' have violated this plaintiff's First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants' "have, and "continue to enter false allegations and testimonies to this Court in brazen efforts to obscure the facts and evidence in this action, to evade accountability and responsibility for crimes committed against this plaintiff.

      Referring to Defendants'; "Reply Brief In Support Of Their Motion For Summary Judgment," defendants' through counsel attempt to obscure the fact that this plaintiff's legal documents were seized and never returned, by garbling the issue with misleading unsupported alter-argument about a newspaper being contraband, therefore alluding some sort of justification for the unlawful seizure of the legal documents, which defendants' avoid addressing directly. (This formula of rational or excuse has been an ongoing "changing argument devised exclusively to somehow justify or support the action of unlawful seizure by the defendants'). As always, the defendants' deliberately abridge the fact that this plaintiff's legal documents were unlawfully seized and never returned by defendants'. Instead they argue with untruthful formulated scenarios, which are not only untruthful and unsupported by policy (as defendants' falsely contend they are), but also have nothing to do with the issue of the illegal seizure of legal documents with-held.

Again, this plaintiff requests the Court to challenge the defendants' arguments and testimony by ordering defendants' to disclose these implied policies they claim this plaintiff violated in their fraudulent misconduct reports, grievance responses, appeal responses, and record testimonies. The Court will find that the defendants' through counsel are lying to this Court in all argumentations and testimonies, and have committed perjury. Defendants' through counsel go on to argue that plaintiff has shown no genuine issue as to any material fact. Plaintiff "has" shown that the defendants' "have violated his Amendment Rights to the United States Constitution. Documentation of seizure submitted to this Court and defendants' own responses to that fact "has established genuine fact that violations have been committed, and that these violations "are an essential element to this Civil Action. These "are specific facts showing genuine issue for trial.

Defendants' through counsel go on to contend that plaintiff has not demonstrated actual injury. Although this plaintiff has and continues to suffer injury pursuant to the violations committed by the defendants' (Untruthful manipulations to plaintiffs record to degrade status and paint a false picture of his person, continuing property seizures of his approved personal property, threats by staff, abusive language by staff, adverse bias treatment by staff, denied inmate privileges, retaliatory punishments), this aspect of argument does not apply to the violation action of this plaintiff's unlawfully seized legal documents "which are protected by the United States Constitution" (and also by D.O.C. Directives).

As for the in's-and-out's and all attributes of how this seizure affected and prevented this plaintiff from relief and remedy pursuits at that time, <u>defendants' are not privileged to that information at this time</u> prior to Court Trial proceedings. This is in lieu of defendants' ongoing attempts to confuse the facts presented to this Court by continuously twisting all issues with a blanket of false testimonies and implications (which this plaintiff is endlessly trying to straighten out and uncover so the Court can see the facts). However, this plaintiff has shown, and can prove that he was pursuing legal remedies at the time of seizure of his legal documents, and that such legal pursuits were obstructed at that point by the seizure, and that those pursuits were lost due to the seizure "and non-return" of the legal documents seized, which this plaintiff's legal pursuits depended on to litigate and secure legal remedy (as the record will show).

Defendants' go on to contest that plaintiff has not produced evidence to support citations of the violations committed. This plaintiff must point out to this Court his limitations as an incarcerated individual subjugated to the custody and control of THE DEFENDANTS' (per-say). Plaintiff cannot access the direct record, documentation, and video coverage of the incidents of complaint, as this record, documentation, and video coverage is in the custody and control of THE DEFENDANTS', has been with-held by THE DEFENDANTS', has been denied disclosure by THE DEFENDANTS', and most probably, has been abolished or destroyed by THE DEFENDANTS' as this plaintiff has already projected to this Court (for reasons that the documentation/record/video shows and proves violations committed by the defendants').

The defendants' refer to; "numerous documents in support of their motion which include Culver's misconducts, grievances, and the responses." These misconduct allegations, grievance responses, and other official responses are what the defendants build all their arguments on, but as this plaintiff charges, all those documentations and citations are fraudulent fabrications of events, and fictitiously implied violations of non-existent policies the defendants falsely imply. This plaintiff challenges all those documentations and testimonies by the defendants', and requests this Court to order the defendants to disclose the evidence requested in discovery efforts, and to produce the policies and rules the defendants' implicate this plaintiff violated in there rational of actions taken. Let the Court note that "NOT ONE" requested documentation by plaintiff in his Discovery motions to the defendants' was disclosed by them. "NOT ONE SINGLE DOCUMENTATION REQUESTED WAS DISCLOSED!" The documents, record, and video coverage requested was and is the direct physical evidence of certain incidents of violations which are in the control of THE DEFENDANTS', which have been refused disclosure by THE DEFENDANTS'. THE DEFENDANTS', by prowes and control of information or evidence "have and "continue to obscure issues and facts, falsify the record, enter fraudulent testimony to the Court, commit perjury, and hide (probably destroyed) the direct evidence pertaining to these incidents committed, manipulated, and obscured by there abilities through control. (See Court record; Plaintiff's First Set Of Interrogatories" dated 10-23-01 with failure of response resubmitted date 3-01-02, compared with Defendants' replies to Interrogatories). Misconduct #A216576 record testifies to defendant Chismire's false allegations and lying testimony pursuant to accidental disclosure of information by staff which exposed the facts, for which Misconduct #A216576 was reluctantly dismissed by defendant Shannon (43 evidence documents retained by plaintiff).

Other than the false allegations being exposed in misconduct A159048 (which plaintiff suffered four weeks of disciplinary punishment before the allegations were dismissed), misconduct #A216576 has been the only other instance that plaintiff has been able to establish the truth (facts) against the prowess of defendants', which was only achievable though staff mistakenly entering factual record information (in their control) with the false testimonies of staff. Plaintiff is unable to make copies of this record example for evidence at this time, but can produce the originals upon demand.

Plaintiff continues to suffer ongoing retaliation abuses by staff to date, and continues to file record reports of these abuses to the D.O.C. authorities to preserve the record of abuses until the entire record of abuses can be presented at trial proceedings in this action.

Wherefore this plaintiff prays this Court to render justice in this case through trial proceedings to establish the facts, the truth, and justice, to prevent a terrible miscarriage of justice.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing "PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' REPLY BRIEF OF MOTION FOR SUMMARY JUDGMENT" dated 6-18-03 was sent, this date, by First Class United States Mail to:

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

Defendants in care of
Office of Attorney General
Maryanne Lewis
Strawberry Square
Harrisburg, Pa. 17120

Date: June 18, 2003

Brett T. Culver

NAME ___Brett Culver___

NUMBER ___DD 3483___

301 MOREA ROAD
FRACKVILLE, PA 17932



RECEIVED

JUN 2 4 2003

MARY E. D'ANDREA, CLERK

INMATE MAIL
PA DEPT. OF
CORRECTIONS

U.S. POSTAGE
00.37
M METER A 93078

JUN 2003
PA

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

1710#10933 i0