ORIGINAL

FILED
HARRISBURG, PA
JUL 30 2003
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT CULVER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 1:CV-01-0904 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | (JUDGE KANE) |
| | : | |
| Defendants | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S AMENDED ADDITIONAL DEFENDANTS**

**INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S. §1983, alleging claims under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff, Brett Culver, is a prisoner currently incarcerated at SCI-Mahanoy, Pennsylvania. Defendants are several Pennsylvania Department of Corrections employees. In his complaint, Culver alleges that his legal documents

were illegally confiscated and as a result he was denied access to the Court. He further claims that the defendants issued him false misconduct reports and subjected to retaliation and unjust punishment. On December 19, 2001, this Court directed service of Culver's complaint and the defendants answered the complaint on February 20, 2002. The parties have engaged in discovery and discovery in this case is closed. Defendants filed a motion for summary judgment, statement of material facts and a supporting brief on May 9, 2003, and on May 14, 2003, Culver filed a motion for judgment and supporting brief. The parties dispositive motions and briefs are presently pending before this Court. On July 17, 2003, undersigned counsel received Culver's documents entitled "Amended Additional Defendant" and "Amended Defendant Brief." It appears from the documents that Culver is attempting to amend the complaint and add several additional defendants and claims not related to the original complaint. This memorandum is filed in opposition to Culver's attempt to amend the complaint.

## QUESTIONS PRESENTED

I.  **Whether Culver Attempts to Amend the Complaint Should Be Stricken For Failure to Comply With Fed. R. C. P. 7 (b) ?**

II. **Should Culver's Attempts to Amend the Complaint be Denied as Prejudicial to the Defendants ?**

## ARGUMENT

### I. Culver Attempts to Amend the Complaint Should Be Stricken For Failure to Comply With the Fed. R.C.P. 7(b)

Pursuant to Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." *See* Fed. R.C.P. 15. Filing a motion is the proper method to request leave of court to amend the complaint and Fed. R.C.P. 7 (b)(1) provides that "[a]n application to the court for an order shall be by *motion* which, unless made during a hearing or trial, shall be in writing, shall state the particular grounds therefor, and shall set forth the relief or order sought." (emphasis added). In addition, the motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.

In this case, Culver has filed two documents entitled "Amended Additional Defendants" and "Amended Defendant Brief," neither of which comply with Fed. R.C.P. 7(b) or Fed. R.C.P. 15(a). Culver has not filed a motion requesting leave of court to amend the complaint or a proposed amended complaint. Failure to properly request leave to amend the complaint precludes Culver's attempts to add additional defendants and claims at this late date. Therefore, these documents

should be stricken by the Court for failure to comply with the Federal Rules of Civil Procedure.

### II. Culver's Attempt to Amend the Complaint Should Be Denied as Prejudicial

Mindful that the plaintiff is proceeding *pro se*, a broad reading of Culver's documents reveal that he is attempting to amend the original complaint and add five additional defendants and new claims concerning alleged false misconducts and reports not the subject of the original complaint. Although leave to amend a complaint should be freely granted in the interests of justice, a motion to amend is committed to the sound discretion of the district judge. *Gay v. Pestock,* 917 F.2d 768, 772 (3d Cir. 1990). The Court should freely exercise this discretion in "the absence of any apparent or declared reasons such as [1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Third Circuit has interpreted the *Foman* factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of the amendment. *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n,*

573 F.2d 820, 823 (3d Cir. 1978). In his original complaint, Culver alleges that his legal documents were illegally confiscated and as a result he was denied access to the Court. He further claims that the defendants issued him false misconduct reports and subjected him to retaliation and unjust punishment. According to the original complaint, these alleged events occurred in 2000. Nearly three years later, Culver proposes to add five additional defendants and new claims concerning alleged false misconducts and reports that occurred in 2003. Other than making a broad claim that the actions of the additional defendants were in retaliation, Culver does not relate these actions to the claims alleged in the original complaint.

Moreover, allowing the amendments would inject new defendants and allegations that would require additional discovery in a case where discovery has been closed for months. Permitting Culver to amend his complaint to add additional defendants and new claims at this late date would require discovery to be re-opened and the period for filing dispositive motions to be extended. Here, the prejudice to the defendants outweighs any potential prejudice to Culver in pursuing his new claims. Culver recourse in this case should not be at the expense of prejudice and undue delay to the defendants; rather, Culver should file another complaint. Accordingly, the Court should deny Culver's attempt to amend the complaint.

## CONCLUSION

For the foregoing reasons, the Court should strike Culver's documents attempting to amend the complaint or in the alternative, deny Culver's attempt to amend the complaint.

                                                **Respectfully submitted,**
                                                **D. MICHAEL FISHER**
                                                **Attorney General**

**BY:** _____
                                                **MARYANNE M. LEWIS**
                                                **Deputy Attorney General**
                                                **I.D. No. 83812**

                                                **SUSAN J. FORNEY**

**Office of Attorney General**        **Chief Deputy Attorney General**
**Litigation Section**                     **Chief, Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**(717) 787-9719 - Direct**
**(717) 772-4526 - Fax**

**DATED:**    **July 30, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRET T. CULVER, | : |
| Plaintiff | : |
| v. | : No. 1:01-CV-0904 |
| | : (Judge Kane) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Memorandum in Opposition to Plaintiff's Amended Additional Defendants, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD 3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA 17932

/s/ Maryanne M. Lewis
**MARYANNE M. LEWIS**
**DEPUTY ATTORNEY GENERAL**

DATE: July 30, 2003