IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORIGINAL

BRETT T. CULVER

Plaintiff,                     RESPONSE MOTION

v.                             Case No.  1:cv-01-0904

COMMONWEALTH OF PENNSYLVANIA,  (Judge Kane)
et al.,

AND AMENDED DEFENDANTS'

Michael Vuksta,                        **FILED**
S. Nye,                           HARRISBURG, PA
Edward Klem,
W.P. Yackel                         AUG 2 1 2003
D.J. Jones
                    Defendants.    MARY E. D'ANDREA, CLERK
                                   Per_____
                                        Deputy Clerk

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MEMORANDUM OPPOSED TO ADDITIONAL DEFENDANTS'

This is a civil rights action brought by this plaintiff pursuant to 42 U.S.C.§ 1983 charging defendants' of violations they committed against this plaintiff and his Constitutional Rights. Defendants' have violated this plaintiff's First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Staff members of the SCI Mahanoy facility "have, and "continue to accost this plaintiff with retaliatory abuses, as this plaintiff continues to be subjugated to the care and custody of the SCI Mahanoy Administration and defendants'.

Pursuant to this Courts refusal to secure protection from abuses by the defendants' and staff of the SCI Mahanoy facility, this plaintiff is continuously subjected to ongoing abuses and retaliatory adverse treatments by the SCI Mahanoy staff.

Defendants' with counsel raise in their MEMORANDUM IN OPPOSITION that this plaintiff is attempting to amend to the complaint additional defendants' and claims not related to the original complaint. Defendants' through counsel also raise that this plaintiff's attempts should be stricken for failure to comply with the Fed.R.C.P. 7(b).

As for this plaintiff's attempts to amend additional defendants', the defendants' to be amended to this complaint have and are working in concert with primary defendants' in this case, to perpetrate continuing abuses directed by the primary defendants' in this case. There are no new issues to be amended, as the original complaint cited that the defendants' have continued perpetrating ongoing retaliatory abuses against this plaintiff, as this plaintiff continues to be subjugated to their care and custody, which the defendants' take advantage of to retaliate abuses against this plaintiff. The original complaint does cite that these abuses are ongoing, and the incidents of issue in this plaintiff's 7-12-03 AMENDED ADDITIONAL DEFENDANTS' with BRIEF are directly related to the issues of the original complaint, and the incidents cited were directed against this plaintiff by Vincent Mooney, who is a dominant conspiratorial defendant of abuses against this plaintiff which resulted in this civil complaint.

As for defendants' counsels argument that this plaintiff has failed to comply with Fed.R.C.P.7(b), "this plaintiff is not trained/taught in Law, has no idea how to file or present efforts according to some legal code he isn't knowledgeable of, and has been restricted or hindered from law library services by the SCI Mahanoy staff to access that which he knows nothing about. This plaintiff is not learned in law, and for that deficiency, this court should not dismiss his efforts to present the crimes and violations he has had committed against him by the defendants'. Just because this plaintiff is not trained in law and cannot preform the legal mechanics to subscribe to some law code, that doesn't mean crimes and violations can be committed against him freely without recourse or protection from the U.S. Government. In this complaint the court has permitted the defendants to do anything they want to get away with the crimes and violations they have committed, just because this plaintiff is not trained in legal practice. The violators of complaint (defendants') have free professional representation of legal experts, while the victim (plaintiff) is left completely to his own devise, which has been totally exploited by the defendants' counsel and this court. If this plaintiff could access the law library services at this facility, then maybe he could figure out what this Fed.R.C.P.7(b) requirement is and how to file it (maybe). As it is, this plaintiff is not permitted adequate legal information access. The defendants' through counsel have manipulated their way through this case for the past two and a half years. They have been permitted to retain/with-hold all information and evidence requested in discovery attempts, and have been permitted through legal expertise over this plaintiff to have the court render every single decision or action against this plaintiff to date, as it will continue to be permitted by the court, because this plaintiff does not have the legal know-how to make the court address the crimes and violations committed by the defendants'. The proceedings in this case are compromised and biased in favor of the defendants and professional counsel, which constitutes a grave miscarriage in justice towards this plaintiff and this case 01-cv-01-0904.

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the forgoing Response; PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM OPPOSED TO ADDITIONAL DEFENDANTS was sent, this date of 8-18-03, by **First Class United States Mail to:**

U.S. District Court
**Clerk of Courts**
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

**Defendants in care of
Office of Attorney General**
Maryanne Lewis
**Strawberry Square**
Harrisburg, Pa. 17120

Date:  August 18, 2003

Brett T. Culver
Brett T. Culver

BRETT CULVER  DD-3483
301  MOREA ROAD
FRACKVILLE,  PA.  17932


July 10, 2003


SUBJECT:  Denied Law Library Access
          Denied Emergency Information.


TO:    Mrs. Hanlon.


This inmate submitted request to Library Services for Law Library appointments on 7-01-03, which request was returned without any scheduling appointments.  Request was denied.

On 7-03-03 this inmate again requested Law Library appointments from the Library, which request was again returned without scheduling appointments.  Request for Law Library access denied.

Pursuant to an emergency situation and the Library staff's refusal to schedule this inmate for Library access, on 7-03-03 this inmate requested the Library to forward him the address for the Federal Bureau of Investigation.  This request was also denied by a Mrs. J. Hanlon.

These official refusals to allow this inmate Law Library access is construed as staff's collaborating efforts to retaliate against this inmate to hinder/obstruct legal pursuits/reliefs/remedies.

Mrs. J. Hanlon is hereby required to disclose a report as to why this inmate has been denied Law Library access, including names of any individuals involved in the denied access issues.


Dated  7-10-03

                                                    Brett Cul


cc.    O.P.R.
       U.S. Dist. Court 01-cv-01-904

NAME _Brett Culver_

NUMBER _DD3483_

301 MOREA ROAD
FRACKVILLE, PA 17932

FILED
HARRISBURG, PA

AUG 2 1 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

INMATE MAIL
PA DEPT. OF
CORRECTIONS

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg PA 17108

17108+0983 55