IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,

    Plaintiff,

v.

Vincent Mooney
et al.,

    Defendants.

Plaintiff's First Set Of Interrogatories

Case No.: 1:01-cv-00904

(Judge Kane)

FILED
HARRISBURG, PA
SEP - 8 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

    In accordance with Rule 33 of the Federal Rules of Civil Procedures, Plaintiff Brett T. Culver requests that Defendant Vincent Mooney answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them, and be served on plaintiff within 45 days of service hereof.

    In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys of investigators for your attorneys, and not merely information known of your own personal knowledge.

    If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

    These interrogatories shall be deemed continuing so as to require supplemental answers as new, unanswered, and different information materializes.

1. What is your full name and address?
2. Have you been employed as a D.O.C. employee during the time period of December of 1999 through February 2002?
3. On the following dates of September 5, 2000 through September 22, 2000 were you on duty as an employee of the D.O.C. at the S.C.I. at Mahanoy?
4. If yes to # 3,
   (a) Cite each day you reported for duties at the facility;
   (b) Cite what time of day you started your duties each day present;
   (c) Cite what time of day you finished your duties each day present;
5. During your employ at the S.C.I. Mahanoy facility, have you ever received or reviewed any reports, complaints, or correspondence documents from the plaintiff, or from any other person on relevant or related issues or subject matter out-lined in this Complaint Action 1:01-cv-00904?

6. If yes to # 5,

   (a) Cite dates of documents, notices, correspondence, reports directed to your authority by plaintiff or other persons, including the subject matter of each document, report, correspondence, and notice to your authority;

   (b) Cite your response and/or action taken on issues of notification to your authority, and on what dates responses or actions were taken;

   (c) Cite any protection or relief established or enforced by your authority for the plaintiff, including dates of any and all action taken on any issue presented or directed to your authority for attention.

7. At any time during the time period of September 5, 200 through September 22, 2000 did you at any time (working/non-working) speak with or communicate with defendant Kevin Kane concerning the plaintiff (in any manner), conferring/advising/alluding any thought, implication, or action to defendant Kevin Kane?

8. If yes to # 7, cite dates and subject matter of any and all interactions (verbal, written, or other) made or conveyed to defendant Kevin Kane.

9. At any time during your employ by the D.O.C. have you ever been cited, reprimanded, re-assigned or re-located pursuant to reports, complaints, incidents, or allegations of misconduct and/or violations against others filed on your person (alleged or confirmed)?

10. If yes to # 9, cite dates and describe what incidents or violations you were cited or reported for.

11. During your term of employment at S.C.I. Mahanoy have you ever received communications of orders/advice/recommendations from any affiliate official personnel (staff) or any official authority of the D.O.C. pertaining to the plaintiff on any subject matter during the plaintiff's detainment at the S.C.I. Mahanoy facility?

12. If yes to # 11,

    (a) Cite name and title of correspondent;

    (b) Cite date and subject matter of each correspondence/communication;

    (c) Produce discovery of any and all record documentation of information received related to or pertaining to plaintiff.

13. During your term of employ at the S.C.I. Mahanoy facility have any other employees affiliated to your authority prepared and/or filed into record any information, report, allegation, comment, statements recommendations, or evaluations on the plaintiff incorporating assistance, input, or information from your authority 12-01-99 through February of 2002?

14. If yes to # 13,

    (a) Cite name, badge or identification number, and present address of each person involved in any said document/report prepared;

    (b) Cite name, badge or identification number, and present address of the persons for whom each document/communication/report was prepared and directed;

    (c) The date, time, and place where each document/report/communication was prepared;

    (d) Explain the subject matter contents of each document/report/communication.

15. Have you ever reviewed, had possession of, or had knowledge of any video security monitoring recordings of the day events of 10-13-00 (R.H.U. L-5 D-Pod), and 01-11-02 (Medical Building Lobby area)?

16. Have you at any time referred to or reviewed any video monitoring recordings of 10-13-00 (L-5 D-Pod), or 01-11-02 (Medical Building Lobby area), and have you had any involvement with documentation, storage, or decisions concerning the record, storage, or documentation of video security monitoring recordings, namely, in relation or concern to any and all tapes/recordings of the dates 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area)?

17. If yes to # 16,

    (a) Explain any input, action, or involvement you have had concerning to or relative to the record, documentation, storage, treatment or disposition of any and all video security monitoring tapes/recordings for 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area);

    (b) Cite any persons involved or knowledgeable of any video security monitoring recordings for the days events of 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building Lobby area).

18. Was your authority or department notified by any persons or official authorities to retain or discard (erase/destroy) any video security monitoring tapes or recordings for the dates of 10-13-00 and 01-11-02?

19. If yes to # 18, cite name, title, badge or identification number and present address of any persons, implicated, or associated with any knowledge or facet to care, treatment, documentation, storage, record of any and all video security monitoring tapes/recordings for the dates of 10-13-00 (L-5 D-Pod) and 01-11-02 (Medical Building Lobby area).

20. Disclose discovery of all video security monitoring tapes/recordings for the dates of 10-13-00 (L-5 D-Pod) and 01-11-02 (Medical Building Lobby area).

21. Cite name and address or otherwise identify any person who, to your knowledge or the knowledge of your agents or attorneys, purport to have knowledge or involvement of actions or facts relevant to the issues or subject matter described in these interrogatories.

22. Do you, your attorneys, or any other persons employed by the D.O.C. have possession or have knowledge of any documentation, records, reports made in the ordinary course of business, other printed or documentary material, photographs, drawings, video, information, or any tangible objects that are relevant/related to the subject matter described in these interrogatories?

23. If yes to #22,
   (a) Cite name and description of each item;
   (b) Cite name and address of each person who made, prepared, or took such item;
   (c) Cite name and address of the present custodian of each item;
   (d) Cite date, time, and place where each item was made, prepared, or taken;
   (e) Explain method by, and purpose for which each such item was made, prepared, or taken;
   (f) Explain manner in which each item is relevant to the issues or subject matter described in these interrogatories.

24. Do you, any other employees, your attorneys have knowledge of any item mentioned or described being altered in any manner, lost, or destroyed?

25. If yes to #24,
   (a) Explain;
   (b) Cite instances, items, dates;
   (c) Cite names and addresses of each person involved or knowledgeable of relevant events, items, facts.

Dated and served: 03-01-02         by _____

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of each of the forgoing: "PLAINTIFF'S FIRST SET OF INTERROGATORIES" (Defendants' Robert D. Shannon and John Doe (Property Personnel)) was sent, this date of 9-02-03, by First Class United States Mail to:

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

Dated: 09-02-03

_____
Brett T. Culver

NAME Brett Culver
NUMBER DD3483
301 MOREA ROAD
FRACKVILLE, PA 17932

INMATE MAIL
PA DEPT. OF
CORRECTIONS

FILED
HARRISBURG, PA
SEP - 9 2003
MARY E. [D']ANDREA
Per _____

U.S. District Court
Clerk of Courts
228 Walnut Street
P.O. Box 983
Harrisburg, Pa. 17108