IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER

       Plaintiff,

v.

Robert D. Shannon
et al.,

       Defendants.

Plaintiff's
First Set Of
Interrogatories

Case No. 1:01-cv-00904

(Judge Kane)

FILED
HARRISBURG, PA
SEP 8 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

    In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Brett T. Culver requests that Defendant Robert D. Shannon answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them and be served on plaintiff within 45 days of service hereof.

    In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators for your attorneys, and not merely information known of your own personal knowledge.

    If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

    These interrogatories shall be deemed continuing, so as to require supplemental answers as new, unanswered, and different information materializes.

1. What is your full name and address?
2. Have you been employed as a Department of Corrections employee during the time period of 1999 through February 2002? (If not specify the dates you have.)
3. Were you on duty and or acting as the present facility Superintendent on the dates of: September 5, 2000 through September 11, 2000 / October 13, 2000 through October 22, 2000 / January 11, 2002 through January 17, 2002?
4. If yes to # 3,
   (a) Cite each day you reported for duties at the facility;
   (b) Cite the time you went on duty each day present through the dated periods out-lined in #3;
   (c) Cite the time you went off duty each day present through the dated periods out-lined in # 3.

*Robert D. Shannon*

5. During your employ at the State Correctional Institution at Mahanoy have you ever received any reports/complaints/correspondence/petitions or requests of sequestered evidence, statements, or reports from the plaintiff relevant or related to any situations, issues, or circumstances mentioned/alluded to/out-lined in this Action 1:01-cv-00904 ?

6. If yes to # 5,

    (a) Cite dates of notices/correspondence/petitions/requests (all Documentations received) by your authority from plaintiff, including the topic issue of each submitted document submitted by the plaintiff to your authority;

    (b) Cite your response and action taken on each issue of notification to your authority, and on what dates the response or action was taken;

    (c) Cite any resolution or relief established by your authority for the plaintiff pursuant to any and all notifications/reports/appeals to your authority from plaintiff, including the dates of action(s) taken on any issue directed to your authority by plaintiff for relief.

7. During your employ at the S.C.I. at Mahanoy have you ever received or reviewed any reports/complaints/correspondence from any other persons (agencies/civilians) in behalf or in concern of the plaintiff pertaining to any of the situations, issues, or circumstances associated with regard to the plaintiff?

8. If yes to # 7,

    (a) Cite names or identities of any persons/agencies contacting your authority in relationship to the plaintiff, or any relating issue;

    (b) Cite the subject matter of any and all correspondence directed or received by your authority in relation to the plaintiff.

9. During your term of employ at the S.C.I. at Mahanoy have you ever received correspondence/orders/advice/recommendations from any affiliate official or authority concerning or pertaining to the plaintiff and/or any related issue, situation, or subject matter of the Complaint in this Civil Action during the plaintiff's detainment at the S.C.I. at Mahanoy facility, including any record information pertaining to or relevant to this plaintiff's transfer to the S.C.I. at Mahanoy facility?

10. If yes to # 9,

    (a) Cite name and title of the correspondent;

    (b) Cite date and subject matter of each report/order/recommendation/notice;

    (c) Produce any records or file documentations of any and all documents fitting this category.

*Robert D. Shannon*

11. During your term of employ at S.C.I. Mahanoy have any other employees under your administrative authority prepared and/or filed into record any reports, statements, recommendations or evaluations on the plaintiff, or related to any subject matter involving the plaintiff during his confinement at the S.C.I. at Mahanoy facility (1999 through 2002)?

12. If yes to # 11,

    (a) State name, badge or identification number, and present address of the person who prepared and/or submitted each document;

    (b) State the name, badge or identification number, and present address of the person each document/report/correspondence was sent/directed too;

    (c) The date, time, and place where each report was prepared;

    (d) The name, badge or identification number, and present address of the person or present custodian of each report/document.

13. Does the S.C.I. at Mahanoy facility have a Video Security Monitoring System in its Restricted Housing Unit (L-5 D-Pod)?

14. If yes to # 13,

    (a) Cite how long the video security taping system has been in place, in use, and operative;

    (b) Cite the S.C.I. Mahanoy Administrative policy and procedure for video security monitoring and taping during operations;

    (c) Cite S.C.I. Mahanoy Administrative policy/procedure for record and storage of video recording tapes, including recorded incidents, or notification of recorded incidents requested for documentation and record evidence;

    (d) Cite D.O.C. policy or directive pertaining to Video Security Monitoring, recording, and record keeping.

15. Was you authority notified by the plaintiff and/or any other person or official to retain recorded video security tapes of the Restricted Housing Unit (L-5 D-Pod) for the date and incident(s) of 10-13-00?

16. Disclose all documentation and record information on the video security monitoring tapes for the date and incidents of 10-13-00.

17. Was your authority notified by the plaintiff and/or any other person or official concerning the documentation and storage/record of video security monitoring tapes of the Medical Building Lobby on the date of 01-11-02 for incidents of harassment against the plaintiff by the defendant Vincent Mooney?

*Robert D. Shannon*

18. If yes to # 17,
    (a) Cite action taken by your authority upon notification of crimes and/or violations committed against the plaintiff by Vincent Mooney, and the action taken to ensure the protection/safety of plaintiff, and the record of the evidence (security monitor tapes) sequestered by plaintiff's notification to your authority;
    (b) Disclose all documentation, record, and or evidence and video recordings for the date of incidents and report of 01-11-02.

19. State the name and address or otherwise identify and locate any persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of the facts or incidents relevant to the issues or subject matter described in these interrogatories.

20. Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any notation, records, reports, or documents made in the ordinary course of business, other printed or documentary material, photographs, drawings, video, or other tangible objects that are relevant to the incidents/issues/situations/conduct/subject described in these interrogatories?

21. If yes to # 20, state:
    (a) The name and description of each item;
    (b) The name and address of each person who made, prepared, or took such item;
    (c) The name and address of the present custodian of each such item;
    (d) The date, time, and place where each item was made/formulated/prepared/taken;
    (e) The method by, and purpose for which each item was made/prepared/taken
    (f) The manner in which each such item is relevant to the issues/conduct/incident described in these interrogatories?

22. Do you, or any other employee under your authority, your agents and attorneys have any knowledge of any item mentioned there being altered, removed, destroyed, erased, or lost in any manner?

23. If yes to # 22,
    (a) Explain;
    (b) Cite instances, items, dates, times, individuals involved or knowledgeable;
    (c) Cite names and addresses of persons involved or who have knowledge relevant of or to events.

Dated and served: _03-11-03_                                                                by: _____

*Robert D. Shannon*