**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRET T. CULVER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 1:01-CV-0904** |
| | : | **(Judge Kane)** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | **(Electronically Filed)** |
| **Defendants** | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO COMPEL DISCOVERY**

**EXHIBIT A**

**Defendant Shannon's Responses to First Set of Interrogatories**
**(Volume I)**

**DATE: September 29, 2003**

**Exhibit A**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRET T. CULVER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 1:01-CV-0904** |
| | : | **(Judge Kane)** |
| **T. E. MIKNICH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANT SHANNON'S RESPONSES**
**TO FIRST SET OF INTERROGATORIES**

Defendant Robert D. Shannon, through his attorneys, responds to plaintiff's interrogatories as follows:

Defendant, Robert D. Shannon, through his attorneys, responds to plaintiff's interrogatories as follows:

1. What is your full name and address?

**ANSWER:**

Robert D. Shannon
State Correctional Institution at Mahanoy
301 Morea Road
Frackville, PA 17932

2. Have you been employed as a Department of Corrections employee during the time period of 1999 through February 2002 ? (If not specify the dates you have).

**ANSWER:** Yes.

3.    Were you on duty and or acting as the present facility Superintendent on the dates of September 5, 2000 through September 11, 2000/October 13, 2000 through October 22, 2000/January 11, 2002 through January 17, 2002?

**ANSWER:** Superintendent Shannon was working at SCI- Mahanoy on September 5, 2000 through September 8, 2000 and October 13, 2000 through October 17, 2000. The defendant OBJECTS to the remaining portion of this interrogatory as overbroad and irrelevant to plaintiff's complaint.

4.    If yes to # 3,

    (a)    Cite each day you reported for duty at the facility;

    (b)    Cite the time you went on duty each day present through the dates periods out-lined in #3;

    (c)    Cite the time you went off duty each day present
        through the dates periods out-lined in #3.

**ANSWER:**

    (a)-(c)    Superintendent Shannon was working at SCI- Mahanoy on September 5, 2000 through September 8, 2000 and October 13, 2000 through October 17, 2000.    Superintendent Shannon's regular work hours are 8:00 a.m. to 4:30 p.m.    On October 13, 2000, Superintendent Shannon was out of the institution for approximately 6 hours. The defendant OBJECTS to the remaining portion of this interrogatory as overbroad and irrelevant to plaintiff's complaint.

5. During your employ at the State Correctional Institution at Mahanoy have you ever received any reports/complaints/petitions or requests of sequestered evidence, statements or reports from the plaintiff relevant or related to any situations, issues or circumstances mentioned/ alluded to/out-lined in this Action 1:01-CV-00904?

**ANSWER: OBJECTION.** The defendant **OBJECTS** to this interrogatory as vague, overbroad, confusing and seeking information that is irrelevant to plaintiff's claim. Moreover, the defendant is not certain what plaintiff means by "sequestered evidence," or "alluded to." Without waiving that objection, Superintendent Shannon has received documents regarding the misconduct issued to plaintiff on April 13, 2000 and the misconduct issued to him on September 18, 2000, as well as grievances that are related to his complaint.

6. If yes to #5,

(a) Cite days of notices/correspondence/petitions/requests (all Documentations [sic] received) by your authority from plaintiff, including the topic issue of each submitted document by plaintiff to your authority;

(b) Cite your responses and action taken on each issue of notification to your authority, and on what dates the response or action was taken;

(c) Cite any resolution or relief established by your authority for the plaintiff pursuant to any and all

notifications/reports/appeals to your authority from plaintiff, including the dates of action(s) taken on any issue directed to your authority by plaintiff for relief.

**ANSWER**: **OBJECTION.** The defendant **OBJECTS** to this interrogatory as vague, overbroad, confusing and seeking information that is irrelevant to plaintiff's claim. Without waiving that objection, the defendant is producing the documents regarding the misconduct issued to plaintiff on April 13, 2000 and the misconduct issued to him on September 18, 2000, as well as the grievances that are related to his complaint. See Exhibit A" attached.

7. During your employ at the S.C.C. at Mahanoy have you ever received or reviewed any reports/complaints/correspondence from any other persons (agencies/civilians) in behalf or in concern of the plaintiff pertaining to any of the situations, issues, or circumstances associated with regard to the plaintiff?

**ANSWER**: **OBJECTION.** The defendant **OBJECTS** to this interrogatory as vague, overbroad, confusing and seeking information that is privileged and/or irrelevant to plaintiff's claim. Without waiving that objection, the defendant is producing the documents he received regarding the misconduct issued to plaintiff on April 13, 2000 and the misconduct issued to him on September 18, 2000, as well as the grievances that are related to his complaint. See Exhibit "A" attached.

8. If yes to # 7,

(a) Cite names or identities of any persons/agencies contacting your authority in relation to the plaintiff, or relating issue;

(b) Cite the subject matter of any and all correspondence directed or received by your authority in relation to the plaintiff.

**ANSWER:** See response to Interrogatory No. 7.

9. During your term of employ at the S.C. I. at Mahanoy have you ever received correspondence/orders/advice/recommendations from any affiliate official or authority concerning or pertaining to the plaintiff and/or any related issue, situation, or subject matter of the Complaint in this Civil Action during the plaintiff's detainment at the S.C.I. at Mahanoy facility, including any record information pertaining to or relevant to this plaintiff's transfer to the S.C.I. Mahanoy facility ?

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as vague, overbroad, confusing and seeking information that is privileged and/or irrelevant to plaintiff's claim. Without waiving that objection, the defendant is producing the documents regarding the misconduct issued to plaintiff on April 13, 2000 and the misconduct issued to him on September 18, 2000, as well as the grievances that are related to his complaint. See Exhibit "A" attached.

10. If yes to # 9,

(a) Cite name and title of the correspondent;

(b) Cite the subject matter of each report/order/ recommendation/notice;.

(c) Produce any records or file documentations of any and all documents fitting this category.

**ANSWER:** See response to Interrogatory No. 7.

11. During your term of employ at S.C. I Mahanoy have any other employees under your administrative authority prepared and/or filed into record any reports, statements, recommendations or evaluations on the plaintiff, or related to any subject matter involving the plaintiff during his detainment at the S.C.I. Mahanoy facility (1999 to 2002) ?

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as vague, overbroad and seeking information that is privileged as well as irrelevant to plaintiff's claim. Without waiving that objection, plaintiff may seek access to inmate information maintained at SCI-Mahanoy in accordance with DC-ADM 003 pg. 4. This directive is found in the Inmate Handbook issued to all inmates.

12. If yes to # 11.

(a) State name, badge or identification number, and present address of the person who prepared and/or submitted each document;

(b) State the name, badge or identification number, and present address of the person each document/report/correspondence was sent/directed too [sic];

(c)    The date, time and place where each report was prepared;

(d)    The name, badge or identification number, and present address of the person or present custodian of each report/document.

**ANSWER:** See response to Interrogatory No. 11.

13.    Does the S.C. I at Mahanoy  facility have a Video Security Monitoring System in its Restricted Housing Unit (L-5 D-Pod )?

**ANSWER:** Yes.

14.    If yes to # 13,

(a)   Cite how long the video security taping system has been in place, in use, and operative;

(b)   Cite the S.C.I. Mahanoy Administrative policy and procedure for video security monitoring and taping during operations;

(c)    Cite the S.C.I. Mahanoy Administrative policy/procedure for record and storage of video recording tapes, including recorded incidents, or notification of recorded incidents requested for documentation and record evidence;

(d)    Cite DOC. policy or directive pertaining to Video Security Monitoring, recording, and record keeping.

**ANSWER:** (a)  The video security taping system has been in use in L-5 D-Pod for approximately four years.

  (b)- (d)   The policy and procedure regarding the video security system is governed by the Department of Corrections administrative directives and policies. Department of Correction Policy No. 6.51, Administration of Security Level 5 Housing Unit, specifically, §(2) Housing Unit Use of Video Tape for L-S housing unit reception governs the use of the video security system. The



defendant **OBJECTS** to producing this policy as privileged and containing security related information that if released could pose a threat to the safety, operation and maintenance of the Unit. In addition, DOC-ADM 201, §V addresses the use of the video monitoring system. This directive is found in the Inmate Handbook, issued to all inmates. S.C.I. Mahanoy does not have a separate policy regarding the video security system.

15. Was you authority notified by the plaintiff and/or any other person or official to retain recorded video security tapes of the Restricted Housing Unit (L-5 D-Pod) for the date and incident (s) of 10-13-00 ?

**ANSWER:** No.

16. Disclose all documentation and record information on the video security tapes for the date and incident(s) of 10-13-00.

**ANSWER: OBJECTION**. The defendant OBJECTS to this interrogatory as vague, overbroad and seeking information that is irrelevant to plaintiff's claim. Without waiving that objection, if plaintiff is referring to video tapes of the Restricted Housing Unit (L-5 D-Pod) for October 13, 2000 concerning plaintiff, no video tape exist.

17. Was your authority notified by the plaintiff and/or any other person or official concerning the documents and storage/record of video security monitoring tapes of the Medical Building Lobby on the date of 01-11-02 for incidents of harassment against the plaintiff by defendant Vincent Mooney ?

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. Without waiving that objection, the medical building lobby is not video taped; therefore, no video security monitoring tape exists.

18. If yes to # 17,

(a) Cite action taken by your authority upon notification of crimes an/or violation committed against the plaintiff by Vincent Mooney, and action taken to ensure the protection of the plaintiff, and the record of the evidence (security monitor tape) sequestered by plaintiff's notification to your authority;

(b) Disclose all documentation, record and or evidence and video recordings for the date of the incident and report of 01-11-02.

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as vague, confusing overbroad and irrelevant to plaintiff's claim.

19. State the name and address or otherwise identify and locate any persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of the facts or incidents relevant to the issues or subject matter described in these interrogatories.

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. Without waiving that objection, see documents attached as Exhibit "A" as containing the names of

individuals who have knowledge concerning the allegations contained in plaintiff's complaint.

20. Do you, your attorneys, or any other person employed by you or your attorneys, have possession or know of the existence of any notation, records, reports, or documents made in the ordinary course or business, other printed or documentary material, photographs, drawings, video or other tangible objects that are relevant to the incidents/issues/situations/conduct/subject described in these interrogatories.

**ANSWER: OBJECTION**. The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. Without waiving that objection, at this the defendants have identified those persons and documents attached as Exhibit "A".

21. If yes to # 20, state:

(a) The name and description of each item;

(b) The name and address of each person who made, prepared, or took such item;

(c) The name and address of the present custodian of each such item;

(d) The date, time and place where each item was made/formulated/prepared/taken;

(e) The method by and purpose for which each item was made/prepared/taken;

(f) The manner in which each such item is relevant tot he issues/conduct/incident described in theses interrogatories ?

**ANSWER: OBJECTION**. The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. Without waiving that objection, at this the defendants have identified those persons and documents attached as Exhibit "A".

22. Do you, or any other employee under you authority, your agents and attorneys have any knowledge of any item mentioned there being altered removed. destroyed, erased, or lost in any manner?

**ANSWER: OBJECTION**. The defendant **OBJECTS** to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. The defendant has no idea what plaintiff is referring to as "item mentioned there."

23. If yes to # 22,

(a) Explain;

(c) Cite instances, items, dates, times, individuals involved or knowledgeable;

(d) Cite names and address of persons involved or who have knowledge relevant of or to events.

**ANSWER:** See Response to Interrogatory No. 22.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

**By:** ______________________
**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: April 3, 2002**




APR-02-2002 16:09 7177838727 P.02/02
FILE NO.587 04/02 '02 13:21 ID:OFFICE OF ATTY. GENERAL FAX: 7724526 PAGE 24/ 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRET T. CULVER, | : | |
| Plaintiff | : | |
| v. | : | No. 1:01-CV-0904 |
| | : | (Judge Kane) |
| T. E. MIKNICH, et al., | : | |
| Defendants | : | |

VERIFICATION OF ROBERT D. SHANNON

I, ROBERT D. SHANNON hereby states, he has read the responses to plaintiff's interrogatories, and that the facts set forth therein are true and correct to the best of his knowledge, information, and belief.

2 Apr '02
DATE

[signature]
ROBERT D. SHANNON

LOCATION: RX TIME 04/02 '02 16:54 TOTAL P.02

**SHANNON - EXHIBIT "A"**

RECEIVED
OCT 19 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1451 N. MARKET STREET
ELIZABETHTOWN, PA 17022

OFFICE OF THE
CHIEF HEARING EXAMINER

October 17, 2000

Brett Culver, DD-3483
SCI Mahanoy

Re: DC-ADM 801 - Final Review
Misconduct No. A212770

Dear Mr. Culver:

This is in response to your appeal to final review of the above numbered misconduct.

In accordance with DC-ADM 801, VI, L, 3, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801, §VI. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

Sincerely,

Kristen P. Reisinger for

Robert S. Bitner
Chief Hearing Examiner

RSB:bjk

pc: Superintendent Shannon

cc: DSFM Petrucci
DSCS Kneiss
CCPM Unell
ms - Bosavage
DC15 - original
RS Martin

301 Morea Rd
Frackville, PA. 17932

9-25-00

OFFICE OF THE
SEP 28 2000
CHIEF HEARING EXAMINER

I am presenty detained in RHU at SCI Mahanoy under punishments incurred by Administrative relaliation. The retaliatory punishments are directly related to my efforts to report, and seek relief on Official violations being made against my person.

I am forced to seek relief on these violations through Court Actions (and prior). But at present, the SCI Mahanoy Administration has obstructed this pursuit by witholding all my Legal Records, Materials, and Documents. I have not been permitted access to these Materials from 9-11-00 till present.

Also, because I have been sanctioned with punishment by the Intelligence Captain at this facility, I cannot obtain a fair or impartial hearing, or Appeal on the false allegations Im sanctioned on at this Institution. I request a Impartial committee for Appeal relief (#A212770) on the present unjust sanction I suffer. I will also have to request that the Impartial Committee be aside any influence or involvement of R. Bitner (Chief Hearing Examiner). R. Bitner is actively involved in D.O.C. violations related to the incidents I have reported on, and am suffering retaliation for.

Brett Cullens

10-25-00

SUBJECT: Status of Fraudulent #A212770

TO: R. Shannon Superintendent

FROM: Brett Culver DD3483 RHU D-22

RECEIVED
OCT 26 2000
SUPERINTENDENT'S OFFICE SCI MAHANOY

So called incident date: 9-5-00

Fraudulent allegations in act of retaliation by Vincent Mooney 9-11-00 #A212769

On 9-14-00 #A212769 Dismissed Without Prejudice

9-18-00 Vincent Mooney re-writes fraudulent allegations with added lying rational #A212770.

9-11-00 to 9-22-00 all evidence documentation and relevent record evidence was denied and witheld from me to deny a fair or impartial hearing, and the biased hearing was imposed 9-22-00.

On or about 9-24-00 a letter of complaint and request for a fair and impartial hearing free of SCI Mahanoy Staff and Chief Hearing Examiner R. Bitner influence be secured via Camp Hill. (No reply)

Continued efforts to secure evidence documentation and personal records relevent to issues alleged in #A212770 denied and witheld by SCI Mahanoy Administration. SCI Mahanoy Officials also refused to produce requested evidence for record.

9-28-00 Notice of Appeal Continuance was submitted to PRC via the access of evidence documentation, personal records relevent to issues of allegations, and production of documentation to verify implied evidence/testimony by Vincent Mooney #A212770. And Request for Fair and Impartial Hearing.

9-29-00 Notice of Continuance for Appeal and reasons submitted to R. Shannon.

10-2-00 Notification to PRC that Appeal Process had been Obstructed by SCI Mahanoy Administration and could not continue untill access to all relevent Documentation, evidence records, and personal records needed for appeal be granted.

[illegible]-6-00 PRC responds with irrelevent response.

[illegible]-6-00 SCI Mahanoy Administration allows access to partial personal records and evidence documentation.

[illegible]-12-00 I submit Appeal of #A212770 to R. Shannon Superintendent level. Response: "Returned w/o action. Inappropriately Filed [illegible] 16 OCT 00."

-16-00 Refiled Appeal of #A212770 to R. Shannon. Response: "Inappropriately filed. Returned without response C. Detter 10-17-00."

-18-00 Re-filed Appeal of #A212770 with DC ADM 801 VI.2 clarification of procedure R. Shannon. Response: "You have already exhausted all levels of appeal this Appeal-A212770. Please refer to respons from Chief Bitner dated 17 Oct 00 [illegible] 20 Oct 00."

[illegible] Re-file of #A212770 to R. Shannon with Status Record, ect. 10-25-00

A212770 has never been Appealed to Chief Hearing Examiner R. Bitner. I am only interested in the Appeal Decision of R. Shannon at the SCI Mahanoy Superintendent level. ~~[illegible]~~ Im only interested in Your decision on this matter, because, You reviewed the so-called violation document (R Shannon 9-5-00) a week prior to Vincent Mooney's fraudulent report, and You found no violation of rules or regulations in that said document of record. Therefore, "your decision in this matter is relevent to the ~~[illegible]~~ Actions being prepared on this and other Administrative violations. You are either going to compromise your position to support the actions and allegations of ~~[illegible]~~ record by Vincent Mooney, or you will stand on your own two feet and justify the situation in a professional manor as your position of authority requires. (In other words, You will either collaborate with the actions of Vincent Mooney, or you will preform your duty ~~[illegible]~~ honestly and justly). What you do is your decision". All Im asking is that you Suck-it-up and do whats right!

I understand you dont want to be involved in this matter. You seem like a individual that wants to be "on the level" and do your job in professional manor. Unfortunately you inherited a very corrupt and dishonest batch of Administrative Officials when you came here. I think your wise enough to see that this ship you command is heading for rough waters (I dont mean that in reference to my issues against this Admin alone). ~~[illegible]~~ Take some warning by what you see developing around you. It bewilders me why you would compromise (your) personal dignity and honor to support lies and acts of cowardly sadistic abuses of authority and others. ~~[illegible]~~ Especially by individuals (under) your authority.

I know that the motivating factor against me is my abrasively blunt behavior in ~~[illegible]~~ condemnation of your staff. But what I say is % factual and True! Im just frustrated, and aggravated to such behavior.

SUBJECT: APPEAL of #A21277[illegible] 10-18-00

Now Resubmitted 10-25-00

TO: Superintendent R. Shannon

FROM: Brett Culver DD3483
RHU D-22

Document R. Shannon 9-5-00 (Contents of both Documents submitted R.Shannon 9-5-00) stands as evidence on its own merit. Documentation submitted R. Shannon 9-5-00 contains NO THREAT, nor is said documentation in violation of any rule or regulation. Documentation R. Shannon 9-5-00 of record contains NO CONTEXT OF PHYSICAL AGGRESSION, OFFENSIVE INTENT, NATURE OR ATTRIBUTE DIRECTED OR CONTRIBUTED towards or against Officer Miknich (or anyone anything else). There is absolutely no Threat contained in context or word in said documentation R. Shannon 9-5-00.

Documentation R. Shannon 9-5-00 (Both documents submitted 9-5-00) were drafted and submitted as a only means and/or alternative means of witness ability to the suffered situations of Official and Administrative Harrassment, Retaliation, Unjust Violations. These documents were entered for record as an only means of protection measures and evidence to the ongoing Official and Administrative attacks against my person, as all efforts to secure relief and/or protection from such abuses has been denied by the SCI Mahanoy Administration.

Documentation R. Shannon 9-5-00 (Both documents) were submitted to your authority for record on or about 9-5-00. Your personal review found nor identified any Threat or threatening statement towards Officer Miknich, or anyone else for that matter, as NO Threat exists in said documentation of record. As evidence of your personal review testimony, You entered that THE ISSUES OF MY COMPLAINT BE INVESTIGATED, As directed to Mr McGrady 9-7-00. A week after document R. Shannon 9-5-00 was submitted to your authority for record, a Captain Mooney has me sent to RHU for refusing to give him the names of employee informants refered to in document R. Shannon 9-5-00. Captain Vincent Mooney then entered a false report #A21277[illegible] saying he questioned me about threatening statements to Officer Miknich; I refused to explain these non existant Threats he falsely alleges he asked about. I was placed in RHU by Vincent Mooney for witholding the names of informants that he demanded, and his actions are retaliatory (See E. Kneiss response 9-22-00

10-14-00

SUBJECT: Harrassment Incident Committed by Captain Vincent Mooney 10-13-00

TO: Superintendent R. Shannon

FROM: Brett Culver DD 3483 RHU D-22

RECEIVED
OCT 1 9 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

On 10-13-00 during my detainment in RHU (D-22) sometime after 5:00 P, a Captain Mooney (who placed me in RHU on (conspired) lying allegations) openly Harrassed my person when he came onto the D-Pod. [Hold D-Pod Video for Evening of 10-13-00, Civil Action – Maintain for Record]

While Mr. Mooney was making a round through the block, I confronted him on his lying conduct and false allegations which he utilized to abuse his power of position and have me confined to RHU punishment, "on lies".

Vincent Mooney came to my door and started banging on the Door saying "You sure got a lot to say now that you got a door to hide behind;", Thus insinuating he would assault me if the door was not there, and/or that I wouldn't confront him for lying on me if the door wasnt there. Mr. Mooney started yelling that I was a Coward while pounding on the Door. (It Customary for Officials to become enraged when they are confronted for lying.)
As Vincent Mooney was crossing the block to leave he was yelling: Those kid's werent lying "were they?" He intentionally did that to incite the inmate population against me, and thus created a violation against the security and the orderly running of the Institution. Instigating a hostile environment with inmate pop.
Mr. Mooney was laughing about the situation he had created with my placement in RHU (on his untruthful allegations), and openly harrassed and insulted me for confronting him for his acts of corruption and authoritative abuse.

This is the second (2nd) attack of Harrassment committed by Vincent Mooney against my person, in retalliation for my filing prior reports of Official Harrassment to this SCI Mahanoy Administration. Vincent Mooney has lied on my person to induce unjust punishments, and has violated Security ... by inciting possible violence against me through Inmate population

[illegible] PRODUCE [illegible] of [illegible] alleged evidence [illegible] the record: On 7-2 I was assigned D-B# after being released fr RHU. A Cell Check Form

DC-135A Has to be dated 7-29-00 according to Policy Procedure. And this is what I'm seeking for evidence testimony for record, and not Mrs Chismar's fraudulent hearsay testimony.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

INMATE'S REQUEST TO STAFF MEMBER

RECEIVED
OCT 1 8 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent

2. DATE 10-17-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD 3482

4. COUNSELOR'S NAME Roush

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT RHU D-22

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

On 9-22-00 false testimony was entered into record, obtained from Mrs Chismar, to slander and defraud my person by PRC: Misconduct Appeal Decision #A216576 dated 9-21-00. Since that fraudulent ~~[illegible]~~ testimony by Mrs Chismar was introduced into record, I have challenged this false testimony. I have also submitted to Mrs Chismar on three (3) seperate occassions to PRODUCE her implied evidence of a Cell Check Form Dated for the month of July 29th 2000 when I moved into D-B#22, signed by me, and authored by Officer Cain. Mrs Chismar "Knowingly" is using a Month of June cell Check Form to distort and enter fraudulent testimony to slander and defraud my person. I had been assigned D-B#22 on TWO (2)

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

different occassions. The second time I was assigned D-B#22 on 7-29-00 the Trash can was busted-up, and I reported it that day. A cell check form was filed by Officer Cain stating that the Trash can was busted-up upon cell inspection on 7-29-00. On 9-11-00 I was placed in RHU (On more lying allegations as you well know) and received a Misconduct for the Trash can that was busted up prior to my assignment to D-B#22 7-29-00. I have been challenging and requesting Production and verification to Mrs Chismar's fraudulent testimony "which alone" has been used to slander and defraud my person. This documentation has been routinely challenged and requested for Appeal purposes since 9-22-00 "And has been denied." Mrs Chismar's testimony is fraudulent hearsay, and I challenge the implied evidence that I know doesn't exist.

"How is it you tollorate such grand scale corruption within the Administration?" I honestly would like to know.

☐ TO DC-14 CAR ONLY ☒ TO DC-14 CAR AND DC-15 IRS

Again, you cannot follow clear direction. Problem here is evident to all but you.

STAFF MEMBER cc: Unit Mgr Chismar [signature] Supt

DATE 18 OCT 00



REV: 17 April 2000

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
SCI Mahanoy
(570) 773-2158

19 September 2000

SUBJECT: Superintendent's Response
Appeal of Misconduct #A212770

TO: B. Culver, DD-3483/RHU

FROM: R. Shannon
Superintendent

You were found guilty of the above misconduct. You appealed on the following grounds that:

a. The procedures employed were contrary to law, Department Directives, or regulations;

b. The punishment is disproportionate to the offense;

c. The findings of fact were insufficient to support the decision.

---

**I have reviewed the misconduct, the Program Review Committee's decision and your appeal with the following results:**

☐ **APPEAL DENIED**

☐ **APPEAL SUSTAINED**

☒ **APPEAL IS BEING RETURNED FOR INSUFFICIENT INFORMATION**

☐ **APPEAL REMANDED**

**RATIONALE:** Appeal is inappropriately filed to my office, as it has yet to be heard by PRC.

RS:sd

cc: DSFM
DSCS
CCPM Unell
Ms. Bosavage

file

TO: R Shannon   Superintendent                      9-18-00

SEP 1 9 2000

Brett Culver DD3483
RHU D-22

I need immediate access to my Legal Materials
(per DC ADM 802 VII A 4), prior to the Hearing
Examination on false allegations # A212770.

Legal Documents on Legal Pursuits related to these
issues have been requested for immediate referal
to State Representative Thomas Scrimenti.

DC ADM 802 VII A 4 cites that inmates in Administrativ
Custody Housing Status are allowed to maintain religious, as
well as legal materials, in one (1) records center box.

That should be ample clearance for all Legal Materials
in my property, and some religious Books. (Both requested)

Also, for the Hearing Examination on false allegations
#A212770, Vincent Mooney has altered the rendering
of a isolated partial ▓▓▓ entree contained in the
Document of reference, so the original will need to
be submitted for Examination. This original should
be the copy thereof Time Stamped Dated received by his
(V. Mooney) Office. As to further testimony for evidence
V. Mooney alleges that he ▓▓▓ had not been present
at this Institution from 9-5-00 to 9-11-00. Documentation
of Work Attendance Record Tracking for Vincent Mooney 9-5-00 to 9-11-00
will be required for that evidence and testimony. Also the
name of Official who is in charge of Vincent Mooney's duties
during his absence.

Brett Culver

CC:

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI Mahanoy**

September 28, 2000

**Subject:** Misconduct Appeal #A212770

**To:** DD3483 Culver, Brett – RHU D-22

**From:** Edgar M. Kneiss
Deputy Superintendent
for Centralized Services

Your attached appeal must be properly filled out on a DC-141 Part II E Misconduct Hearing Appeal form with the correct misconduct number and hearing date and submitted to the Program Review Committee in a timely fashion (within 15 days from the date of your hearing, which was 9/22/00).

Please resubmit your appeal on the proper form.

EMK:hb

Attachment

cc: Deputy Petruccio
Mr. Unell
DC-15
File

Notice For He[illegible]ing/Appeal Contin[illegible]nce via Impartial Procedural Hearing, and access of Record Documentatio

TO: PRC

9-28-00

RECEIVED
SEP 28 2000
DEPUTY SUPERINTENDENT CENTRALIZED SERV. SCI MAHANOY

Brett Culver DD348
RHU D-22
Brett Culver

The SCI Mahanoy Administration is in direct violation of D.O.C Policy Procedures by denial of a fair and impatial hearing 9-18-00 on Misconduct # A212770

All requested "witness documents to challenge charging staffs implied evidence and allegations, as requested per DC-141 Part II A form, was Denied by Hearing Examiner Kain.

[I, being falsely charged on fraudulent testimony and implied evidence, have the right to request the documents Im being charged from, and those documents necessary to support or disprove allegations being made against me.]

Hearing Examiner Kain refused to allow witness documents for review of evidence at Misconduct Hearing #A212770 on 9-18-00. (Decision based entirely on Mooney's version.)

Also, because all personal Legal Records and Materials are presently being witheld by the SCI Mahanoy Administration, record documentation directly relavent to these issues of evidence, and necessary for presenting a Appeal are being Denied by the SCI Mahanoy Administration. (Obstruction/Hinderin

Therefore, this Administration at SCI Mahanoy is in violation of D.O.C. Policy and Procedure. These are also Civil Rights violations. Misconduct Hearing #A212770 conducted by Hearing Examiner Kain on 9-18-00 is in violation. DC ADM 801 VI K (Misconduct #A212770 is also in violation of time limitations expiration)

No fair or impartial Hearing or Appeal procedures can be secured at this Institution. Documentation on evidence and related issue has been denied, and continues to be witheld by the SCI Mahanoy Administration.

I formally request a Impartial Hearing on Misconduct #A212770 and the right to have witness documentation and evidence examined.

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI Mahanoy**

September 22, 2000

**Subject:** Misconducts A212769 – A212770
Notification of Confinement A224179

**To:** DD3483 Culver, Brett – RHU D-22

**From:** Edgar M. Kneiss
Deputy Superintendent
for Centralized Services

I feel you are wrong in that the misconduct was dismissed without prejudice to be re-written. You were given a notification the same day.

Captain Mooney was out of the institution, and upon his return and when finding out it was dismissed, he rewrote it. All legitimate.

This all may have been avoided if you cooperated in the first place.

EMK:hb

Attachment

Cc: Supt. Shannon
Deputy Petruccio
Major McGrady
Major Michaels
Captain Mooney
Lt. Henrickson
DC-15
File

TO: P. R. C.

RECEIVED
SEP 21 2000
DEPUTY SUPERINTENDENT
CENTRALIZED SERV. SCI MAHANDY

Notification of Procedural Violations of DOC Directives/Procedu.

9-21-00

Brett Culver DD345?
RHU D-22

On 9-11-00 I was placed in RHU AC Pre-Hearing Confinement per DC ADM 801 IV C pending misconduct hearing #A212769.

The reporting staff V. Mooney filed allegations of report per DC ADM 801 VI A (2), (3, On 9-11-00 1515 hrs I was placed in RHU (for not cooperating) by order of V. Mooney. Pursuent to DC ADM 801 VI C the Shift Commander co-signed this action The report of DC-141 Part 1 #A212769 thus refered my status (at that time) to Pre-Hearing Confinement pending Misconduct Hearing per DC ADM 801 VI E2.

The Hearing for #A212769 was held 9-14-00 at which said charge was Dismissed Without Prejudice. At that time and date (9-14-00 1100 hrs) my status refered from AC Pre-Hearing Confinement per DC ADM 801 VI E2 to a subsequent DC ADM 80 VI C. (which allows reasonable time for any re-write to the alleged charge dismissed. Pursuent to DC ADM 801 VI C with the charge #A212769 being Dismissed 9-14-0 1100 hrs, the time expenditure offered to the charging staff member EXPIRE 9-17-00 1100 hrs.

In Accordance with DOC Directives/Procedures, Misconduct re-write #A21277 filed on 9-18-00 is untimely and VOID on expired time expenditure.

"Also, the DC-141 Part 1 #A224179 ☒ Other "Notification of Confinement" prepare and filed by Lt R. Henrickson 9-14-00 is non applicable and in violation of D.O.C. Directives/Procedure. Upon Dismissal of charge #A212769 9-14-00 the extended detention confinement was pending a <u>possible</u> re-write of char, and I was not detained on AC Investigation. DC ADM 802 VI A1F as ente #A224179 is non-applicable and is not in accordance with DOC Directives/ Procedures. On 9-14-00 I was not detained on any Charge, nor was I AC Investigati

The afore out-lined status procedure in accordance with DOC Directi /Procedures is True and Correct.

Pursuent to the Procedural Violations of DOC Directives and Procedures, my present detainment in RHU must be annulled

→ T A



FORM DC-141 PART I COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
☒ MISCONDUCT REPORT ☐ OTHER DEPARTMENT OF CORRECTIONS

A 212770

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| DD-3483 | Culver, Brett | SCI-MAH | 1515 | 9/5/00 | 9/18/00 |

| Quarters | Place of Incident |
|---|---|
| RHU | Security Office |

OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| Staff | CO1 Brennan | | ✓ | Staff | Superintendent Shannon | ✓ | |
| Staff | CO1 Engle | | ✓ | | | | |
| Staff | CO1 Miknich | ✓ | | | | | |

MISCONDUCT CHARGE OR OTHER ACTION A. Class # 15. Threatening an Employee or their family with bodily harm.

STAFF MEMBER'S VERSION On September 5, 2000 Superintendent Shannon received a Request Slip from DD3483 Culver. In the Request slip inmate Culver alledged that Co Miknich was harrassing and stalking him. Culver further stated "I cannot be held accountable for my actions on my part that might occur related to these situations". On 9/11/00 I attempted to interview inmate Culver concerning his threatening statement, Culver refused to cooperate and explain his statement, therefore his statement is considered a threat to Co Miknich. The difference in the original date of incident and Report date was due to this Reporter being out of the institution until 9/11/00. Misconduct A212769 was dismissed without prejudice resulting in a new date of Report of 9/18/00.

IMMEDIATE ACTION TAKEN AND REASON Continue confinement in the L-5 pending further action by the Hearing Examiner.

PRE-HEARING CONFINEMENT

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES ☒ NO | N/A | N/A |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY DATE | TIME 24 HOUR BASE |
|---|---|---|---|
| Moohey, Vincent F. Intelligence Captain | CO 4 [signature] | 9-18-00 | 1915 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER DATE | TIME | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| 9-20-00 | 0800 | ☒ CLASS I ☐ CLASS 2 | CO [signature] |

NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

9-11-00

DC-141 PART II B
Rev. 6-84
DISCIPLINARY HEARING REPORT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DD3483 | Culver | SCI-MAH | 9-22-00 | 10:40 | A212770 |

| INMATE PLEA | ☐ Guilty | ☐ No Plea | Verdict | ☒ Guilty |
|---|---|---|---|---|
| | ☒ Not Guilty | ☐ Other | | ☐ Not Guilty |

CHARGES A#15, Threat — [illegible]

HEARING ACTION

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Culver submits a version stating essentially that he did author the attached copy of the request slip. He did make the statement that "I cannot be held responsible or accountable for any action on my part that might occur related to this situation..." But he doesn't see this as a threat.

I find for the staff report given Culver's denial that the statement he authored in the attached request slip, that he could not be held responsible for any action on his part, as a threat to be held responsible for [illegible] any action on his part, as a threat. [illegible] staff. I find he was [illegible] the [illegible] guilty of threatening charge.

Sanctions: 90 days DC

9-11-00

12-9-00

| | | |
|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☒ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

written version attached

SEE APPENDICES ☐

copy of request slip attached & staff and Culver

NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)

J.K. KANE

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

DC-141 Rev. 6-84 PART II A
INMATE REQUEST FOR REPRESENTATION AND WITNESSES

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| DD3483 | CULVER, BRETT | SCI MAH | 9-18-00 | A212770 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below. Assistance by Attorney/Case involves Official Criminal intent.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☒ I request assistance by Kathy R. Stuber Esquire — PA. Institutional Law Project 924 Cherry St. Philadelphia PA.
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give. no, Culver appears able to understand the process

1. Name of Witness: If Inmate No. Quarters
Original Document (R. Shannon 9-5-00) Stamp Dated to V. Mooney Office receipt

Why is this person's testimony relevant and important?
V. Mooney rendering of statement in #A212770 is altered and not correct to the original text. Also V. Mooney twists this partial statement out of the context present in the original, Office Date Stamp for Evidence.

DO NOT WRITE IN THIS SECTION
For Use by Hearing Examiner

Witness permitted? If not, why not?

2. Name of Witness: If Inmate No. Quarters
Institutions Work Attendence Tracking Record for V. Mooney 9-5-00 to 9-18-00

Why is this person's testimony relevant and important?
V. Mooney enters (implies) evidence by testimony in report that he had not been at this Institution 9-5-00 to 9-11-00 for rational, that this charge could not be written-up (outside his authority) and presence.
Whomever was V. Mooney's replacement during absence.

Witness permitted? If not, why not?
no, no one requested specifically

3. Name of Witness: If Inmate No. Quarters
Whomever was in charge of V. Mooney's duties during his absence 9-5-00 to 9-11-00

Why is this person's testimony relevant and important?
To explain why nobody at this Prison found any reason, or could not take action if this violation (alleged) existed. And why no violation was found by anyone for the 6 days (six days) V. Mooney alleges he was not at this Institution.

Witness permitted? If not, why not?

Brett Culver
Inmate's Signature

This section to be completed by Housing Officer only
Received completed form 0645 hours 9-19-00
Time Date

CO HENDERSON [signature]
Housing Officer's Signature

[signature]
Hearing Examiner's Signature

WHITE — DC-15 YELLOW — Inmate's Copy To Be Given After Action By Hearing Examiner PINK — Staff Member Reporting Misconduct

R. Shannon (Superintendent) did not find any violation in document 9-5-00. V. Mooney did not charge [illegible] with #15 Because document 9-5-00 was in violation, [illegible] was charged with the alleged violation because I [illegible] wouldn't speak about information V. Mooney wanted. I was charged because I would not do what V. Mooney wanted me to. Document R. Shannon 9-5-00 is not in violation, and there is no documented Threat to Him.

DC-141 PART II C
Rev. 6-84 HEARING SUPPLEMENT
INMATE VERSION AND WITNESS STATEMENTS

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| DD-3483 | Culver, Brett | SCI-MAH | A-212770 |

INMATE'S VERSION

Statement of allegation is a isolated partial of a statement being twisted out of context to which it was presented. Also, this isolated partial being twisted out of context has been ALTERED from its original text, as it is rendered in #A212770. Even out of context this isolated partial implies no threat to anyone. In context presented in the two form documentation sent to R. Shannon 9-5-00, this document was a Proclamation. Due to Administrative hostilities and refusal to address violations being committed against my person, I Proclaimed, as to the context, that I am not responsible for any of the issues or situations I have been forced to seek relief for or resolution to. And regardless of the Administrative Official threats to "stop pursuing these issues of complaint, I am not accountable (or responsible) for any actions on my part or efforts to secure relief. "I" am not responsible for these situations or violations being committed against "me"! (I am not accountable.) I also Proclaimed that because of Administrative Corruption, retaliation, and refusal to address/Process these issues, I would not be submitting anymore issues to the authority of this Administration. Superintendent R. Shannon received this documentation (for record) and sent a copy to ( ? ) to have the ISSUES OF COMPLAINT investigated. There was no "alleged Threat" by Superintendent R. Shannon concerning the document (to be investigated). Superintendent R. Shannon is in a position (of Authority) and knowledgable enough to know if a rule or regulation had been violated (had there been a violation) And he would have had me charged immediately 9-5-00.). But no action was taken because no rule or regulation had been violated, nor was there any Threat made. [illegible] 9-11-00 Vincent Mooney did not ask me anything about a Threatening Statement as he testifies in his report. V. Mooney was enraged because I immediately told him I had nothing to say to this Administration on these issues. (Proclaimed in the Document, reasons included) V. Mooney was asking about names of employees refered to in the Document "ONLY". I again told him I had nothing to say, all issues are being handled by outside agencies. In rage V. Mooney had me sent to RHU. V. Mooney's report implies that Mr. Shannon is not capable of reporting this alleged charge, nor is anyone else during this so called absence 9-5-00 to 9-11-00. The Proclamation Document itself was specifically written for Court Actions being pursued on these issues contained. There is no Threat

[illegible] not violated any rule or regulation

35 Q.

DC-135A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

RECEIVED
SEP 07 2000

# INMATE'S REQUEST TO STAFF MEMBER

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent | 2. DATE 9-5-00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) — Brett Culver DD-3483 | 4. COUNSELOR'S NAME Barsh |
| 5. WORK ASSIGNMENT ——— | 6. QUARTERS ASSIGNMENT D-B 22 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

The Harassment by Officer Miknich against me is well known among other employees at this facility. There are certain employees that inform me about conversations they have had, or heard about me from C.O.Miknich. *Today (9-5-00) I was told by one of these employees that Officer Miknich is actively seeking information concerning me from other employees on D-B. And this employee informed me that Officer Miknich was making improper statements in reference to me. This involves conspiracies and stalking. *All measures of security and protection have been denied by this Administration. I desperately tried to secure relief on these issues which has been denied. I tried to secure separation protection which has also been denied to this date. Everything I have tried to do to secure relief (protection from abuse) has been denied by this Administration "and your authority." This Administration has supported, facilitated, promoted, and endorsed all facets of harassment and hostilities against my person. I cannot be held responsible or accountable for any actions on my part that might occur related to these situations being deliberately forced on my person.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Provide names to the Security Office. Give them something to work with and your accusations will be formally investigated as they have been previously.

Also - you most certainly will be held accountable for your actions.

R. Shannon Supt
7 Sep '00

cc: Dep. Petruccio
Major McGrady - have his latest complaints investigated.
Unit Mgr Chismar
Adm Asst Dotter

☐ TO DC-14 CAR ONLY

☒ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|
| | |

SUBJECT: Appeal of #A212770 10-12-00

TO: Superintendent R. Shannon

FROM: Brett Culver DD 3483 RHU D-22

RECEIVED
OCT 1 3 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

The document of reference (R. Shannon 9-5-00) manipulated and altered out of context by allegations implied by Vincent Mooney in his report of #A212770 will stand as evidence on its own merit. Document R. Shannon 9-5-00 does not violate any rule or regulation. There is NO present attribute of "OFFENSE" nature (context) or action (Disposition) in said document, or Assaultive Threat directed to Officer Miknich as Vincent Mooney implies in his fraudulent report of #A212770. There is absolutely NO Threat contained in said document (R. Shannon 9-5-00) as evidenced in its documented context of record. The document itself was drafted as my person suffered (and continues to suffer) Retaliatory oppression and acts of Harrassment by Administrative Officials at SCI Mahanoy. The document was drafted and produced as a only alternative means (or ability) of witness protection measures to the ongoing (possibly Conspired) suffered violations (attacks) being committed against my person. The document R. Shannon 9-5-00 was drafted as witness protection to events being committed against me, and for documentation evidence for Legal Actions in a Court of Law to secure presently denied relief. This drafted documentation (R. Shannon 9-5-00) is witness evidence and conformation that I am not responsible for, nor am I the perpetrating offender of these violations and attacks being made against my person. And that I am not responsible for anything that might take place or result in any (possible) occurance or situation instigated or forced against my person by the Offending violators. This does NOT constitute Threat to the Offenders committing violations against ME! The drafted document (R. Shannon 9-5-00) was submitted to your office and personally reviewed by your authority 9-5-00 (on or about). NO Threat was determined by your personal review of said document. And as testimony to your personal review you enter that the issues of my complaint be investigated. A week "after" you refered the issues of complaint to Major McGrady, a Captain Mooney calls me to his office and demands the names of employees mentioned in the document as informants, and has me taken to RHU for my refusal to devulge the names of employee informants. Vincent Mooney NEVER asked me anything about a non-existant Threat made to Officer Miknich, and his report of #A212770 is fraudulent as reported (a week after received by R. Shannon). Captain Mooney's report evidences by his own "motivating reason" that I was subjected to RHU detention for the "real reason" of: MY FAILURE TO COOPERATE WITH HIS DEMANDS; and not some fabricated implications of a NON-EXISTANT Threat made to Officer Miknich. This is confirmed by Edgar Kneiss in his response 9-22-00, with reply of 9-25-00. #A212770, and the suffered sanctions thereof, are a direct violation of DC-ADM 804 A., B., C. as implimented by Captain Vincent Mooney via documented report of retaliatory acts of Harrassment submitted in R. Shannon 9-5-00. (on 9-5-00 to R. Shannon). The document 9-5-00 (R. Shannon) stands on its own merit in testimony. * A decision will have to be made to either: #1 uphold Honest Professional Integrety and correct the situation in violation, or #2 Compromise justice in a decision to submit to and support a retaliatory sanction action imposed for "non-cooperation" to Captain Vincent Mooney's demands (which were as he even implies in his dishonest fraudulent report #A212770.

It the position of your authority to compromise justice in this matter and submit to the actions of Vincent Mooney to Save-face for your Administrative under-lings; [illegible] of your authority and Duty of Just

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
_X_ Misconduct Appeal ____Periodic Review ___Other

| DC Number | Name | Institution | Date of Review | Misconduct # |
|---|---|---|---|---|
| DD-3483 | Culver, Brett | SCI Mahanoy | 10/5/00 | A212770 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

The PRC has noted that you haven't indicated any grounds for appeal. You even indicate on form DC-141 Part II E that this isn't an official appeal. However, your comments and concerns listed on the form have been noted.

DECISION RELATIVE TO HEARING EXAMINER'S VERDICT

_X_ Not Applicable ___ Sustain ___ Amend ___ Refer Back for Further Study ___ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| John Corbacio, Activities Manager | [signature] | 10/6/00 |
| Thomas Hornung, Unit Manager | [signature] | 10/6/00 |
| Brenda Wildenstein, Unit Manager | [signature] | 10/6/00 |

**DC-141 PART II E**
**MISCONDUCT HEARING APPEAL**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| [illegible] | [illegible] | SCI MAH | A212770 |

I was found guilty of misconduct # ______________ on ______________ (date) by the Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

Check Area(s) Involved

a. The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree; ☐

b. The punishment is disproportionate to the offense; ☐

c. The evidence was insufficient to support the decision. ☐

RECEIVED
OCT 03 2000
DEPUTY SUPERINTENDENT
CENTRALIZED SERV. SCI MAHANOY

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all persons who may have information which may be helpful in resolving this matter.

Not an Appeal #A212770 cannot be be the fair appealed to the authority of [illegible] SCI Mahanoy Administration. No fair or impartial process can be secured. All personal records and documentation relative [to] the issue of #A212770 (and required for appeal) have been withheld and denied by the SCI Mahanoy Administration while I'm being detained in RHU on false charges. The SCI Mahanoy Administration is actively involved in retaliation actions against my person and such Administration Officials have displayed that this SCI Mahanoy Administration is totally void of honesty or integrity by its Officials. No fair or impartial appeal process can be secured through the corrupt agency of this SCI Mahanoy Administration nor can personal records be accessed or obtained via denial of [illegible] #A212770 [illegible] Administrative officials [illegible] will [illegible] and a fair [illegible] can be obtained [illegible] and impartial hearing [illegible] [illegible] before [illegible] liar.

WHITE—DC-15 YELLOW—Inmate

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI Mahanoy

September 28, 2000

**Subject:** Misconduct Appeal #A212770

~~To: DD3483 Culver, Brett RHU D-22~~

From: Edgar M. Kneiss
Deputy Superintendent
for Centralized Services

Your attached appeal must be properly filled out on a DC-141 Part II E Misconduct Hearing Appeal form with the correct misconduct number and hearing date and submitted to the Program Review Committee in a timely fashion (within 15 days from the date of your hearing, which was 9/22/00).

Please resubmit your appeal on the proper form.

EMK:hb

Attachment

cc: Deputy Petruccio
Mr. Unell
DC-15
File

"Notice For Hearing/Appeal Continuance via Impart Procedural Hearing, and access of Record Documenta

TO: PRC

9-28-00

RECEIVED
SEP 28 2000
DEPUTY SUPERINTENDENT

Brett Culver DC-
RHU D-22
Brett C

The SCI Mahanoy Administration is in direct violation of D.O.C Polic Procedures by denial of a fair and impatial hearing 9-18-00 on Misconduct # A212770

All requested witness documents to challenge charging staffs implied evidence and allegations, as requested per DC-141 Part II A form, was Denied by Hearing Examiner Kain.

I, being falsely charged on fraudulent testimony and implied evidence, have the right to request the documents Im being charged from, and those documents necessary to support or disprove allegations being made against me.

Hearing Examiner Kain refused to allow witness documents for review of evidence at Misconduct Hearing # A212770 on 9-18-00, (Decision based entirely on Money's version.

Also, because all personal Legal Records and Materials are presently being witheld by the SCI Mahanoy Administration, record documentation directly relevent to these issues of evidence, and necessary for presenting a Appeal are being Denied by the SCI Mahanoy Administration. (Obstruction/Hinde

Therefore, this Administration at SCI Mahanoy is in violation of D.O.C. Policy and Procedure. These are also Civil Rights violations. Misconduct Hearing # A212770 conducted by Hearing Examiner Kain on 9-18-00 is in violation. DC ADM 801 VI K (Misconduct # A212770 is also in violation of time limitations expiration)

No fair or impartial Hearing or Appeal procedures can be secured at this Institution. Documentation on evidence and related issue has been denied, and continues to be witheld by the SCI Mahanoy Administration.

I formally request a Impartial Hearing on Misconduct # A212770 and the right to have witness documentation and evidence examined

This Page not
The Appeal

10-18-00

RECEIVED
OCT 2 0 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

This is the third attempted Appeal of #A212770 to the SCI Mahanoy Superintendent R. Shannon. The previous Appeal(s) efforts and this third attempt are in full compliance with DC ADM 801 VI 2. My guess is that this Administration will rely on manipulation of variables, so let me cut the chase right now by citing DC ADM 801 VI 2 a.: "The inmate may state any claims concerning alleged violations of Department directives, regulations or other law:" The text is more courteous than reasonable. And being 1 page does constitute brief statements of the relevant facts necessary for the issues of Appeal.

DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent

2. DATE 10-18-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD3483

4. COUNSELOR'S NAME Bars 4

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT RHU D-32

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Why do you play games with these issues? I'll make this Appeal real simple.

Are you going to correct the unjust sanction and situation I suffer for no violation of rules or regulations?

"OR" are you not?!

SUBJECT: APPEAL of #A2127 10-18-00

TO: Superintendent R. Shannon

FROM: Brett Culver DD3483
RHU D-22

Document R. Shannon 9-5-00 (Contents of both Documents submitted R.Shannon 9-5-00) stands as evidence on its own merit. Documentation submitted R. Shannon 9-5-00 contains NO THREAT, nor is said documentation in violation of any rule or regulation. Documentation R. Shannon 9-5-0 of record contains NO CONTEXT OF PHYSICAL AGGRESSION, OFFENSIVE INTENT, NATURE OR ATTRIBUTE DIRECTED OR CONTRIBUTED towards or against Officer Miknich (or anyone anything else). There is absolutely no Threat contained in context or word in said documentation R. Shannon 9-5-00.

Documentation R. Shannon 9-5-00 (Both documents submitted 9-5-00) were drafted and submitted as a only means and/or alternative means of witness abili to the suffered situations of Official and Administrative Harrassment, Retaliation, Unjust Violations. These documents were entered for record as an only means of protection measures and evidence to the ongoi Official and Administrative attacks against my person, as all efforts to secure relief and/or protection from such abuses has been denied by the SCI Mahanoy Administration.

Documentation R. Shannon 9-5-00 (Both documents) were submitted to your authority for record on or about 9-5-00. Your personal review found nor identified any Threat or threatening statement towards Officer Miknich, or anyone else for that matter, as NO Threat exists in said documentation of record. As evidence of your personal review testimony, you entered that THE ISSUES OF MY COMPLAINT BE INVESTIGATED, As directed to Major McGrady 9-7-00. A week after document R. Shannon 9-5-00 was submitted to your authority for record, a Captain Mooney has me sent to RHU for refusing to give him the names of employee informants refered to in docum R. Shannon 9-5-00. Captain Vincent Mooney then entered a false report #A2127 saying he questioned me about threatening statements to Officer Miknich, and I refused to explain these non existant Threats he falsely alleges he asked about. I was placed in RHU by Vincent Mooney for withholding the names [illegible] (See E. Kneiss response 9-22-



COMMONWEAL . H OF PENNSYLVANIA
Department of Corrections
SCI-Mahanoy
(570) 773-2158
02 November 2000

SUBJECT: Superintendent's Response
Appeal of Misconduct #A212770

TO: Brett Culver, DD-3483/RHU

FROM: R. Shannon
Superintendent

You were found guilty of the above misconduct. You appealed on the following grounds that:

a. The procedures employed were contrary to law, Department Directives, or regulations;

b. The punishment is disproportionate to the offense;

c. The evidence was insufficient to support the decision.

---

**I have reviewed this misconduct and the Program Review Committee's decision and your appeal with the following results:**

☒ **APPEAL DENIED**

☐ **APPEAL SUSTAINED**

☐ **APPEAL IS BEING RETURNED FOR INSUFFICIENT INFORMATION**

☐ **APPEAL REMANDED**

**RATIONALE:**
Your misconduct hearing was conducted on 22 Sep yet you appealed this to my office on **19 Sep** prior to any hearing. That appeal had to be returned to you without action.

You then submitted an inappropriate appeal to PRC on 28 Sep that had to be returned to you by PRC because you failed to provide the proper format. At the same approximate time (25 Sep), you also submitted an appeal for final review, to Chief Bitner's office without appeal response from either PRC or my office. Chief Bitner, appropriately, could take no action until he received further information from the Institution.

On 03 Oct, PRC then received an appeal form from you on which you wrote "Not an Appeal. A212770 cannot be appealed to the authority of SCI Mahanoy Administration. No fair or impartial process can be secured." PRC had little choice but to return that appeal form to you noting it as not applicable.



On 17 Oct, the Institution received a copy of Chief Bitner's Final Review of Appeal addressed to you.

On 20 Oct, I then received what can be construed as an appeal from you on this same misconduct. My response reflected this appeal process was closed as per receipt of Final Review.

A few days later, while making my rounds through the RHU, you indicated to me that, not only did you not receive anything from Chief Bitner, you also claimed that you **never sent** any appeal to his office. Either you were flat-out lying or just plain forgot. Choose **one** because, attached you will find a) Chief Bitner's Final Review response and b) a copy of your appeal that you wrote, signed then sent to Chief Bitner dated 25 Sep.

Your actions in this matter are reviewed as a deliberate intent to abuse the Adm Dir 801 process as it pertains to appeals. Your deliberate actions resulted in several hours of staff time to attempt to ensure that your appeal rights were not infringed upon and that you be given fair opportunity for review. You were given several opportunities to follow proper procedures and you failed to do so.

Your appeal process on this matter has been completed. As a result, this additional appeal is denied due to it being inappropriately submitted.

RS:plr

cc: Chief Bitner
DSFM
DSCS
Ms. Bosavage
CCPM Unell
Control
DC-15
file

RECEIVED
APR 1 7 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

DC-135A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

# INMATE'S REQUEST TO STAFF MEMBER

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) Mr Shannon [illegible]. Superintendent
2. DATE 4-14-00
3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD 3483
4. COUNSELOR'S NAME Barsh
5. WORK ASSIGNMENT —
6. QUARTERS ASSIGNMENT D-B
7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

My Legal documents were Illegally taken from me 4-13-00
#1 This is a Illegal Confiscation of Legal documents which violates my Constitutional Rights.
#2. This violation has and "is; Obstructing and Hindering Legal pursuits, and my Constitutional Rights to pursue Legal remidies.
I demand the return of my Legal Documents.
Violaters include the Confiscating C.O.'s who conspired to Confisicate the Legal Documents with the issuance of the DC-141 #A159045, also the Approving C.O. of #A159045, The supervisor on Duty 4-13-00 1510 PM., The Supervising staff of the Property Office where the Legal Documents are

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

being held, ~~[illegible]~~
#3. This is also a violation of Harassment as proven by the Administrative Personels support of the merit-less Misconduct issued, and the continued Confiscation of personal Legal papers.
#4. Abuse of Authority, as demonstrated by SCI Mahanoy Admin Officials If not intentional, then #5. Incompetence in Capacity of Duties

Try contacting the Property Room directly with your complaints. That would be more appropriate if seeking resolvement to your concerns.

cc: Unit Mgr Chesmar
Lt. Mahally

[signature] Shannon, Supt
17 Apr 00

☒ TO DC-14 CAR ONLY

☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE

Federal Offense.

Even though I am 1 of 1,960 inmates, I thought it worth bringing to your attention that one of your employees is falsifying Record within your Administration. This is a Federal Offense within your Administration. One of your Administrative officials within your Supervision. Transfer does not make me accept your corruption within your Administration or Crimes.

DC-135A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

RECEIVED
APR 27 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

INMATE'S REQUEST TO STAFF MEMBER

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Mr. Shannon Superintendent

2. DATE 4-26-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD 3483

4. COUNSELOR'S NAME Barsh

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT RHU

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

As to your letter dated 25 April 00. The issue here is; one of your employees is falsifying Record Documents by Back Dating events on Record that time limitations had expired on. Any appeal would only show the falsified Back Date on Records, and not the actual date of events. Also, I can not appeal this issue through the Appeal system, because the Misconduct was dismissed (See DC Handbook). These Documents were subject to dismissal "without Prejudice" then Back Dated 3 days because the time limitations for the Hearing Had expired prior to the Hearing. These Falsifying of Dates on these Proceedings done By Kane were done

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

so he could have another Misconduct rewritten with a fresh time limitations so he could prosecute a expire issue.

Not one of your Administrative offices will address this issue. I kinda thought you were in charge of these Administrative Offices. By your letter, I take it that you fully support corruption within your Administration, and these actions by Kane of Falsifying Institutional Documented Records. These acts of corruption in which you have been informed of and demonstrate support of within this Administration have been noted.

CC:

I have addressed this matter as have other staff. Your claims cannot be substantiated.

☒ TO DC-14 CAR ONLY ☐ TO DC-14 CAR AND [redacted] IRS

cc: Unit Mgr Chismar

STAFF MEMBER: [signature] Shannon Supt

DATE 27 APR '00

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Mahanoy**
(570) 773-2158

25 April 00

**SUBJECT:** Response to Correspondence

**TO:** Brett Culver, DD-3483, RHU

**FROM:** R. Shannon, Superintendent

You are incorrect in your assumption that I should be aware of your situation. There being 1,960 other inmates here besides you, I am not aware of your most recent plight.

The issues included in your request slip may be matters to be considered as part of any misconduct appeal. If you wish to process an appeal, then do so. It would be inappropriate for me to address your concerns otherwise. You also have a chain of command in which to pursue your concerns. That process does not begin at my doorstep. I will take no further action until you follow proper procedures as required.

I also note that you have sought to gain transfer return to Western Region. It will not happen if you cannot resolve your conflicts here.

RDS:dy

cc: DSFM Petruccio
Lt. Henrickson
U.M. Chismar
DC-14
file

DC-ADM 801 G. 11.1

DC-135A

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF CORRECTIONS

INMATE'S REQUEST TO STAFF MEMBER

RECEIVED
APR 25 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) Mr. Shannon Superintendent

2. DATE 4-24-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD3483

4. COUNSELOR'S NAME Barsh

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT RHU A-12

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

I suppose your aware of this, but I'll need your response anyways. This is yet another spin-off of the request I sent to you 4-14-00 about a CO Taking my legal work then filing a false report (Misconduct) to cover-up his violation of taking my Legal work. The next time I seen him I confronted him for lying on me by saying "Quote; Whats the matter cant tell the Truth:? Unquote." (Those are the only words I said.) Later that night Im taken to RHU and get a Misconduct stating I threatened him and his family... It seems to be nothing to this CO to manipulate this entire Administration with lies against inmates he wants to "personally" persecute, Knowing the Administration will support and promote his "personal" corruption of the System. Anyways, even as this Administration supports and promotes

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

such acts of corruption, I was held in RHU for 7 days before I finally received a Hearing. (4-17-00 to 4-24-00.) This violates DC-ADM G. 1 of a 6 Calendar day time limit. When I asked about this I was told it was 7 working days, "But that is untrue." The Misconduct was dismissed at the Hearing, but Examiner Kane said he wanted time for the Misconduct to be rewitten. After I got the Verdict Receipt (DC-141 Part II B) I seen that Kane had Back Dated the Hearing Date on it to 4-21-00, "But it was the 24th." This was done to keep the Misconduct valid on Time frame. Did Kane not also lie? Is this not collaborating corruption? In any event, going by the Back Dated 4-21-00 (Now) The new rewritten Misconduct 4-24-00 is 3 days over the re-issuement time Period. Either way these Misconducts (False allegations) must be thrown out. What Is your position since these offices and officials are in violation? Im still being punished in RHU for doing no wrong or comitting any error, awaiting further action by Hearing Exam.

☐ TO DC-14 CAR ONLY ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER | DATE

DC-135A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

RECEIVED
SEP 0 7 2000

INMATE'S REQUEST TO STAFF MEMBER

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent | 2. DATE 9-5-00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD-3483 | 4. COUNSELOR'S NAME Barsh |
| 5. WORK ASSIGNMENT ——— | 6. QUARTERS ASSIGNMENT D-B 22 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

The Harassment by Officer Miknich against me is well known among other employees at this facility. There are certain employees that inform me about conversations they have had, or heard about me from C.O.Miknich. *Today (9-5-00) I was told by one of these employees that Officer Miknich is actively seeking information concerning me from other employees on D-B. And this employee informed me that Officer Miknich was making improper statements in reference to me. This involves conspiracies and stalking. *All measures of security and protection have been denied by this Administration. I desperately tried to secure relief on these issues which has been denied. I tried to secure separation protection which has also been denied to this date. Everything I have tried to do to secure relief (protection from abuse) has been denied by this Administration "and your authority." This Administration has supported, facilitated, promoted, and endorsed all facets of harassment and hostilities against my person. I cannot be held responsible or accountable for any actions on my part that might occur related to these situations being deliberately forced on my person.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Provide names to the Security Office. Give them something to work with and your accusations will be formally investigated as they have been previously.

Also - you most certainly will be held accountable for your actions.

R. Shannon Supt

7 Sep '00

Dep. Petruccio
cc: Major McGrady - have his latest complaints investigated.
Unit Mgr Chismar
Adm Asst Dotter

☐ TO DC-14 CAR ONLY ☒ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|
| | |

September 4, 2000

TO: Superintendent R. Shannon Re: #MAH-0286-00

If the Officials of this Administration want to discredit the issues, or me personally, they should have the dignity and courage to do it with truthful statements and credible evidence. The demonstrated conduct and tactics by Officials of this Administration is reprehensible. "And it is pathetic that I am the one having to tell you this!"

I have not been deceitful in any of my statements, nor have I fabricated any issues of report. All the issues "I am forced to submit on" are unquestionably real.

This Administration has consistently refused to address "all issues", and has conspired to sabotage all issues from being processed or resolved.

You accredit statements received by Ms. Chismar (as you say) to be quoted statements from me... If Ms. Chismar conveyed these so called quoted statements to you as they have been entered in your response (8-29-00), then Ms. Chismar is another liar along with the large association of members within this out-of-control Administration. There are bits and pieces of true statements present that I made, but that have been twisted and rearranged beyond any true statement or intended interpretation they originally had when I spoke to Ms. Chismar. "I certainly did not say what you say I said!" This Administration and it's Officials have corrupted the record (really the entire system) with fraudulent responses (entries) on every single issue I have "had to submit for resolution and relief. And the Official Response on #MAH-0286-00 is no exception to these Administrative tactics.

To clarify these most recent fraudulent accusations entered on record, "first, Ms. Chismar called me to the Counselors office to deliver (verbally and off the record) "your threats to me should I continue to pursue issues of Grievances (8-22-00). What I "did say to Ms. Chismar, was that I do not like having to deal with all the paper-work, because it is nothing but a headache "to me!" I told her that this Administration "refuses to address or resolve "any of these issues, and that is why I am "forced" to submit paper-work. When Ms. Chismar was delivering the threats you sent her to convey (warnings to stop persuing issues) she accused me of flooding the various offices with paper-work. She said I was sending paper-work to different offices on the same issue at the same time. "The record will show that this is not true." I also told Ms. Chismar that the Administrations agitation with my efforts to find relief on these problems was that of it's own doing. Then I did say something to the effect that if the paper-work is causing headaches to the Administration, then those are the only results my efforts have gained (I made that statement because all the situations, circumstances, and events have been created and committed by this Administration). And I did state that it is impossible for me to exist or continue at this Prison under the numerous critical situations, and that I would like to be transferred to a safer Facility closer to my family.

I would like to point out the fact that I have tried desperately to abridge this Administrations Offices to have these issues addressed (somehow someway), because of the Official corruption, dishonesty, and hostility of this Administration. There are documents of record submitted by me "pleading for any kind of resolution and end to these issues. The record will show this Administrations meritless dishonest excuses and refusal to address any of these issues. I only submit paper-work to this Administration when the outside agencies say that I have to. But I know that any issues submitted to this Administration remain unresolved, and all efforts for relief are futile.

All the paper-work I have submitted to this Administration has basically related to just three issues.
#1 Security Breaches that still continue to endanger my life (Disposition: Unresolved).
#2 Seizure of Legal Documents that has/continues obstructing legal remedies (Disposition: Unresolved).
#3 Harassment-False Allegations/Charges/Aggression of 8th Amend. Violations (Disposition: Unresolved).
"ALL ISSUES SUBMITTED TO THIS ADMINISTRATION CONTINUE TO EXIST. NOT ONE ISSUE HAS BEEN RESOLVED." The only Administrative action taken has been fraudulent corruption of issues (and my record), obstruction of process, and threats if I continue to pursue these or other issues.

I will continue to seek relief on any and all Administrative/Official violations, harassment, and lies made against me past/present/future. "However, I will not be submitting anything to the corrupt authority of this Administration.