# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                    :
                                   :
    Plaintiff              :
                                   :
    v.                     :       No. 1:01-CV-0904
                                   :       (Judge Kane)
COMMONWEALTH OF                    :
PENNSYLVANIA, <u>et al.</u>,       :
                                   :       (Electronically Filed)
    Defendants             :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## EXHIBIT A
### (Cont'd)

**Defendant Shannon's Responses to First Set of Interrogatories
(Volume II)**

## EXHIBIT B

**Defendant Miknich's Response to Plaintiff's Interrogatories**

**DATE:**      **September 29, 2003**

**DC-135A**    SEP 2 1 2000

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent | 2. DATE 9-21-00 |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD3483 | 4. COUNSELOR'S NAME Barsh |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT RHU D-22 |

**7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.**

For the past two weeks while detained in RHU I have been requesting access to my Legal Materials per DC ADM 802 V A 4 DC ADM 802-2. I am requesting ALL personal Legal Materials in my property.

Is it the CONTINUED position of this Administration by your authority to withold and deny ~~me~~ access to my personal Legal Record/Documents/Materials and Legal Pursuits thereof?

~~1~~ This notice will serve witness that any time limitations default on any pending (Active) pursuits during the time period I have been denied personal Legal Records/Documents/Materials while detained in RHU "Is Not My Responsibility." (9-11-00 to present.)

**8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)**

The Administration of SCI Mahanoy is ~~not~~ fully responsible for Obstructing and Hindering any and all Legal or Procedural pursuits during the time period 9-11-00 till access to Legal Materials is secured.

You give no indication here regarding who you have contacted. Try writing to Property Lt Brennan. IF assistance is needed, contacted your block Lieutenant.

A. Shannon Supt

22 Sep '00

cc: Lt Brennan
    Lt Henrickson

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |

DC-135A

INMATE'S REQUEST TO STAFF MEMBER

RECEIVED
OCT 0 4 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOV

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) R. Shannon  Superintendent | 2. DATE 20-3-00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DB3453 | 4. COUNSELOR'S NAME Baesh |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT D-27  Ritu |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

Unless you turn over my personal legal Materials you will be charged with obstructing and hindering legal pursuits.

Legal Materials have been denied and withheld since 9-11-00 till present, by the authority of Superintendent R. Shannon, (SCI Mahanov.) The above said is not entirely accurate, ~~...........................~~ you may be to Rightfully and Honestly charged man if you do turn over my legal materials.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

I have withheld nothing from you. Contact the Property Room directly as required and be specific on your request. If you run into a problem, then contact the SHIFT Commander. You will get whatever you need and are entitled to. Your threats have no bearing on persuading appropriate action. It will occur regardless.

A. Shannon
Supt
4 Oct '00

cc: DSFM Petruccio
    Lt Henrickson — please resolve if you have
                    not already done so.
    Lt. Brennan

☐ TO DC-14 CAR ONLY                    ☒ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

October 7, 2000

**SUBJECT:**    Administrative Denial of
                Legal Materials (Personals)
                While Detained in R.H.U.
                9-11-00  till  present.

RECEIVED

OCT 1 1 2000

SUPERINTENDENT'S OFFICE
SCI MAHANOY

**TO:**        R. Shannon
                Superintendent

**FROM:**      Brett Culver DD-3483
                R.H.U.  D-22                *Brett Culver*

After trying to obtain personal Legal materials while detained in RHU
since 9-11-00, ~~I~~ I was finally  permitted to access my personal Legal
materials at the Property Office on 10-6-00.  At that time I withdrew
the Legal documents I could find, that I needed, but the escort Officer
put  half of the documents back in storage.

Therefore, I am still unable to pursue any pending Legal pursuits due to
Administrative denial of legal materials and record documentation.

Also, Legal Work/Records pursuent to CourtAction to be filed that was
SEIZED on 4-14-00 and never returned, and the newly prepared replacement
work (Inmate assault liabillity action & Security liabillity action),
WERE NOT found upon access to my personal records.  These documents are
missing.  Letters from Attorney correspondance could not be found either.

It's possible that these documents are in my personal property "somewhere,
and were overlooked.  My concern is that materials I need to have in order
to pursue legal endevores were denied by the Officer that put them back in
storage(to deny and withold).

It must be of record that the SCI Mahanoy Administration and Officials
thereof continue to deny/withold/obstruct/hinder any and all personal Legal
pursuits and/or remidies.  These acts thereof must  be considered intentiona
~~............~~  It is also noted of record that other documents of Legal
nature might have been removed or seized from my personal property.

*You've been given access to your property to resolve this matter.*
*I suggest you contact your Unit Lt with any issues remaining.*

cc:                          cc: Lt Henrickson
                                          Supt. Shannon 11/06/00

C-135A

### INMATE'S REQUEST TO STAFF MEMBER

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
| --- | --- |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
| --- | --- |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
| --- | --- |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Your issues on A 212770 have been processed and completed, I will address the matter no further.

*A. Shannon* Supt

13 Nov '00

cc: DSFM Petruccio

Lt Henrickson

*R. Shannon*

*Superintendent*

☐ TO DC-14 CAR ONLY        (X) TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
| --- | --- |

ect:    Clarification of Record    11-10-00
Response to Administrative
Non-Compliance to Process of #A212770

TO:       R.Shannon Superintendent

FROM:     Brett Culver DD3483 RHU D-22

You keep implying and contending that you made a DECISION
RESPONSE on APPEAL #212770 from your authority and
office. (10-20-00  11-2-00  11-7-00)  But the fact is, "I never recei-
ved any Decision Response on Appeal #A212770 from your office.
Also of fact is that I know that, "You have not made
any Decision Response on Appeal #212770 to your Office
as you contend, imply, or pretend. It is _you_ that
refuses to follow procedure. It is _you_ that prevents
_all_ these issues from being processed or even ent-
ered into record.

If any of these statements are untrue, then produce
the alleged Decision Response (from your Office) on Appeal
#212770 that was never issued to me. Or are you
going to imply that Im not permitted to receive Response
Decisions on the Appeals I submit for procedure
process?

RECEIVED
NOV 1 3 2000

DC-135A

INMATE'S REQUEST TO STAFF MEMBER

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD3483 | 4. COUNSELOR'S NAME Barsh |
|---|---|

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT RHU    D-22 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

I see that

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Superintendent

R. Shannan

Follow the proper chain of command as required.
Use the request slip format as designed.
I will not discuss    previously resolved issues with you. Your complaints
are repetitious and improperly submitted. You also resort
to name-calling to further reinforce your inability to    R Shannan Supt
converse in a decent manner.    7 Nov 00

☐ TO DC-14 CAR ONLY        ☒ TO DC-14 CAR AND DC-15 IRS

CC: DSCS Kneiss

| STAFF MEMBER    Lt Henrickson    Unit Mgr Chisman | DATE |
|---|---|

DC-135A

RECEIVED

NOV 2 7 2000

SUPERINTENDENT'S OFFICE
SCI MAHANOY

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing
your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superintendent | 2. DATE 11-23-00 |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Britt Culum DD3483 | 4. COUNSELOR'S NAME Barish |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT RHU |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

Carol Dotter refuses to accept or acknowledge any reports
of violations being made against my person at this facility, "by
your orders", as she has explained to me. She has entered
that you cite abuse of DC-ADM 804 to impose this
restriction for issues and incidents I have "tried" to report
to through the corrupt SCI Mahanoy Administration.

You will need to out-line what you imply is my
abuse of DC-ADM 804 with any documentation evidence to
your claims.

Also I would like to inform you that I have completed
the unjustified unjust punishments, you and your corrupt
cronies imposed against me with ~~your filthy~~ lies. I have

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

yet to figure-out whether that unjust sanction was imposed for your
(or staff) sadistic pleasure, to let me know you and yours can abuse their
positions of power in any ~~filthy~~ corrupt way ~~that~~ you choose, or ~~filthy~~ intentional
attempts to provoke a incident or reaction from me. (Probably ~~every~~ all of the above)
These Administrative actions and objectives are EXACTLY why I submitted the non-
accountability/responsibility to these issues/situations/incidents, in the document
Vincent Mooney lyingly used as an ~~implied~~ Threat (R. Shannon 9-5-00) In revoking
to that documentation, I am not accountable or responsible for these continued acts of Administ-
rative retaliation, and I have still committed no wrong or violations of any rule/regulation

Returned w/o action. You were given previous direction to omit name-calling
of staff or your correspondence would not be addressed. Follow direction.

cc: DSFM Petruccio
    Adm Asst Dotter
    CCII Barsh

| ☐ TO DC-14 CAR ONLY | ☒ TO DC-14 EAR AND DC-15 IRS |

| STAFF MEMBER | DATE 27 NOV '00 |

DC-135A

RECEIVED
DEC 2 2 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

INMATE'S REQUEST TO STAFF MEMBER

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing
your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|
| R. Shannon | 12-21-00 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| Brett Culver DD3483 | Barsh |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|
| | D-B    22 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

If you want to try to justify the violations, corruption, and crimes committed by your staff, please do it with reference to DOC Directives / Policy.

My present status of property I have left in my cell consists of: 9 Pens, Sneakers, a pair of Boots, a headphone, a Radio, a lamp, one empty footlocker, a calculator, an extention cord, several Toilet articles. Now you can't say that I had excess or over limitations. All my property (seized) was in full compliance with DOC Directives / Policy / limitations, "PRIOR" to my placement to this corrupt facility, at reception, and after, and at time of seizures. Please enter your reasons these items were seized after release from Violent Money incident and not anytime prior since my reception at this facility.

# Reasons for Art Supply Seizure? (Paints, Boards, Tapes, Brushes, Pastels)
# Reasons for Art Works Seizure?
# Reasons Educational Study Books Cleared by Admin Exemption were Seized? (Both 12-7-00 & 12-19-00)
# Reasons Pens were Seized (Both 12-7-00 & 12-19-00)?
# Reasons Legal Work / Documents / Records Seized (4-13-00 / 9-2000 through 12-7-00)?
# Reasons Calendar Seized?
# Reasons Religious Phamplets Seized?
# Reasons Medication Seized?
# Reasons T.V. Seized?
# Reasons Typewriter Seized?
# Reasons Tape Player Seized?
# Reasons Commissary, Toothbrushes, Catalogs, Headphone adaptor, Typewriter Ribbons, were Seized 12-7-00 / 12-19-00?
What are your justifications that all these seizures took place (resulted) after I was still released from RHU 12-7-00, and not anytime since my placement 12-1-99?

DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Address your concerns thru the proper chain of command starting with your Unit Manager. As instructed to do so on several previous occassions.

☐ TO DC-14 CAR ONLY        ☒ TO DC-14 CAR AND DC-15 IRS

cc: DSFM Petruccio

| STAFF MEMBER | | DATE |
|---|---|---|
| | Lt Brennan    R. Shannon Supt | 22 Dec 00 |
| | Unit Mgr Chismar | |

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI Mahanoy**
**(570) 773-2158**
13 September 2001

**SUBJECT:**     Attached Correspondence

**TO:**     Brett Culver, DD-3483/IB

**FROM:**     R. Shannon
Superintendent

As you can see by (attached), O.P.R. Director O'Hara has referred your issues back to the Institution due to your failure to pursue resolvement through the proper chain of command.

I have read what was returned.  I will now direct you, once again, to direct institutional concerns to the appropriate Department Head.  No further action will be done until you do so.

Attachments (3) pages

RS:prg

Cc:     DSFM Petruccio
DSCS Kneiss
CHCA Cerullo
Adm. Asst. Dotter
Unit Manager Spaide (I)

file

---

*"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*



**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PENNSYLVANIA 17001-0598**
**(717) 975-4859**

RECEIVED
SEP 1 3 2001
SU?ERINTENDENT'S OFFICE

September 11, 2001

Brett Culver, DD-3483 *IB*
State Correctional Institution Mahanoy

Dear Mr. Culver:

The Office of Professional Responsibility recently received your correspondence dated September 1, 2001.

Your correspondence is being referred to Superintendent Shannon for any action he deems appropriate. Additionally, a copy of your correspondence is being forward to the Bureau of Health Care Services.

Sincerely,

H. Clifford O'Hara
Director
Office of Professional Responsibility

HCO/yb

cc:    Director McVey, BHCS (w/attachments)
       Superintendent Shannon (w/attachments)

cc:DSfm Petrura
√DSCS Kreiss
Majors @)
√D.M. Spaide I
√Da5

*1 of 2*

BRETT CULVER DD-3483
301 MOREA ROAD
FRACKVILLE, PA.17932


September 1, 2001


SUBJECT:   Notification of SCI Mahanoy
           Medical Department Incompetence and
           Medical Charge Fraud.                        Re:   Medical Charge 7-27-01


TO:        Department of Corrections
           Office of Professional Responsibility.


FROM:      Brett Culver DD-3483
           301 Morea Road, Frackville, PA. 17932


The   following document   (Complaint/Appeal;  Notification   of   SCI   Mahanoy   Medical
Department  Incompetence and  Medical Charge  Fraud, dated 9-01-01)  is being  directed  to
the   Office  of  Professional  Responsibility  at  Camp  Hill,  Pa.  for  reasons  that  this
inmate is RESTRICTED from DC-ADM-804 Procedures/Process by SCI Mahanoy officials Carol
M. Dotter   (Grievance   Coordinator),   by  said  authority  of  Robert  Shannon
(Superintendent).   Attempts  to  access  DC-ADM-804  Procedures/Process  have  resulted  in
Administrative  retaliations/hostilities/un-just  punishments  against  this  plaintiff  by
SCI Mahanoy Administrative officials/staff (Record documented).


Dated this ___1___ day of September, 2001.

                                                                *Brett Culver*

2 of 2

BRETT CULVER DD-3483
301 MOREA ROAD
FRACKVILLE, PA.17932

September 1, 2001

SUBJECT:    Notification of SCI Mahanoy
            Medical Department Incompetence and
            Medical Charge Fraud.                          Re:    Medical Charge 7-27-01

TO:    Department of Corrections
       Office of Professional Responsibility.

FROM:    Brett Culver DD-3483
         301 Morea Road, Frackville, PA. 17932

On 7-27-01 this plaintiff's account was again wrongfully charged (Medical Charge) via denied treatment for injuries, which injuries were incurred upon this plaintiff by direct result of DOC security breaches for which DOC authorities and their personnel are fully responsible, accountable, and liable for.

The SCI Mahanoy Administrative Medical personnel have continuously charged and defrauded monies from this plaintiff's account pursuant to plaintiff's efforts to receive adequate treatment for the injuries resulting from a stabbing assault on his person. The Medical Charge taken from this plaintiff's account on 7-27-01 was for a medical visit to renew medication treatment for said injuries, at which date and time plaintiff was charged for denied treatment (Non-compliance with DC-ADM-820 Policy).

The SCI Mahanoy Medical Departmental staff have made numerous Medical Charges to this plaintiff's account for plaintiff's efforts to pursue follow-up treatment and medications for the injuries and damages incurred from the inmate stabbing assault suffered. This plaintiff's account has been repetitiously charged and defrauded by the SCI Mahanoy Medical Department at various times 12-01-99 through 7-27-01.

This plaintiff is presently denied treatment and/or medication, for which denial of treatment this plaintiff has also been charged for (7-27-01).

Plaintiff Brett Culver DD-3483 appeals for restitution of monies charged/defrauded from his account (12-01-99 through 7-27-01), adequate treatment for the injuries/damages incurred and suffered, and compensation for expenditures and sufferings incurred/endured through the inadequacies/negligence/failures by SCI Mahanoy Administrative Medical personnel, in the reasonable amount of $1500.00 (Fifteen Hundred Dollars and 00 cents).



**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Mahanoy**
**(570) 773-2158**

Date: __12 May 00_____

SUBJECT:     Superintendent's Response
             Appeal of Misconduct #A159045

TO:          Brett Culver, DD-3483

FROM:        R. Shannon
             Superintendent

You were found guilty of the above misconduct.  You appealed on the following grounds that:

a.   The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree;

b.   The punishment is disproportionate to the offense;

c.   The evidence was insufficient to support the decision.

I have reviewed this misconduct and the Program Review Committee's decision and your appeal with the following results:

☒    **APPEAL DENIED**

☐    **APPEAL SUSTAINED**

☐    **APPEAL IS BEING RETURNED FOR INSUFFICIENT INFORMATION**

**RATIONALE:**

In support of your claims you quote only a portion of the handbook.  The bottom line is that newspapers are permitted to be exchanged cell to cell, **not** to be taken off the block.  Once off the block, it becomes contraband/borrowed property of others.

No one has **accused** you of anything.  Staff reported the facts, facts that you do not dispute. The Hearing Examiner found you guilty, then issued the lenient sanction befitting such a minor infraction.  I concur with those findings.

RDS:ms

cc:    DSFM          Ms. Bosavage        Mr. Hornung        file
       DSCS          Mr. Corbacio        Control
       CCPM Unell    Ms. Wildenstein     ▓▓▓▓▓

RECEIVED

MAY 1 1 2000

PART II
SUPERINTENDENT'S OFFICE
HEARING APPEAL

DC-141
MISCONDUCT

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| DD 3483 | Brett Culver | SCI-Mahanoy | A159045 |

I was found guilty of misconduct # _A159045_ on _5-4-00_ _4-17-00_ (date) by the
Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

**Check Area(s) Involved**

a. The procedures employed were contrary to law,
Administrative Directive 801, or to the ICU
Consent Decree;

☑ Hearing Examiner Disregarded DOC P9 4 CBR 5. And Based his verdict on DOC 801-2 (A.MC 8. (Which has already be over-ruled by DOC e CBR 5. as established

b. The punishment is disproportionate to the offense;  ☐

c. The evidence was insufficient to support the decision.  ☐

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all
persons who may have information which may be helpful in resolving this matter.

As always, the information and accusations used
by Administrative Officials to manipulate, and corrupt
DC Directives and facts are again false and in error.

#1, DOC Handbook establishes that inmates are permited
to pass Newspapers and Magazines. Therefore the
Newspaper in question is not Contraband.
#2 PRC Officials Falsely accuse that I was passing
newspapers in the Program Service Building.
This is an out-right lie! The Newspaper was
in my coat pocket, as it was given to me
earlier that day on D-B Block. (See also that I and Gillingham are
Both on D-B)
#3 The Misconduct was for the Charge of
Contraband. In fact, the Misconducts were
written on the premis that the Newspaper
was Contraband because it had Dana
Gillinghams name on it. That is the
contention in question in this Appeal. "That
is the Charge of the Misconduct. The lying
allegations by CO Miknich and PRC Officials are void.
The fact that a Newspaper was in my coat pocket
has no berring whatsoever, nor was this the offence cited.
There is no violation." WHITE—DC-15    YELLOW—Inmate

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DC-141 Part III
Program Review Committee
__X__ Misconduct Appeal          ____ Periodic Review          ____ Other

| DC Number DD-3483 | Name Culver, Brett | Institution SCI Mahanoy | Date of Review 5/4/00 | Misconduct # A159045 |
|---|---|---|---|---|

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

Inmate Culver appeals based on:

a.    The procedures employed were contrary to law, Administrative Directive 801, or to the ICU Consent Decree.

The PRC has reviewed the available information concerning this misconduct including the report of CO Miknich, the findings of the Hearing Examiner, and inmate Culver's appeal.

Inmate Culver's appeal is based on the premise it is contrary to ADM-801 or law. The PRC could find no violation of ADM-801 or law. Inmate Culver is correct in citing the inmate handbook, page 4, Cell Block Rules. It does state "Passing of items other then newspapers or magazines between cells is forbidden." The key words in that sentence are "between cells." Inmate Culver was passing a newspaper in the Program Services building, not on a cell block. It should also be noted that the Hearing Examiner offered leniency to inmate Culver by simply reducing it to a Class II misconduct, whereas under the old ADM-801, he could have received 15 days DC time. The sanction of the Hearing Examiner is sustained.

DECISION RELATIVE TO HEARING EXAMINER'S VERDICT
___ Not Applicable  _X__ Sustain ___ Amend ___ Refer Back for Further Study ___ Exonerate

| Names of Program Review Committee | Signatures | Date |
|---|---|---|
| John Corbacio, Activities Manager | | 5-5-00 |
| Brenda Wildenstein, Unit Manager | | 5-4-00 |
| Thomas Hornung, Unit Manager | | 5/5/00 |

*Submitted 4-20-00*

**DC-141      PART II E**          **COMMONWEALTH OF PENNSYLVANIA**
MISCONDUCT HEARING APPEAL              **DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | No. from PART I |
|---|---|---|---|
| DD3483 | *Brett Culver* | *SCI Mahanoy* | *#A15904* |

I was found guilty of misconduct # ___A159045___ on ___4-17-00___ (date) by the
Hearing Committee/Examiner, and I wish to appeal that decision on the following grounds:

<u>Check Area(s) Involved</u>

a.  The procedures employed were contrary to law,
    Administrative Directive 801, or to the ICU
    Consent Decree;                                          [✓]

b.  The punishment is disproportionate to the offense;      [ ]   MAY 1 2000

c.  The evidence was insufficient to support the decision.  [ ]

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all
persons who may have information which may be helpful in resolving this matter.

The charge being Class 1 cat B #8 Possession of Contraband
must be Dismissed, as for DOC Handbook page 4
Cell Block Rules 5. states clearly that; Passing of
items other than newspapers or magazines between
cells is forbidden; This clear directive states
that newspapers or magazines may be passed
between inmates, therefore can not be considered
contraband (unless stolen I suppose).

FORM DC-141    PART I    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
☑ MISCONDUCT REPORT ☐ OTHER    DEPARTMENT OF CORRECTIONS

**A 159045**

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| DD3483 | Culver, Brett | SCIMAH | 1510 | 4-13-00 | 4-13-00 |

| Quarters | Place of Incident |
|---|---|
| D/B #39 | Prog/Svc. CO's Desk |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

Class 1 Cat B #8 Possession of Contraband

Class 1 Cat D #28 Loaning or borrowing Property

**STAFF MEMBER'S VERSION**  On Above date & time Inmate Culver DD3483 came to the Desk for his Pass from the Recreation Library. Inmate Culver had a newspaper with law work on the inside of newspaper. The newspaper was Inmate Gillingham, Dana DT5065 D/B#6. Confiscated Items Receipt No# A150818.

**IMMEDIATE ACTION TAKEN AND REASON**

SSI    Continue Present status pending Further Action By the Hearing Examiner.

| **PRE-HEARING CONFINEMENT** | | | | FORMS GIVEN TO INMATE | |
|---|---|---|---|---|---|
| | IF YES | | | | |
| | TIME | DATE | | ☑ REQUEST FOR WITNESSES AND REPRESENTATION | ☑ INMATE'S VERSION |
| ☐ YES ☑ NO | N/A | N/A | | | |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| B. [signature] -Mikurik | COIII [signature] Beyer | 4-13-00 | 1920 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS I ☐ CLASS 2 | |
| 4-15-00 | 0800 | | [signature] /K.C. MAYER |

**NOTICE TO INMATE**

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

**DC-141**   **PART II B**
Rev. 6-84
DISCIPLINARY HEARING REPORT

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|-----------|------|-------------|--------------|--------------|-----------------|
| DD 3483 | Culver | Scimah | 4-17-00 | 1205 | A155045 |

| INMATE PLEA | ☐ Guilty ☒ Not Guilty | ☐ No Plea ☐ Other | Verdict | ☒ Guilty ☐ Not Guilty | |

**HEARING ACTION**

CHARGES  B#8 — *not guilty*
 D#28 — *not guilty*

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Culver states in attached version that he is permitted to have the newspaper according to cell block rules. He was given the newspaper by DT 5265.

In checking the handbook, it is clear that papers are permitted to be passed from cell to cell, not to be carried around when they are out of their cell block.

DT 5265 stated under oath that he gave Culver his newspaper.

I dismiss #28.
I do find for the officer's report over Culver's not guilty plea. By this + his entire admission of Culver being in possession of someone else's newspaper, he is guilty of possession of contraband, not of entry.

Sentence: remove Contraband
refuse to class I

| | | |
|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☐ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☐ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

inmate's + newspaper attached

SEE APPENDICES
A

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

J. K. KANE

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

WHITE—DC-15    YELLOW—Inmate Cited    PINK—Staff Member Reporting Misconduct    GOLDENROD—Deputy Superintendent

**DC-141**  Rev. 6-84  **PART II A**

INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| DD 3483 | Culver, Brett | SCIMAH | 4-13-00 | A15 9045 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance:  ☐ I do not request assistance
☑ I request assistance by _Emory Smith #BH-9137 D/B_ _no, not necessary, DC_
(The person requested must be willing to assist you)  _ADM for Sect E, 5-9_

Witnesses:  You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

---

| | DO NOT WRITE IN THIS SECTION |
|---|---|
| If Inmate | For Use by Hearing Examiner |
| 1. Name of Witness: No. Quarters<br>Dana Gillingham DT-5265 D/B<br>Why is this person's testimony relevant and important?<br>He gave me the News Paper to hold. He was with me at Library, and was there when the C.O. started the incident. (Eye and ear witness.) | Witness permitted? ☑  If not, why not? |
| I can't decipher Names | |
| ☑ 2. Name of Witness: No. Quarters<br>Both Individuals who signed; Reporting Staff Member section of DC-141<br>Why is this person's testimony relevant and important?<br>Because Staff Members Version DC-141 is untrue, and verbal testimony is required for Record as there has been Constitutional Rights violations. | Witness permitted? ☑  If not, why not?<br>neither staff refused - Report is sufficient as required staff test would be. |
| 3. Name of Witness: No. Quarters<br>Why is this person's testimony relevant and important? | Witness permitted?   If not, why not? |

---

_Brett Culver_
**Inmate's Signature**

this section to be completed by Housing Officer only
Received completed form _0730_ hours _4-14-00_
      Time      Date

_[signature]_
**Housing Officer's Signature**

_[signature]_
**Hearing Examiner's Signature**

---

| DC-141 | PART II C | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|

Rev. 6-84    HEARING SUPPLEMENT
INMATE VERSION AND WITNESS STATEMENTS    DEPARTMENT OF CORRECTIONS

| DC Number | Name | | Institution | No. from PART I |
|---|---|---|---|---|
| DD3483 | Culver, Brett | | SCI MAH | A159045 |

**INMATE'S VERSION**

4-13-00 I was on the Block waiting to go to Library at 2:30 PM. As I was going to the library, another inmate going with me asked me if I would put his News paper in my pocket (Coat), because he had no pockets or Coat to put or carry it in.

Went to Library for 15 min. Left Was stopped by Desk C.C. who asked me if I was at Law Library. I said No. He asked me what I had. I gave him my Book that I signed-out (which I never got back), and my folder of Legal materials. He asked me what it was. I told him "Legal Work". He then asked me to empty my pockets, and I then gave him the rolled-up news paper, my hat, a pen, my address book, and I.D. (Oddly, the C.C. Kept asking me about my VendaCard whereabouts). The C.O. tried to say that I wasn't allowed to have Legal Work. He then said I was getting a Misconduct for having Legal Work. He said he was keeping my materials, and asked if I wanted a Confiscation slip. I said Yes.

Now that this C.O. has found he is wrong, and has violated my rights, his contention is a fabricated story about the Legal Work being in the news paper, as if I was hiding it, or wasn't suppose to have it or something.

As to the insinuation of the News Paper being contraband: Inmate Handbook page 4 Cell Block Rules 5 says News Papers can be passed on to other inmates. This cancels Cat D #8 (Note that DT-5265 did not recieve DC) Cat B #8 is also void. The Inmate Handbook, Inmate Handbook Supplement, and the Inmate Library Procedures has no restriction for News Papers or Legal Materials brought to Lib.

DC-154A

No. A 150818

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

## Confiscated Items Receipt (Inmate)

| DC Number | Name | Cell | Institution | Date | Time |
|---|---|---|---|---|---|
| DD 3083 | Culver | D/B #39 | SCImAH | 4-13-00 | 1510 |

__Random Search
__General Search
__Investigative Search

Misconduct Report Prepared

Yes X No ___

Comment:
Misconduct No #A 159045

| Items Confiscated | Items Confiscated |
|---|---|
| 1 EA NEWSPAPER (Times-News, Erie Pa) | |
| 31 pages LegAlework & File | |
| | |
| | |
| | |
| | |
| | |

Signature and Title of Officer CO' M___

1. DC-15          2. Deputy Superintendent for Operations          3. Inmate

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) R. Shannon Superpretendent

2. DATE 12-19-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brett Culver DD3483

4. COUNSELOR'S NAME Baish

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT D-B #22

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

On this date 12-19-00 I was again harassed and threatened by SCI Mahanoy officials. Also my personal property was again accused on grounds of harassment / Administrative Retaliation for the second time in twelve days. Numerous officers were stating that they "were and will be" getting me back because I'm the most marked inmate at SCI Mahanoy, and because I was the one suing Captain Meerey (and other Meerey related comments I can't really remember because of all the threats being made by various officers at the same time.) Incidents 12-19-00 appx 8:00 AM through 9:00 AM, D-B Unit. At that time a Sgt Kmiciak threatened me by saying he was going

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

to put his boot upside my mouth.

During the Threats being made against my person by SCI Mahanoy officials, other officers seized personal property left-over from the seizures of 9-11-00, 12-7-00. All items taken/seized are in full compliance with D.O.C. Directives/Policy and/or covered by documented Administrative clearence.

You are liable for the compensation of these items/property.

1 Zenith 13" Color T.V. #225.00
1 Smith Carona Typewriter + Ribbon #230.00
1 Califone Tape Player #50.00
6 Books #30.00
1 Calendar, 2 Toothbrushes, Under Clothes, 118 Pamphlets #7.00
2 Pens, 1 headphone adapter.

**$537.00**

Follow the proper chain of command with your complaints as instructed previously.

☐ TO DC-14 CAR ONLY          ☒ TO DC-14 CAR AND ▓▓▓▓RS

CC: DSFM Petruccio

STAFF MEMBER          Unit Mgr Chisner          [signature]

DATE 18 Dec 00

DC-135A

## COMMONWEALTH OF PENNSYLVANIA

### DEPARTMENT OF CORRECTIONS

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|
| R. Shannon  Superintendent | 12-19-00 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| Brett Culver  DD3483 | Barsh |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|
| | D-B  #22 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

A slight error was made in the estimate of property items seized 12-19-00.

The estimate value for reimbursement is #542.00

Please acknowledge this correction estimate in reference to the incident report dated 12-19-00. This is the correction to the #537.00 estimate.

I have just discovered that a pair of shoe strings is also missing and needs to be added to the seizure list.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

By all rights I think I should also "Re-File" for compensation for the 2 Mirrors, 2 Pastel Sets, Cosmetics bought & paid for from/through the D.O.C. that were also seized by SCI Mahanoy in prior incidents of report 4-28-00 and 6-30-00/7-29-00.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                                                   DATE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRET T. CULVER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 1:01-CV-0904** |
| | : | **(Judge Kane)** |
| **T. E. MIKNICH, <u>et al.,</u>** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendant Shannon's Responses to First Set of Interrogatories, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver
SCI-Mahanoy
301 Morea Rd.
Frackville, PA 17932

_____
**MARYANNE M. LEWIS**
**DEPUTY ATTORNEY GENERAL**

**DATE: April 3, 2002**

**Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                    :
                                   :
        **Plaintiff**              :
                                   :
        v.                         :    No. 1:01-CV-0904
                                   :    (Judge Kane)
T. E. MIKNICH, <u>et al.</u>,      :
                                   :
        **Defendants**             :

## DEFENDANT MIKNICH'S RESPONSE TO
## <u>PLAINTIFF'S INTERROGATORIES</u>

Defendant Thomas E. Miknich, through his attorneys, answers plaintiff's

interrogatories as follows:

1. What is your full name and address ?

**<u>ANSWER:</u>**

Thomas Edward Miknich
State Correctional Institution at Mahanoy
Frackville, Pennsylvania

2. Have you been employed as a D.O.C. employee during the period of

December , 1999 through February, 2002 ?

**<u>ANSWER:</u>** Yes.

3. On the following date of April 13, 2000 did you seize and remove from

plaintiff personal property namely, legal documents ?

**ANSWER:** On April 13, 2000, a newspaper and 31 pages of legal work were confiscated pursuant to the issuance of Misconduct No. A159045.

4.    If yes to # 3, what were your reasons for seizing plaintiff's legal documents?

**ANSWER:** On April 13, 2000, a newspaper and 31 pages of legal work were confiscated pursuant to the issuance of Misconduct No. A159045.

5.    Describe what violations you observed by the plaintiff which caused you to detain plaintiff, conduct two body searches on his person and subsequently seize the plaintiffs personal property of legal documents/records.

**ANSWER:** See Exhibit "A" attached.  By way of further response, defendant Miknich did not conduct two body searches of the plaintiff; rather conducted a random pat down search of plaintiff.

6.    On the day of 4-13-00, were you instructed by anyone to intercept, detain or search the plaintiff as he left the institution as he left the Institution Library in route to D-B Housing Unit?

**ANSWER:** No.

7.    If yes to #6, cite name of any person who advised or instructed the action taken and explain what instructions were given to you pertaining to the action taken, or concerning the plaintiff.

-2-

**ANSWER:  N/A**

8.      Did you view and inventory the legal documents seized from plaintiff?

**ANSWER:**  The documents that were confiscated were inventoried.  <u>See</u> Confiscation Slip No. A 150818 attached to  Exhibit  "A."

9.      Explain the reason you retained the legal documents and denied the return of plaintiff's personal property of legal documents /records?

**ANSWER:**  On April 13, 2000, a newspaper and 31 pages of legal work were confiscated pursuant to the issuance of Misconduct No. A159045.  <u>See</u> Exhibit "A."

Subsequent to the issuance of Misconduct No. A159045, the documents were placed in an envelope, labeled and sealed.  Confiscation Slip No. 150818 was placed on the front of the envelope and the envelope was taken to property room, pending the disposition of the  misconduct.

10.     Did you in any way document the seizure or seized items, namely the personal property of legal documents and records belonging to the plaintiff?

**ANSWER:**  The documents that were confiscated were inventoried.  <u>See</u> Confiscation Slip No. A 150818 attached to Exhibit   "A."

11.     What did you do with plaintiff's personal property, namely the personal property of the legal documents and records belonging to the plaintiff?

**ANSWER:** Subsequent to the issuance of Misconduct No. A159045, the documents were placed in an envelope, labeled and sealed. Confiscation Slip No. 150818 was placed on the front of the envelope and the envelope was taken to property room, pending the disposition of the misconduct.

12.    Cite names, badge or identification number of any person who were present at the incident time of seizure or time of plaintiff's detainment during the incident, and/or all persons present at any time during incident of 04-13-00 who did not might have viewed the items seized from the plaintiff by your person.

**ANSWER:** I do not recall.

13.    Cite names, badge or identification number of any person whom you turned the plaintiff's property over to, namely the seized legal documents/records of 04-13-00, including the date and time the seized legal documents/records belonging to plaintiff were turned over to said persons responsibility.

**ANSWER:** Subsequent to the issuance of Misconduct No. A159045, the documents were placed in an envelope, labeled and sealed. Confiscation Slip No. 150818 was placed on the front of the envelope and the envelope was taken to property room, pending the disposition of the misconduct. I do not recall who I handed the envelope in the property room.

-4-

14.    At any time during your employment by the D.O.C. have you ever been cited, reprimanded, investigated, reassigned or re-located pursuant to reports, complaints, incidents, altercations, or instances of allegations or violations and misconducts in relationship to treatment or actions reported/filed by other persons (alleged, confirmed or dismissed )?

**ANSWER:**    **OBJECTION.**   The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim.

15.    If yes to # 13 [sic], cite dates and describe subject matter or instances of violation and/or misconduct you were cited, reported for, or accused ?

**ANSWER:**    **OBJECTION.**   The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim.

16.    To your knowledge. Do you or any other employees have knowledge of any item mentioned or described herein being altered (including statements, reports, documents), lost or destroyed ?

**ANSWER:** No.

17.    If yes to  # 15[sic].

(a)    Explain;

(b)   Cite instances, items, dates;



(c)    Cite names and addresses of any persons involved or who have knowledge relevant to the events or subject matter described in either Civil Action 1:01-CV-00904 or theses interrogatories.

**ANSWER:**

    (a)(b)  N/A

    (c)    <u>See</u> Exhibit "A" attached.

SCI MAHANOY SUPT OFF          ☎ 5706213138          04/02/02  15:59 ▣ :03/03 NO:678
FILE No.587 04/02 '02 13:18   ●D:OFFICE OF ATTY. GENERAL   FAX:●724526          PAGE  10/ 51

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRET T. CULVER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:01-CV-0904 |
| | : | (Judge Kane) |
| T. E. MIKNICH, et al., | : | |
| | : | |
| Defendants | : | |

### VERIFICATION OF THOMAS E. MIKNICH

I, THOMAS E. MIKNICH hereby states, he has read the responses to plaintiff's interrogatories, and that the facts set forth therein are true and correct to the best of his knowledge, information, and belief.


4-2-02
**DATE**


_(signature)_

**THOMAS E. MIKNICH**

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____
**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

Office of Attorney General
15th Flr., Strawberry Sq.
Harrisburg, PA 17120
FAX: (717) 772-4526
Direct Dial: (717) 787-9719
DATE: April 3, 2002

**<u>MIKNICH - EXHIBIT "A"</u>**

| FORM **DC-141**    PART I | | **COMMONWEALTH OF PENNSYLVANIA** | | | **A** 159045 | |
|---|---|---|---|---|---|---|
| Rev. 6-84 ☑ MISCONDUCT REPORT ☐ OTHER | | **DEPARTMENT OF CORRECTIONS** | | | | |

| DC Number DD3483 | Name *Culver, Brett* | Institution *SCImah* | Incident Time 24 Hr. Base *1510* | Incident Date *4-13-00* | Date of Report *4-13-00* |
|---|---|---|---|---|---|
| Quarters *D/B #39* | Place of Incident *Prog/svc  co's Desk* | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

*Class I cat B #8 Possession of Contraband*

*Class I cat D #28 Loaning or borrowing Property*

**STAFF MEMBER'S VERSION** *On Above date & time Inmate Culver DD3483 came to the Desk for his PASS from the Recreation Library. Inmate Culver had A Newspaper with the Law work on the Inside of Newspaper. The Newspaper was Inmate Gillingham, Dana DT5265 D/B#6. Confiscated Items Receipt No# A150818.*

*SJJ*

**IMMEDIATE ACTION TAKEN AND REASON**    *Continue Present Status Pending Further Action By the Hearing Examiner*

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | IF YES | | |
| | TIME | DATE | |
| ☐ YES ☑ NO | *N/A* | *N/A* | ☑ REQUEST FOR WITNESSES AND REPRESENTATION  FORMS GIVEN TO INMATE    ☑ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE *CO? ___ -M.Kvich* | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE *COII KBeyer* | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE *4-13-00* | TIME 24 HOUR BASE *1920* |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE *4-15-00* | TIME *0800* | ☑ CLASS 1   ☐ CLASS 2 | *KCMayer/K.C. MAYER* |

**NOTICE TO INMATE**

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

WHITE - DC-15    YELLOW - Inmate Cited    PINK - Staff Member Reporting Misconduct    GOLDENROD - Deputy Superintendent

**DC-141    PART II B    COMMONWEALTH OF PENNSYLVANIA**
Rev. 6-84
DISCIPLINARY HEARING REPORT    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DD 3483 | Culver | SCIWAH | 4-17-00 | 1205 | A159045 |

| INMATE PLEA | ☐ Guilty  ☒ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☒ Guilty  ☐ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES  B#8 — not guilty
              D#28 — not guilty

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Culver states in a third version that he is permitted to have the newspaper according to cell block rules. He was given the newspaper by DT 5265.

In checking the handbook, it is clear that papers are permitted to be passed from cell to cell, not to be carried around when they are out of the cell block.

DT 5265 stated under oath that he gave Culver his newspaper.

I dismiss #28.

I do find for the officer's report over Culver's not guilty plea & by his + his witness' admission of Culver being in possession of someone else's newspaper, he is guilty of possession of contraband, proof of entry.

Sanction: revoke contraband
              refer to class I

| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

unless of newspaper given contraband

SEE APPENDICES
A

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

J. K. KANE

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

**DC-141**  **PART II A**   **COMMONWEALTH OF PENNSYLVANIA**
Rev. 6-84                    **DEPARTMENT OF CORRECTIONS**
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

| DC Number | Name | Institution | Date | Number as on **Part I** |
|---|---|---|---|---|
| DD 3483 | Culver, Brett | SCI MAH | 4-13-00 | A15 9045 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance:  ☐ I do not request assistance
             ☑ I request assistance by _Emory Smith #BH-9137 D/B_  no, not necessary, DC
             (The person requested must be willing to assist you)   ADM 801 Sec E, 5-9

Witnesses:   You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

| | |
|---|---|
| **If Inmate** | **DO NOT WRITE IN THIS SECTION** |
| 1. Name of Witness:    No.    Quarters | For Use by Hearing Examiner |
| Dana Gillingham    DT-5265    D/B | |
| Why is this person's testimony relevant and important? | Witness permitted? yes    If not, why not? |
| He gave me the News Paper to hold. He was with me at Library, and was there when the C.O. started the incident. (Eye and ear witness.) | |
| I can't decipher Names | |
| ✓ 2. Name of Witness:    No.    Quarters | Witness permitted? no    If not, why not? |
| Both Individuals who signed; Reporting Staff. Member section of DC-141. | neither staff refused - Reports sufficient as reported. staff test would be. |
| Why is this person's testimony relevant and important? | |
| Because Staff Members Version DC-141 is untrue, and verbal testimony is required for Record, as there has been Constitutional Rights violations. | |
| 3. Name of Witness:    No.    Quarters | Witness permitted?    If not, why not? |
| Why is this person's testimony relevant and important? | |

_Brett Culver_
**Inmate's Signature**

_[signature]_
**Hearing Examiner's Signature**

This section to be completed by Housing Officer only
Received completed form  0730  hours  4-14-00
              **Time**         **Date**

_[signature]_
**Housing Officer's Signature**

**WHITE—DC-15**    **YELLOW—Inmate's Copy To Be Given After Action By Hearing Examiner**    **PINK—Staff Member Reporting Misconduct**

| DC-141        PART II C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 6-84       HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | DEPARTMENT OF CORRECTIONS | | |
| DC Number          Name | | Institution | No. from PART I |
| DD3483    Culver, Brett | | SCIMAH | A159045 |

INMATE'S VERSION

4-13-00 I was on the Block waiting to go to Library at 2:30 P.M. As I was going to the library, another inmate ~~going with~~ me asked me if I would put his News paper in my (pocket (Coat), because he had no pockets or Coat to put or carry it in.

Went to Library for 15 min. Left Was stoped by Desk C.C. who asked me if I was at Law Library. I said No. He asked me what I had. I gave him my Book that I signed-out ~~telt~~ (which I never got ~~back~~ back), and my folder of Legal materials. He asked me what it was. I told him "Legal Work". He ~~then~~ asked me to empty my pockets, and I then gave him the rolled-up news paper, my hat, a pen, my address book, and I.D. (Oddly, The CC kept asking me about my VendaCard whereabouts)

The C.C. tried to say that I wasn't allowed to have Legal Work. He then said I was getting a Misconduct for having Legal Work. He said he was keeping my materials, and asked if I wanted a Confiscation slip. I said Yes.

Now, that this C.C. has found he ~~was~~ is wrong, and has violated my rights, his violation is a fabricated story about the Legal Work being in the news paper, or if I was hiding it, or wasn't suppose to have it or something.

As to the insinuation of the News Paper being contraband, Inmate Handbook page 4 Cell Block Rules 5 says News Papers can be passed on to other inmates. This cancils Cat D #8 (Note that DT-5265 did not recive DC Cat B #8 is also void. The Inmate Handbook, Inmate Handbook Supplement, and the Inmate Library Procedures has no restriction for NewsPapers or Legal Materials brought to Lib

DC-154A

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

No. A 150818

## Confiscated Items Receipt (Inmate)

| DC Number | Name | Cell | Institution | Date | Time |
|---|---|---|---|---|---|
| DD 3883 | Culver | D/B #39 | SCImAH | 4-13-00 | 1510 |

_Random Search
_General Search
_Investigative Search

Misconduct Report Prepared
Yes X No ___

Comment:
Misconduct No# A15904 S

| Items Confiscated | Items Confiscated |
|---|---|
| 1 EA NewsPAPer (Times-News, Erie P,A) | |
| 31 pAges LegAle work & File | |

Signature and Title of Officer  CO' Wickman

1. DC-15        2. Deputy Superintendent for Operations        3. Inmate

SUBJECT:   Appeal of *A212770                    10-12-00

TO:        Superintendent R. Shannon

FROM:      Brett Culver DD3483 RHU D-22



RECEIVED
OCT 13 2000
SUPERINTENDENT'S OFFICE
SCI MAHANOY

The document of reference (R. Shannon 9-5-00) manipulated and altered out of context by allegations implied by Vincent Mooney in his report of *A212770 will stand as evidence on its own merit. Document R. Shannon 9-5-00 does not violate any rule or regulations.
(context)                           (disposition)
There is NO present attribute of "OFFENSE" nature or action in said document, or Assaultive Threat directed to Officer Miknich as Vincent Mooney implies in his fraudulent report of *A212770. There is absolutely NO Threat contained in said document (R. Shannon 9-5-00) as evidenced in its documented context of record.
The document itself was drafted as my person suffered (and continues to suffer) Retaliatory oppression and acts of Harrassment by Administrative Offends at SCI Mahanoy.
The document was drafted and produced as a only alternative means (or ability) of witness protection measures to the ongoing (possibly conspired) suffered violations (attacks) being committed against my person. The document R. Shannon 9-5-00 was drafted as witness protection to events being committed against me, and for documentation evidence for Legal Actions in a Court of law to secure presently denied relief.
This drafted documentation (R. Shannon 9-5-00) is witness evidence and conformation that I am not responsible for, nor am I the perpetrating offender of these violations and attacks being made against my person. And that I am not responsible for anything that might take place or result in any (possible) ocurance or situation instigated or forced against my person by the Offending violators. This does NOT constitute a Threat to Offenders committing violations against ME.
The drafted document (R. Shannon 9-5-00) was submitted to your office and personally reviewed by your authority 9-5-00 (on or about). NO Threat was determined by your personal review of said document, and as testimony to your personal review you enter that the issues of "complaint" be investigated. A week "after" you refered the issues of complaint to Major McGrady, a Captain Mooney calls me to his office and demands the names of employees mentioned in the document as informants, and has me taken to RHU for my refusal to devulge the names of employee informants. Vincent Mooney NEVER asked me anything about a non-existant Threat made to Officer Miknich, and his report of *A212770 is fraudulent as reported (a week after received by R. Shannon). Captain Mooney's report evidences by his own "motivating reason" that I was subjected to RHU detention even for the "real reason" of: MY FAILURE TO COOPERATE WITH HIS DEMANDS; and not some fabricated implications of a NON-EXISTANT Threat made to Officer Miknich.
This is confirmed by Edger Kneiss in his response 9-22-00, with reply of 9-25-00.
*A212770, and the suffered sanctions thereof, are a direct violation of DC-ADM 804 I, A, B, C. as implimented by Captain Vincent Mooney via documented report of official acts of Harrassment submitted in R. Shannon 9-5-00. (on 9-8-00 to R. Shannon)
The document 9-5-00 (R. Shannon) stands on its own merit in testimony. A decision will have to be made to either: uphold Honest Professional Integrety and correct the situation in violation OR to compromise justice in a decision to submit to and support a retaliatory sanction and action imposed for non-cooperation to Captain Vincent Mooney's demands (which were what he even implies in his dishonest fraudulent report *A212770.
Is it the position of your authority to compromise justice in this matter and subvert to the actions of Vincent Mooney to save-face for your Administrative under-lings;

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Returned w/o action. Inappropriately Filed.

CC: DC-15

OS. 16 Oct '00

R. Shannon

Superintendent

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                     :
                                    :
    Plaintiff                   :
                                    :
    v.                          :    No. 1:01-CV-0904
                                    :    (Judge Kane)
T. E. MIKNICH, et al.,              :
                                    :
    Defendants                  :

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendant Miknich's Responses to First Set of Interrogatories, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD-3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA  17932

_____
MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: April 3, 2002