# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                  :
                                 :
    Plaintiff               :
                                 :
    v.                      :     No. 1:01-CV-0904
                                 :     (Judge Kane)
COMMONWEALTH OF                  :
PENNSYLVANIA, et al.,            :
                                 :     (Electronically Filed)
    Defendants               :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## EXHIBIT C

**Defendant Mooney's Responses to First Set of Interrogatories**

**DATE:**    **September 29, 2003**

**Exhibit C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                      :
                                     :
      **Plaintiff**                 :
                                     :
      v.                           :    **No. 1:01-CV-0904**
                                     :    **(Judge Kane)**
T. E. MIKNICH, <u>et</u> <u>al.</u>,          :
                                     :
      **Defendants**               :

## DEFENDANT MOONEY'S RESPONSES
## <u>TO PLAINTIFF'S INTERROGATORIES</u>

Defendant, Vincent Mooney, through his attorneys, respond to plaintiff's interrogatories as follows:

1.  What is your full name and address ?

**<u>ANSWER</u>:**

Vincent Mooney
State Correctional Institution at Mahanoy
Frackville, Pennsylvania

2.  Have you been employed as a D.O.C. employee during the time period of December of 1999 through February 2002 ?

**<u>ANSWER</u>:**  Yes.

3.  On the following dates of September 5, 2000 through September 22, 2000 were you on duty as an employee of the D.O.C at the S.C.I. at Mahanoy?

**ANSWER:**

September 5- 8, 2000, I was not at S.CI. Mahanoy.    September 11-15, and September 18-22, 2000 I was on duty at S.C.I. Mahanoy.

    4.      If yes to # 3,

    (a)     Cite each day you reported for duties at the facility;

    (b)     Cite what time of day you started your duties each day present;

    (c)     Cite what time of day you finished your duties each day present;

**ANSWER:**

    (a)     <u>See</u> response to Interrogatory No. 3.

    (b)     8:00 A.M.

    (c)     4:00  P.M.

    5.      During your employ at S.C.I. Mahanoy facility, have you ever received or reviewed any reports, complaints, or correspondence documents from the plaintiff, or from any other person on relevant or related issues or subject matter out-lined in this Complaint Action 1:01-CV-00904 ?

**ANSWER:**

Yes.

    6.      If yes to # 5,

(a)    Cite dates of documents, notices, correspondence, reports directed to your authority by plaintiff or other persons, including the subject matter of each document, report, correspondence, and notice to your authority;

(b)    Cite your responses and/or action taken on issue of notification to your authority, and on what dates responses or actions were taken;

(c)    Cite any protection or relief established or enforced by your authority for the plaintiff, including dates of any and all action taken on any  issue presented or directed to your authority for attention.

**ANSWER:    OBJECTION.** The defendant objects to this interrogatory as overbroad and as seeking documents that are privileged.  Without waiving that objection, see Exhibit "A" attached.

7.    At any time during the time period of September 5, 200 [sic] through September 22, 2000 did you at any time (working/non-working) speak with or communicate with defendant Kevin Kane concerning the plaintiff (in any manner), conferring/advising/alluding any thought, implication or action to Kevin Kane.

**ANSWER:    OBJECTION.**  The defendant OBJECTS to this interrogatory as vague and overbroad and irrelevant to the complaint.  Without waiving that objection, see Exhibit "A" attached.

8.    If yes to # 7, cite dates and subject matter of any and all interactions (verbal, written or other) made or conveyed to defendant Kevin Kane.

**ANSWER:**   **OBJECTION**.   The defendant OBJECTS to this interrogatory as vague and overbroad and irrelevant to the complaint.   Without waiving that objection, see Exhibit "A" attached.

9.     At any time during your employ by the D.O.C. have you ever been cited, reprimanded, re-assigned or re-located pursuant to reports, complaints, incidents or allegations of misconduct and/or violations against others filed on your person (alleged or confirmed)?

**ANSWER:**   **OBJECTION**.  The defendant **OBJECTS** to this interrogatory as overbroad and irrelevant to the complaint.  Without waiving that objection, No.

10.     If yes to # 9, cite dates and describe what incidents or violations you were cited or reported for.

**ANSWER:**   N/A.

11.     During your term of employment at S.C.I. Mahanoy have you ever received communications of orders/advice/recommendations from affiliate official personnel (staff) or any official authority of the D.O.C. pertaining to the plaintiff on any subject matter during the plaintiff's detainment at the S.C.I. Mahanoy facility ?

**ANSWER:**   **OBJECTION**.   The defendant OBJECTS to this interrogatory as vague, confusing, overbroad and irrelevant to the complaint.

12.     If yes to # 11,

-4-

(a)    Cite name and title of correspondence;

(b)    Cite    date    and    subject    matter    of    each
       correspondence/communication;

(c)    Produce discovery of any and all record documentation
       of information received related to or pertaining to plaintiff

**ANSWER:**  N/A.

13.    During you term of employment at the S.C.I. Mahanoy facility have any
other employees affiliated to your authority prepared and/or filed into record any
information, report, allegation, comment, statements recommendations, or evaluations
on the plaintiff incorporating assistance, input or information form your authority 12-
01-1999 through February of 2000?

**ANSWER:**    **OBJECTION.**  The defendant OBJECTS to this interrogatory
as vague, confusing, overbroad and irrelevant to the complaint.

14.    If yes to # 13,

(a)    Cite name, badge or identification number, and present address of
       each person involved in any said document/report;

(b)    Cite name, bade or identification number, and present address of
       the persons for whom each document/communication/report was
       prepared and directed;

(c)    The date, time and place where each document/report/communication
       was prepared;

(d)    Explain the subject matter contents of each document/report/
       communication.

**ANSWER:**    **OBJECTION**.   The defendant OBJECTS to this interrogatory as vague, confusing, overbroad and irrelevant to the complaint.

15.    Have you ever reviewed, had possession of, or had knowledge of any video security monitoring of the day events of 10-12-00 (R.H.U. L-5 D-Pod), and 01-11-02 (Medical Building Lobby area) ?

**ANSWER:**    No.   In addition, the defendant OBJECTS  to this interrogatory as it seeks information concerning 01-11-02, which is irrelevant to plaintiff's complaint.

16.    Have you at any time referred to or reviewed any video monitoring recordings of 10-13-00 (L-5 D-Pod), or 01-11-02 (Medical Building Lobby area), and have you has any involvement with documentation, storage, or decisions concerning the record, storage, or documentation of video security monitoring recordings, namely in relation or concern to any and all tapes/recordings of the dates 10-13-00 (L-5 D-Pod), or 01-11-02 (Medical Building Lobby area)?

**ANSWER:**    **OBJECTION**.   The defendant OBJECTS to this interrogatory as vague, confusing, overbroad and irrelevant to the complaint.   Without waiving that objection, the defendant did not review any videos of  L-5 D-Pod for  October 13, 2000, nor was he involved in the storage of the video security monitoring recordings.

17.    If yes to # 16,

(a)    Explain any input, action, or involvement you have had concerning to or relative to the record, documentation, storage, treatment or disposition of any and all video security monitoring tapes/recordings for 10-13-00 (L-5 D-Pod),  and 01-11-02 (Medical Building Lobby area) ?

(b)    Cite any persons involved or knowledgeable of any video security monitoring recordings for the days events of 10-13-00 (L-5 D-Pod),  and 01-11-02 (Medical Building Lobby area)?

**ANSWER:**    **OBJECTION**. The defendant OBJECTS to this interrogatory as vague, confusing, overbroad and irrelevant to the complaint. Without waiving that objection, the defendant did not review any videos of L-5 D-Pod for October 13, 2000, nor was he involved in the storage or disposition of the video security monitoring recordings.

18.    Was your authority or department notified by any person or official authority to retain or discard (erase/destroy) any video security monitoring tapes or recordings for the dates of 10-13-00 and 01-11-02?

**ANSWER:**    **OBJECTION.**    The defendant OBJECTS to this interrogatory as vague, confusing, overbroad and irrelevant to the complaint.  Without waiving that objection, no.

19.    If yes to #18, cite name, title badge or identification number and present address of any persons, implicated, or associated with any knowledge or facet to care, treatment, documentation, storage, record of any and all video security monitoring

-7-

tapes/recordings for the dates 10-13-00 (L-5 D-Pod), and 01-11-02 (Medical Building

Lobby area) .

**ANSWER:    OBJECTION.**    The defendant OBJECTS to this interrogatory

as vague, confusing, overbroad and irrelevant to the complaint.

20.    Disclose discovery of all video security monitoring tapes/recordings for

the dates of 10-13-00 (L-5 D-Pod),  and 01-11-02 (Medical Building Lobby area) .

**ANSWER:**    No video tapes exist for 10-13-00 (L-5 D-Pod),  and 01-11-02

(Medical Building Lobby area).    The Medical Building Lobby area is not videoed by

the video security monitoring system.

21.    Cite name and address or otherwise identify any person who, to your

knowledge or the knowledge of your agents or attorneys, purport to have knowledge

or involvement of actions or facts relevant to the issues or subject matter described

in these interrogatories.

**ANSWER: OBJECTION.** The defendant OBJECTS to this interrogatory as

vague, overbroad and irrelevant to the complaint.   Without waiving that objection,

see documents attached as Exhibit "A" as containing the names of individuals who

have knowledge concerning the allegations contained in plaintiff's complaint.

22.    Do you, your attorneys, or any other person employed by the D.O.C.

have possession or knowledge of any documents, records, reports  made in the

-8-

ordinary course or business, other printed or documentary material, photographs, drawings, video, information, or other tangible objects that are relevant/related to the subject matter described in these interrogatories.

**ANSWER: OBJECTION.** The defendant **OBJECTS** to this interrogatory as vague, overbroad  and irrelevant to plaintiff's claim.  Without waiving that objection, at this the defendants have identified those persons and documents attached as Exhibit "A".

23.    If  yes to # 22, state:

(a)    Cite name and description of each item;

(b)    Cite name and address of each person who made, prepared, or took such item;

(c)    Cite name and address of the present custodian of each such item;

(d)    Cite  date,  time  and  place  where  each  item  was made/formulated/prepared/taken;

(e)    Explain method by, and purpose for which each item was made/prepared/taken;

(f)    Explain manner in which each such item is relevant tot he issues/conduct/incident described in theses interrogatories ?

**ANSWER:  OBJECTION.** The defendant  OBJECTS to this interrogatory as  vague,  overbroad  and  irrelevant  to  plaintiff's  claim.   Without  waiving  that

objection, at this the defendants have identified those persons and documents attached as Exhibit "A".

    23.    Do you, any other employees, your attorneys have any knowledge of any item mentioned or described being altered removed, destroyed, erased, or lost in any manner?

    **ANSWER:**  **OBJECTION.** The defendant OBJECTS to this interrogatory as vague, overbroad and irrelevant to plaintiff's claim. The defendant has no idea what plaintiff is referring to as "item mentioned or described."

    24. If yes to # 23,

    (a)   Explain;

    (c)   Cite instances, items, dates;

    (d)   Cite names and address of persons involved or who have knowledge relevant events, items facts.

    **ANSWER**: <u>See</u> Response to Interrogatory No. 23.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:  _____
**MARYANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: April 3, 2002**

-11-

SCI MAHANOY SUPT OFF                ☎ 5706213138              04/02/02  15:59 ▯ :02/03 NO:678
FILE No.587 04/02 '02 13:27    ● :OFFICE OF ATTY. GENERAL    FAX:● 24526              PAGE 51/ 51

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                      :
                                     :
    Plaintiff                    :
                                     :
v.                                   :        No. 1:01-CV-0904
                                     :        (Judge Kane)
T. E. MIKNICH, et al.,               :
                                     :
    Defendants                   :

## VERIFICATION OF VINCENT MOONEY

I, VINCENT MOONEY hereby states, he has read the responses to plaintiff's interrogatories,

and that the facts set forth therein are true and correct to the best of his knowledge, information, and

belief.

4/2/02
**DATE**

_____
**VINCENT MOONEY**

LOCATION:5706213138              RX TIME   04/02 '02 16:04

**MOONEY - EXHIBIT "A"**

FORM **DC-141**    PART I    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84

**A** 212770

☒ MISCONDUCT REPORT ☐ OTHER    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| DD-3483 | Culver Brett | SCI-MAH | 1515 | 9/5/00 | 9/18/00 |

| Quarters | Place of Incident |
|---|---|
| RHU | Security Office |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| Staff | CO1 Brennan | | ✓ | Staff | Superintendent Shannon | ✓ | |
| Staff | CO1 Engle | | ✓ | | | | |
| Staff | CO1 Miknich | | ✓ | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**    A. Class # 15. Threatening an Employee or their family with bodily harm.

**STAFF MEMBER'S VERSION**    On September 5, 2000 Superintendent Shannon received a Request Slip from DD-3483 Culver. In the Request slip inmate Culver alleged that CO Miknich was harassing and Stalking him. Culver Further Stated "I cannot be held accountable for my actions on my part that might occur related to these Situations". On 9/11/00 I attempted to interview inmate Culver concerning his threatening statement, Culver refused to cooperate and explain his statement, therefore his statement is considered a threat to CO Miknich. The difference in the original date of Incident and Report date was due to this Reporter being out of the institution until 9/11/00. Misconduct A212769 was dismissed without prejudice Resulting in a new date of Report of 9/18/00.

**IMMEDIATE ACTION TAKEN AND REASON**    Continue Confinement in the RHU pending Further Action By the Hearing Examiner.

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES ☒ NO | N/A | N/A |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☐ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| Mooney, Vincent F. Intelligence Captain | CO-4 Bryan | DATE 9-18-00 | TIME 24 HOUR BASE 1915 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 9-20-00 | TIME 0800 | ☒ CLASS I  ☐ CLASS 2 | CO' Miknich |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

DC-141    PART II B    COMMONWEALTH OF PENNSYLVANIA
Rev. 6-84
DISCIPLINARY HEARING REPORT    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DD 3483 | Culver | SCINAH | 9-22-00 | 10 40 | A212770 |

| INMATE PLEA | ☐ Guilty  ☒ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☒ Guilty  ☐ Not Guilty |
|---|---|---|---|---|

HEARING ACTION

CHARGES  A#15, THREAT — not guilty

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Culver submits a version stating essentially that he did author the attached copy of the report slip. He did make the statement that "I cannot be held responsible or accountable for any action on my part that might occur related to this situation..." But he does it See this as a threat

I find for the staff report over Culver's denial that the statement he authored in the attached report slip, that he would not be held responsible for any of or any action on his part, as a threat + staff. I find he never intended this not meant it as a threat. I find him guilty of this threaty chg.

Sancti. 90 ♭ DC

DFR 9-11-00

TO 10-9-00

| | | |
|---|---|---|
| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☒ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☒ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

SEE APPENDICES

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

J.K. KANE

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

SIGNATURE OF HEARING EXAMINER/COORDINATOR

**DC-141**   **PART II A**
Rev. 6-84
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| DD3483 | *Culver, Brett* | *SCI MAH* | *9-18-00* | *A212770* |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below. *With Assistance by Attorney/Case involves official criminal intent.*

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

**Assistance:** ☐ I do not request assistance
☒ I request assistance by *Kathy R. Stuber Esquire*     *Pa. Institutional Law Project*
(The person requested must be willing to assist you)     *924 Cherry St.*
*Philadelphia PA.*

**Witnesses:**   You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.   *no Culver appears until I understand the present*

---

**If Inmate**

1. Name of Witness:     No.     Quarters
*Original Document (R Shannon 4-5-00) Stamp Dated to V. Mooney office recpt*
Why is this person's testimony relevant and important?
*V. Mooney rendering of statement in A212770 is altered and not correct to the original text. Also V. Mooney twists this partial statement out of the context present in the original office date stamp for evidence.*

*Institutions*

**If Inmate**

2. Name of Witness:     No.     Quarters
*Work Attendance Trucking Record for V. Mooney*     *9-5-00 to 9-18-00*
Why is this person's testimony relevant and important?
*V. Mooney enters (implies) evidence by testimony in report that he had not been at this institution 9-5-00 to 9-11-00 for rational, that this charge could not be written-up (outside his authority and presence) Whomever was V. Mooney's replacement during absence.*

**If Inmate**

3. Name of Witness:     No.     Quarters
*Whomever was in charge of V. Mooney's duties*     *during his*
Why is this person's testimony relevant and important? *absence 9-5-00 to 9-11-00*
*To explain why nobody at this Prison could found any reason or could not take action if this violation (alleged) existed. And why no violation was found by anyone for the 6 days (six days) V. Mooney alleges he was not at this institution.*

*Brett Culver*
Inmate's Signature

---

**DO NOT WRITE IN THIS SECTION**
For Use by Hearing Examiner

Witness permitted?     If not, why not?

Witness permitted?     If not, why not?
*no, CCR no one requests specifically*

Witness permitted?     If not, why not?

---

This section to be completed by Housing Officer only
Received completed form *0645* hours *9-19-00*
         Time        Date

*CO Henderson / Hend*
Housing Officer's Signature

Hearing Examiner's Signature

---

WHITE—DC-15    YELLOW—Inmate's Copy To Be Given After Action By Hearing Examiner    PINK—Staff Member Reporting Misconduct

R. Shannon (Superintendent) did not find any violation in document 9-5-00. V. Mooney did not charge ● with #15 Because document ● 9-5-00 was in violation, I was charged with the alleged violation because I ~~wouldn't~~ wouldn't speak about information V. Mooney wanted. I was charged because I would not do what V. Mooney wanted me to do. Document R. Shannon 9-5-00 is not in violation; and this is documented. Threat to Kill

| DC-141 | PART II C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|---|
| Rev. 6-84 | HEARING SUPPLEMENT | DEPARTMENT OF CORRECTIONS | | |
| INMATE VERSION AND WITNESS STATEMENTS | | | | |
| DC Number | | Name | Institution | No. from PART I |
| DD-3483 | CULVER, BRETT | | SCI-MAH | A-212770 |

**INMATE'S VERSION**

Statement of allegation is a isolated partial of a statement being twisted out of context to which it was presented. Also, this isolated partial being twisted out of context has been ALTERED from its original text, as it is rendered in #A212770. Even out of context this isolated partial implies no threat to anyone. In context presented in the two form documentation sent to R. Shannon 9-5-00, this document was a Proclamation. Due to Administrative hostilities and refusal to address violations being committed against my person, I Proclaimed, as to the context, that I am not responsible for any of the issues or situations I have been forced to seek relief for or resolution to. And regardless of the Administrative Official threats to stop pursuing these issues of complaint, I am not accountable (or responsible) for any actions on my part or efforts to secure relief. "I" am not responsible for these situations or violations being committed against "me". ("I" am not accountable.) XXX I also Proclaimed that because of Administrative Corruption, retaliation, and refusal to address/Process these issues; I would not be submitting anymore issues to the authority of this Administration. ● Superintendent R. Shannon received this documentation (for record) and sent a copy to ( ? ) to have the ISSUES OF COMPLAINT investigated. There was no "alleged Threat" by Superintendent R. Shannon concerning the document. (to be investigated) Superintendent R. Shannon is in a position (of #Authority) and knowledgable enough to know if a rule or regulation had been violated. And he would have had me charged immediately 9-5-00. (had there been a violation.) But no action was taken because no rule or regulation had been violated, nor was there any Threat made. On 9-11-00 Vincent Mooney did not ask me anything about a Threatening Statement as he testifies in his report. V. Mooney was enraged because I immediately told him I had nothing to say to this Administration on these issues. (As Proclaimed in the Document, reasons included.) V. Mooney was asking about names of employees referred to in the Document "ONLY". I again told him I had nothing to say, all issues are being handled by outside agencies. In rage V. Mooney had me sent to RHU. ● V. Mooney's report ~~was~~ implies that Mr. Shannon is not capable of reporting this alleged charge, nor is anyone else during this so called absence 9-5-00 to 9-11-00. The Proclamation Document itself was eventually taken for Court Actions being persued on these issues contained. There is no threat

35 Q.

DC-135A

**RECEIVED**
SEP 0 7 2000

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

## INMATE'S REQUEST TO STAFF MEMBER

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | | 2. DATE |
|---|---|---|
| R. Shannon          Superintendent | | 9-5-00 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| — Brett Culver   DD-3483 | Barsh |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT | |
|---|---|---|
| | D-2B | 22 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

The Harassment by Officer Miknich against me is well known among other employees at this facility. There are certain employees that inform me about conversations they have had, or heard about me from C.O.Miknich.    *Today (9-5-00) I was told by one of these employees that Officer Miknich is actively seeking information concerning me from other employees on D-8.  And this employee informed me that Officer Miknich was making improper statements in reference to me.  This involves conspiracies and stalking.  *All measures of security and protection have been denied by this Administration.  I desperately tried to secure relief on these issues which has been denied.  I tried to secure separation protection which has also been denied to this date.  Everything I have tried to do to secure relief (protection from abuse) has been denied by this Administration "and your authority."  This Administration has supported, facilitated, promoted, and endorsed all facets of harassment and hostilities against my person.  I cannot be held responsible or accountable for any actions on my part that might occur related to these situations being deliberately forced on my person.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Provide names to the Security Office. Give them something to work with and your accusations will be formally investigated as they have been previously.

Also - you most certainly will be held accountable for your actions.

R. Shannon Supt

7 Sep '00

Dep. Petruccio

cc: Major McGrady - have his latest  complaints investigated.
     Unit Mgr Chismar
     Adm Asst Dotter

☐ TO DC-14 CAR ONLY          ☒ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|
| | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                          :
                                         :
    Plaintiff                            :
                                         :
    v.                                   :    No. 1:01-CV-0904
                                         :    (Judge Kane)
T. E. MIKNICH, et al.,                   :
                                         :
    Defendants                           :

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendant Mooney's Responses to Plaintiff's Interrogatories, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Brett T. Culver, #DD-3483
SCI-Mahanoy
301 Morea Rd.
Frackville, PA  17932

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

**DATE: April 3, 2002**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRET T. CULVER,                      :
                                     :
    Plaintiff                  :
                                     :
    v.                         :        No. 1:01-CV-0904
                                     :        (Judge Kane)
COMMONWEALTH OF                      :        (Electronically Filed)
PENNSYLVANIA, et al.,                :


## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this

date I caused to be served the foregoing **Defendants' Response to Plaintiff's**

**Motion to Compel Discovery**, by depositing a copy of the same in the United

States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

**Brett T. Culver, #DD 3483**
**SCI-Mahanoy**
**301 Morea Rd.**
**Frackville, PA  17932**


                                        **s/Maryanne M. Lewis**
                                   **MARYANNE M. LEWIS**
                                   **DEPUTY ATTORNEY GENERAL**

**DATE:**      **September 29, 2003**