UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,                                       :
                                                       :
    Plaintiff                                         :   CIVIL NO. 1:CV-01-0904
                                                       :
v.                                                     :   (Judge Kane)
                                                       :
COMMONWEALTH OF                                        :
    PENNSYLVANIA, *et al.*,                            :
                                                       :
    Defendants                                        :

**ORDER**

    Brett Culver, an inmate at the State Correctional Institution-Mahanoy (SCI-Mahanoy) in Frackville, Pennsylvania, filed this civil rights action under 42 U.S.C. §1983. Pending before the Court are Plaintiff's motions for appointment of counsel (Doc. 77 and Doc. 89). The motions will be denied.

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 2002 WL 1369223 (3rd Cir.2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). In Tabron, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for

counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Plaintiff's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, the Plaintiff has demonstrated that he is capable of presenting comprehensible arguments. The Plaintiff has set forth his complaint in typewritten, understandable paragraphs, and he has set forth the general history and background of this action. Furthermore, this Court's liberal construction of *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own. Ultimately, this Court does not see any circumstances which would warrant appointment of counsel to this party.

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered

either sua sponte or upon a motion properly filed by the Plaintiff.

      AND NOW, THEREFORE, THIS 25th DAY OF NOVEMBER, 2003, IT IS HEREBY ORDERED THAT:

      Plaintiff's motions for appointment of counsel (Doc. 77 and Doc. 89) are **DENIED**. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Plaintiff.

        S/ Yvette Kane
        YVETTE KANE
        United States District Judge