IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT T. CULVER,<br>    Plaintiff | : CIVIL ACTION NO. 1:CV-01-0904<br>:<br>: |
| v. | : (Judge Kane)<br>: |
| COMMONWEALTH OF<br>    PENNSYLVANIA, et al.,<br>    Defendants | :<br>:<br>: |

**MEMORANDUM AND ORDER**

**I. Background**

Plaintiff, Brett T. Culver, an inmate at the State Correctional Institution-Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, commenced this action on May 23, 2001, with a pro se civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. In his complaint, Culver claims that: (1) Defendants have verbally abused and threatened Plaintiff, (2) Defendants improperly confiscated Plaintiff's legal documents and a newspaper, thereby impeding his access to the courts, and (3) Defendants have conspired to and have retaliated against Plaintiff by filing false misconducts. Plaintiff is requesting declaratory judgment, injunctive relief, compensatory and punitive damages, costs of suit, and such other relief deemed appropriate by the Court. (Doc. 1, p. 5). Presently before the Court are: (1) Plaintiff's "Amended Additional Defendants" (Doc. 83), construed as a motion for leave to file a third amended complaint, (2) Plaintiff's motions to compel discovery (Doc. 87 and Doc. 95), (3) Plaintiff's motion for judgment (Doc. 76), and (4) Defendants' motion for summary judgment (Doc. 72). The motions are ripe for determination.

**II. Discussion**

    **A. Plaintiff's Motion For Leave to File Third Amended Complaint**

Plaintiff initiated this action with a complaint filed on May 23, 2001. (Doc. 1). On May 31,

2001, Plaintiff filed an amended complaint (Doc. 11), followed by a second amended complaint (without leave of court) on July 2, 2001 (Doc. 13), and a clarification of the second amended complaint on July 3, 2001 (Doc. 14). Plaintiff has also supplemented the record with three affidavits (Docs. 20, 22, and 23) and an "unsworn declaration affidavit" (Doc. 37), prior to Defendants' answer filed on February 20, 2002 (Doc. 41). By order dated April 14, 2003 (Doc. 71), this Court directed the parties to file dispositive motions on or before May 9, 2003. Defendants filed a motion for summary judgment, with a statement of material facts and a brief in support, on May 9, 2003, and Plaintiff filed a motion for judgment (Doc. 76) on May 14, 2003. Subsequently, Plaintiff filed his motion to file a third amended complaint on July 15, 2003.

Federal Rule of Civil Procedure 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ." Fed. R. Civ. P. 15(a). Plaintiff previously filed his amendment of right, as provided in Rule 15, and he does not present written consent of Defendants to permit the present amendment. Consequently, he must obtain leave of court to add the referenced Defendants.

This court initially notes that Rule 15 has a liberal amendment policy, Foman v. Davis, 371 U.S. 178, 181-82 (1962), and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. Furthermore, it is well-recognized that liberal standards are to be applied to pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). Deciding whether to grant leave is within the discretion of the court, and should be exercised within the context of the liberal pleading rules. See Berkshire Fashions, Inc. v. The M.V. HAKUSAN II, 954 F.2d 874, 886 (3d. Cir. 1992). However, the Court also recognizes that the Rules "shall be construed and administered to secure the just,

speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1. Further, leave to amend may be denied if the amendment would be futile. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d. Cir. 1998)).

Plaintiff filed his latest amending document without leave of court or written consent of the adverse parties. The amendment comes more than 26 months after the initial complaint, nearly 17 months after the answer was filed, and two months after the dispositive motions deadline and the Defendants' summary judgment motion. Moreover, Plaintiff seeks to add new defendants to the action, and the allegations against these defendants relate to transactions and occurrences taking place in May and June of 2003. Federal Rule of Civil Procedure 20[1] would preclude the amendment, since it can not possibly arise from the transaction(s) or occurrence(s) giving rise to the prior complaints. Also, addition of the new defendants would not alter the analysis of Defendants' summary judgment motion set forth below. Finally, both parties have filed dispositive motions.[2] Accordingly, the court finds that it would be improper to grant Plaintiff leave to add the new

---

[1] Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:
> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

[2] Although Plaintiff filed a document titled "motion for judgment"(Doc. 76), the document is simply a reiteration of his prior complaints.

3

defendants to his complaint.

### B. Plaintiff's Motion to Compel Discovery Response

Plaintiff's two motions to compel discovery are also currently pending before this Court. Despite Culver's claim that Defendants have not provided answers, Defendants attached copies of their answers as exhibits to their brief in opposition to Plaintiff's motion to compel. (Doc. 94). Although Defendants objected to some of the interrogatories, they are permitted to do so under the rules.[3] Ultimately, the Plaintiff is filing his motion to compel more than 19 months after the answers were served, 6 months after dispositive motions were filed, and long after the close of discovery under Local Rule 26.4.[4] Consequently, Culver's motions will be denied as untimely.

### C. Dispositive Motions

In response to the Court's order of April 14, 2003 (Doc. 74), both parties filed dispositive motions. Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary

---

[3]Federal Rule of Civil Procedure 33(b)(1) provides in relevant part as follows:
> Each interrogatory shall be answered. . .unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

[4]Local Rule of Civil Procedure 26.4 provides in relevant part as follows:
> In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party.

In this context, "pleading" shall be limited to a complaint, answer, reply to counterclaim, answer to cross-claim, a third-party complaint, and a third-party answer. See Fed.R.Civ.P. 7(a).

4

judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Mraz v. County of Lehigh, 862 F. Supp. 1344 (E.D. Pa. 1994). With regard to materiality, "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). To preclude a summary judgment, there must be a "genuine" issue of the material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250 (citations omitted). The Supreme Court has ruled that Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp v. Catrett, 477 U.S. 317 (1986).

Rule 56 provides that, where a summary judgment motion is made and properly supported, the adverse party must show by affidavits, pleadings, deposition, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of the movant's case that a reasonable jury could find in the non-movant's favor. Celotex, 477 U.S. at 322-23. When addressing a summary judgment motion, our inquiry focuses on "whether the evidence presents a sufficient disagreement to

require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

In order to state a viable § 1983 claim, it is well-settled that a Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a "person" acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). In his second amended complaint (Doc. 13), Culver claims that (1) Defendants have verbally abused and threatened Plaintiff, (2) Defendants improperly confiscated Plaintiff's legal documents and a newspaper, thereby impeding his access to the courts, and (3) Defendants have conspired to, and have retaliated against Plaintiff with false misconducts.

### 1. Verbal Abuse/Threats

In regard to the harassment and threats of harm, Plaintiff does not identify any recognized right, privilege or immunity secured by statute or the Constitution, which has been abridged by the Defendants' conduct. Allegations of threatening language of a custodial officer, even if true, do not amount to constitutional violations. Fisher v. Woodson, 373 F.Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("[v]erbal abuse is not a civil rights violation. . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986); Collins v. Cundy, 603 F.2d 825, 826 (10th Cir. 1979) (allegations that sheriff laughed at and threatened prisoner did not establish constitutional violation). The use of words alone, even violent, generally cannot constitute an actionable assault. Maclean v. Secor, 876 F.Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment. . .is insufficient to state a constitutional deprivation.").

6

A constitutional claim based upon verbal threats will fail, regardless of whether it is based upon the Eighth Amendment's cruel and unusual language, see Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J. 1993), or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Therefore, Plaintiff's verbal harassment claim is unfounded.

### 2. Access to the Courts

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). However, "Bounds did not create an abstract, freestanding right to a law library or legal assistance . . . ." Lewis v. Casey, 518 U.S. 343, 351-54 (1996). In order to set forth a viable claim under Bounds, an inmate plaintiff must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. Further, the right does not extend to every imaginable area of legal endeavor. "Bounds does not guarantee inmates to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (emphasis in original) Lewis, 518 U.S. at 355.

A plaintiff must also allege an actual injury to his litigation efforts. This pleading requirement of actual injury stems "from the doctrine of standing, a constitutional principle that

7

prevents courts of law from undertaking tasks assigned to the political branches . . . it is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm . . . ." Lewis, 518 U.S. at 349. "The right that Bounds acknowledged was the (already well-established) right of access to the courts. . . . Although [Bounds] affirmed a court order requiring North Carolina to make law library facilities available to inmates, it stressed that it was merely 'one constitutionally acceptable method to assure meaningful access to the courts . . . .'" Lewis, 518 U.S., at 350-51. Plaintiff has made no allegation of actual injury of litigation efforts, nor has he produced any evidence of such injury. Consequently, this claim may not proceed.

### 3. Retaliation Claim

Plaintiff also alleges that Defendants have conspired to, and have actually filed false misconducts against Plaintiff, as retaliation for some unspecified act(s). Culver apparently believes[5] and alleges that Defendants are retaliating for his challenge (set forth in this action) related to the confiscation of Plaintiff's papers. To prove that the Defendants violated the Plaintiff's Constitutional rights, by retaliating against him for pursuing the claims in this action, the Plaintiff must demonstrate: (1) that he engaged in constitutionally protected conduct; (2) an adverse action was taken by the Defendants, sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citing Rauser

---

[5]Although Culver does not specify the object of the alleged retaliation in his complaint, in his deposition transcript (Doc. 72, Exh. "F", pp. 61-62) the following exchange takes place:

Q: And the retaliation. . .is because you filed the initial grievance in April?

A: Yes, I do believe because a violation was committed against me by a staff member and I filed it on record. Yes, I do believe that.

8

v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)); see also Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

Assuming Plaintiff was engaged in constitutionally protected activity, he has not provided any evidence that the Defendants' actions would deter a "person of ordinary firmness." In regard to deterrence, the Plaintiff has not been swayed in his pursuit of the grievance in this case by the allegedly retaliatory misconducts. To the contrary, the latest misconducts were the subject of Plaintiff's most recent attempt to amend his complaint. If anything, the misconducts seem to have fortified his resolve to seek retribution against these Defendants.

Furthermore, even if the Plaintiff had established deterrence, he not presented evidence of the requisite nexus to sustain his retaliation claim. Proximity in time of the protected activity and the retaliation, alone, may establish an inference of nexus, but "the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997). Here, the misconduct precedes the grievance that Plaintiff claims precipitated the alleged retaliation. On April 13, 2000, Defendant Miknich confiscated Culver's papers, and on that day, Miknich issued misconduct number A 159045 against Culver. (Doc. 72, Exh. A, ¶7). Although Culver claims that the misconduct was retaliation for Plaintiff's grievance challenging the confiscation,[6] that grievance was not initiated until the next day, when Culver filed his inmate request with Defendant Shannon. (Doc. 72, Exh. D, ¶7). The Court does not find the timing of these events will justify an inference of retaliation, but to the contrary, precludes such an inference. While the Third Circuit Court of Appeals has held that "timing plus other evidence may be an appropriate test where the temporal proximity is not so close

---

[6] See note 5, supra.

9

as to be 'unduly suggestive,'" Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000), the Plaintiff has provided nothing more than his conjecture and suspicions, which fall short of the standard of proof on this issue.

### III.   Conclusion

Culver has failed to produce evidence to support his claims of retaliation and denial of access to the courts and Culver's claims of verbal abuse and threats do not rise to the level of constitutional injury. Plaintiff has not pled the requisite elements to sustain a retaliation claim. Accordingly, the Defendants' motion for summary judgment will be granted.

**AND NOW, ACCORDINGLY, THIS 30th DAY OF DECEMBER, 2003, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Amended additional Defendants" (Doc. 83), construed as a motion to file a third amended complaint, is **DENIED**.

2. Plaintiff's motions to compel discovery (Docs. 87 and 95) are **DENIED**.

3. Plaintiff's motion for judgment (Doc. 76) is **DENIED**.

4. Defendants' motion for summary judgment (Doc. 72) is **GRANTED**.

5. The Clerk of Court is directed to close this case.

s/Yvette Kane
YVETTE KANE
United States District Judge